# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CASE NO. 25-51204-KMS |
| BIG LEVEL TRUCKING, INC. | CHAPTER 11 |
| DEBTOR. | |

### MOTION FOR AN ORDER GRANTING BMO BANK N.A. RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND BANKRUPTCY RULE 4001(a) OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

Secured Creditor BMO Bank N.A. ("Bank"), by and through its counsel, hereby respectfully moves (this "Motion") this Court for the entry of an order , pursuant to sections 105(a), 361, 362, and 363 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"): (i) granting Bank relief from the automatic stay to the extent applicable, to exercise its contractual rights under the Loan Agreements (as defined herein) and to recover the Collateral (as defined herein); or, in the alternative, (ii) compelling Big Level Trucking, Inc. ("Debtor") to make adequate protection payments pursuant to 11 U.S.C. §§ 361 and 363; and (iii) granting related relief.  In support hereof, Bank respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Mississippi, (this "Bankruptcy Court") has jurisdiction over this chapter 11 case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

3.      The statutory predicates for the relief requested are Sections 361, 362, and 363 of the "Bankruptcy Code" and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

A.      **General Background**

4.      On August 18, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in this Bankruptcy Court.

5.      The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      **The Loan Agreements**

6.      Debtor and Bank are parties to two (2) loan agreements loan agreements secured by certain collateral. These loans agreements (collectively, the "Loan Agreements") and each corresponding collateral (collectively, the "Collateral") is summarized in the below **Table 1**. A complete description of these loan agreements is provided further herein.

**Table 1**

| Loan No. | Collateral |
|---|---|
| 5001 | • Two (2) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR0PN499635 and 3HSDZAPR9PN499634 |
| 7001 | • Three (3) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR2PN499636, 3HSDZAPR4PN499637, and 3HSDZAPR7PN499633 |

i.      Loan Agreement No. 5001

7.      On March 16, 2022, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 5001, as amended and modified ("Loan Agreement No. 5001"), pursuant to which Bank agreed to finance Borrower's purchase of two (2) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR0PN499635 and 3HSDZAPR9PN499634

(collectively, the "Loan Agreement No. 5001 Collateral"), in exchange for a total payment of $341,573.60, payable in 48 monthly installments of $5,068.20 each, commencing on May 9, 2022, and one balloon payment in the amount of $98,300.00 due on May 9, 2026. A copy of Loan Agreement No. 5001 is attached hereto as **Exhibit A**.

8. As consideration for entering into the Loan Agreement No. 5001, Debtor granted Bank a security interest in and to the Loan Agreement No. 5001 Collateral as more fully described in the Loan Agreement No. 5001. *See* Loan Agreement No. 5001 § 2.1. As evidenced by the Notice of Recorded Lien, a true and correct copy of which is attached hereto as **Exhibit B**, Bank perfected its security interest in and to the Loan Agreement No. 5001 Collateral by recording its lien with the State of Mississippi.

ii. Loan Agreement No. 7001

9. On March 10, 2022, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 7001, as amended and modified ("Loan Agreement No. 7001"), pursuant to which Bank agreed to finance Borrower's purchase of three (3) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR2PN499636, 3HSDZAPR4PN499637, and 3HSDZAPR7PN499633 (collectively, the "Loan Agreement No. 7001 Collateral"), in exchange for a total payment of $510,741.36, payable in 48 monthly installments of $7,568.57 each, commencing on April 10, 2022 and one balloon payment in the amount of $147,450.00 due on April 10, 2026. A copy of Loan Agreement No. 7001 is attached hereto as **Exhibit C**.

10. As consideration for entering into the Loan Agreement No. 7001, Debtor granted Bank a security interest in and to the Loan Agreement No. 7001 Collateral as more fully described in the Loan Agreement No. 7001. *See* Loan Agreement No. 7001 § 2.1. As evidenced by the Notice of Recorded Lien, a true and correct copy of which is attached hereto as **Exhibit D**, Bank perfected

its security interest in and to the Loan Agreement No. 7001 Collateral by recording its lien with the State of Mississippi.

### C. The Payment Defaults

11. Pursuant to the Loan Agreements, an Event of Default shall occur if, *inter alia*, borrower fails to pay when due any amount owed to Bank under the Loan Agreements. *See* Loan Agreements § 5.1.

12. Debtor is in default under the terms and conditions of the Loan Agreements, having failed to make payments when due thereunder.

13. As of August 28, 2025, Debtor is obligated to Bank under the Loan Agreements in an aggregate amount not less than $406,310.67 representing all principal, interest, taxes due and late fees as follows:

   a. the balance due under the Loan Agreement No. 5001 was not less than $164,304.52 as of the Petition Date; and

   b. the balance due under the Loan Agreement No. 7001 was not less than $239,306.99 as of the Petition Date.

14. Upon information and belief an based on Blackbook valuation, and for purposes of this Motion only, the aggregate value of the Collateral $227,500.00. Accordingly, Bank is undersecured. Notwithstanding the foregoing, Bank is informed and believes that the Debtor continues to use and operate the Collateral, thereby further depreciating the same and reducing its value.

15. The factual allegations of this Motion are supported by the Affidavit of Bryan J. Schrepel, Litigation Analyst with Bank, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "E".

### RELIEF REQUESTED

16. By this Motion, Bank respectfully requests entry of an order modifying the automatic stay to permit Bank to exercise its contractual rights under the Loan Agreements including the right to the recovery, resale and / or re-lease of its Collateral as provided under applicable non-bankruptcy law.

**BASIS FOR RELIEF**

17. Section 362 of the Bankruptcy Code provides, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Here, the Court can lift the automatic stay for the Collateral under both the (d)(1) standard (i.e., cause) and the (d)(2) standard (i.e., no equity), as outlined further below:

18. The Debtor bears the burden of establishing that the interests of movants in the Collateral are adequately protected. 11 U.S.C. § 362(g).

19. Bank is entitled to relief from the stay because Bank's lack of adequate protection constitutes "cause", the Debtor lacks equity in the Collateral, and the Collateral is not necessary to an effective reorganization,

    **A.** **Bank is Entitled to Relief from the Automatic Stay under Section 362(d)(1) of the Bankruptcy Code Because Bank is Not Adequately Protected.**

20.     Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Bankruptcy Code. Instead, courts are free to determine cause on a case-by-case basis. *Reitnauer v. Texas Exotic Feline Foundation, Inc. (In re Reitnauer)*, 152 F.3d 341, 343 n.4 (5th Cir. 1998) ("Because §362 does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause existed on a case-by-case basis.). Whether cause exists is committed to the discretion of the bankruptcy court, and the bankruptcy court's decision will be overturned only with an abuse of discretion. *Reitnauer*, 152 F.3d at 344. "Cause" under § 362(d)(1) is a broad concept that is intentionally flexible so that courts may respond to different or unique circumstances. *See Mooney v. Gill*, 310 B.R. 543, 546-47 (N.D. Tex. 2002) (*quoting In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)). Where adequate protection is lacking, the Court "shall" grant relief from the automatic stay. *See* 11 U.S.C. § 362(d); *In re Phoenix Steel Corp.*, 39 B.R. 218, 234 (D. Del. 1984) (granting relief from the automatic stay where there was "no equity cushion or offer of substitute collateral in sufficient amount"). An entity is entitled to adequate protection—as a matter of right, not merely a matter of discretion— when the entity is stayed from enforcing its interests in property. *See* 11 U.S.C. §§ 361, 362(d); 3 COLLIER ON BANKRUPTCY ¶ 361.02 (16th ed. rev. 2011) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340, at 343-44 (1977)).

21.     "In a motion for relief from stay, the burden of proof is on the debtor as to all issues except the issue of the debtor's equity in the property." *See In re Jordan*, 2021 Bankr. LEXIS 3143, *4 (Bankr. N.D. Miss. Nov. 15, 2021).

22. Here, the Debtor failed to perform its obligations under the Loan Agreements by failing to make the required monthly payments. The Bank is not adequately protected because the Debtor is not paying its monthly payments to Bank or any other amounts constituting adequate protection. Failure to make any regular payments or any payments in general to Bank for use of the Collateral constitutes cause to lift the stay.

23. As of the Petition Date, the total amount due and owing to Bank under the Loan Agreements is an amount not less than $403,611.51, not including attorneys' fees, and costs of recovery of the Collateral. Accordingly, while Bank is entitled to adequate protection as a secured creditor, it has not received any such payments. As such, exists sufficient "cause" to grant Bank relief from stay.

**B.      Bank is Entitled to Relief from the Automatic Stay under Section 362(d)(2) of the Bankruptcy Code (i) the Debtor Lacks Equity in the Collateral and (ii) the Collateral Is Not Necessary to the Debtor's Reorganization.**

24. Stay relief is also appropriate under Section 362(d)(2) of the Bankruptcy Code. "For relief to be granted under section 362(d)(2), a debtor must both (i) lack equity in the property, and (ii) the property must not be necessary to an effective reorganization." *Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 69-70 (Bankr. S.D.N.Y. 2010). As the Supreme Court explained in *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd*., 484 U.S. 365 (1988), once lack of equity is shown, the debtor must establish that the collateral is necessary for an effective reorganization by proving "the property is essential for an effective reorganization that is in prospect." *Id*. at 375–376 (emphasis deleted). In this case, both prongs of Section 362(d)(2) are satisfied.

25. *First*, the Debtor lacks sufficient equity in the Collateral to secure its obligations to Bank. In this context, "equity" means the difference between the value of the property and the total amount of claims that it secures. *Matter of Cardell*, 88 B.R. 627, 631 (Bankr. D. N.J. 1988);

7

*see also In re Elmira Litho, Inc.*, 174 B.R. 892, 901 (Bankr. S.D.N.Y. 1994) (*citing In re Diplomat Electronics*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988)). As established, *infra*, the Debtor lacks equity in the Collateral, and the value of the Collateral is less than the amount owed to Bank under the Loan Agreements.

26. *Second*, the Debtor has not demonstrated that its continued possession of the Collateral is necessary for an effective reorganization. Once a debtor's lack of equity in the property has been demonstrated, "the debtor [must] establish that the [property] is necessary for an effective reorganization, not by showing that, absent retention of the property, no reorganization is possible, but by proving 'the property is essential for an effective reorganization that is in prospect.'" *United Sav. Ass'n of Texas v. Timbers*, 484 U.S. at 375–76 (addressing the requirements for proof under 11 U.S.C. § 362 (d)(2)) (emphasis in original). The Debtor cannot satisfy its burden of establishing that the Collateral is necessary for an effective reorganization. 11 U.S.C. § 362(g).

27. In addition, the value of the Collateral continues to decrease in value over time and with the Debtor's use of the same. Bank has suffered, and will continue to suffer, damages from Debtor's past and continued unlawful detention of the Collateral, particularly in the absence of any adequate protection payments. Bank must be relieved from the automatic stay to repossess and liquidate the Collateral to afford Bank the opportunity to minimize its losses and claims against Debtor.

28. For the foregoing reasons, this Court should grant Bank's request for stay relief in order to exercise its contractual rights under the Lease Agreements and to recover the Collateral.

C. **Alternatively, Bank is Entitled to Adequate Protection of Bank's Interest in the Collateral.**

29. Section 363(e) of the Bankruptcy Code requires that adequate protection be given to an entity whose interest in the property is affected by the debtor's use, sale, or lease of property. *See* 11 U.S.C. 363(e). Section 361 of the Bankruptcy Code further provides that when adequate protection of an interest in property is required under Section 363, such adequate protection may be provided by way of cash payments, the granting of additional liens, or such other relief as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property. *See* 11 U.S.C. 363(e).

30. As of the date of this Motion, the Debtor has not claimed that the Collateral is necessary for an effective reorganization or that it intends to retain possession and use of the Collateral. However, in the event that the Debtor makes such a claim to this Court, Bank respectfully requests that this Court, pursuant to Section 363(e) of the Bankruptcy Code, should condition the continued use of the Collateral on Debtor's payment of adequate protection to Bank to protect Bank's interest in the Collateral. Such adequate assurance protection should include, at a minimum: cure of all post-petition defaults; and continuing periodic cash payments to Bank thereafter.

31. Bank will suffer irreparable damage if such relief is not granted immediately, as (i) Debtor has no equity in the Collateral, (ii) the interest of Bank is not adequately protected, and (iii) the Collateral continues to depreciate.

## **RESERVATION OF RIGHTS**

32. Bank hereby reserves the right to file such other and further motions or requests for relief as may be appropriate, and does not waive and hereby expressly preserves all other rights, remedies, and arguments afforded to Bank by the Bankruptcy Code, the Bankruptcy Rules, the Federal Rules, and any applicable state and Federal statutes.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3)

33. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).

34. Because Bank is not adequately protected and the Collateral is not necessary for the Debtor's reorganization, Bank would be prejudiced by a delay in the effectiveness of an order granting stay relief. Accordingly, Bank respectfully requests that this Court grant such relief effective immediately.

## NOTICE

35. Contemporaneously with the filing of the Motion, the Bank shall serve: (a) counsel for the Debtor; (b) the Debtor; (c) the Office of the U.S. Trustee for the Southern District of Mississippi; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. Bank submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

36. No Prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, for the foregoing reasons, Bank respectfully requests that the Court enter an order: (i) granting relief from the automatic stay in order to permit Bank to recover possession of and liquidate the Collateral and otherwise exercise its state law rights with respect to the same; (ii) in the alternative, if relief from stay is not granted, ordering Debtor to cure all post-petition defaults and to pay Bank regular payments for post-possession possession and the use of the Collateral, and to continue making monthly installment payments to Bank until such time as the

Collateral may be surrendered to Bank; and (iii) grant any other relief as may be appropriate under the circumstances.

Dated: January 16, 2026.

        Respectfully submitted,

**BMO Bank National Association**

By: */s/ Justin B. Little*
Justin B. Little (Miss. Bar No. 102038)
REYNOLDS, REYNOLDS & LITTLE, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403
Telephone: (205) 391-0073
Fax: (205) 391-0911
jlittle@rrllaw.com

*Counsel for BMO Bank National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2026, true and correct copies of the foregoing were served to those parties who receive electronic notices in this case through the Court's CM/ECF filing system and/or via United States First Class Mail, postage prepaid, as noted below.

Craig M. Geno
Christopher J. Steiskal, Sr.
Law Offices of Graig M. Geno, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157

Via ECF Service

Abigail M. Marbury
Office of the U.S. Trustee
501 E Court Street
Suite 6-430
Jackson, MS 39201

Via ECF Service

BMSS
1020 Highland Colony P
Suite 600
Ridgeland, MS 39157

Via United States Mail

Love's Travel Stops
P.O. Box 842568
Kansas City, MO 64184

Via United States Mail

McLeod Software
Dept 3500
P.O. Box 830539
Birmingham, AL 35283

Via United States Mail

Mississippi Trucking A
825 North President Street
Jackson, MS 39202

Via United States Mail

Rocking C Truck and Trailer
P.O. Box 3327
Gulfport, MS 39505

Via United States Mail

Southern Tire Mart
Dept 143
P.O. Box 1000
Memphis, TN 38148-0143

Via United States Mail

Waring Oil Company
P.O. Box 66
Vicksburg, MS 39181
Via United States Mail

Yokohama Tire Corporation
P.O. Box 677087
Dallas, TX 75267

Via United States Mail

Bank of Wiggins
c/o Paul S. Murphy
Butler Snow
1300 25th Avenue, Suite 400
Gulfport, MS 39501

Via ECF Service

Corporate Billing, a Division of SouthState Bank
c./o Eric T. Ray
Holland & Knight LLP
1901 Sixth Avenue, Suite 1400
Birmingham, AL 35203

Via ECF Service

H&P Leasing, Inc.
c/o John S. Simpson
Simpson Law Firm PA
P.O. Box 2058
Madison, MS 39130-2058

Via ECF Service

M&T Equipment Finance Corporation fka People' Untied Equipment Finance Corp.
c/o Andrew R. Wilson
Bennett Lotterhos Sulser & Wilson, P.A.
P.O. Box 1488
Madison, MS 39130

Via ECF Service

Mitsubishi HC Capital America, Inc.
c/o Chad J. Hammons
Jones Walker LLP
3100 North State Street, Suite 300
P.O.Box 427
Jackson, MX 39205

Via ECF Service

PNC Equipment Finance
c/o Winston K. Lee
Burr Forman LLP
190 E. Capitol Street, Suite M-100
Jackson, MS 39201

Via ECF Service

Trustmark Bank
c/o Erin A. McManus
Jim F. Spencer, Jr.
Watkins & Eager PLLC
P.O. Bix 650
Jaskson, MS 39205

Via ECF Service

Big Level Trucking, Inc.
P.O. Box 306
Wiggins, MS 39577

Via United States Mail

90 Degree Benefits
P.O. Box 1688
Pascagoula, MS 39568

Via United States Mail

Fleet Charge Select
3500 Lacey Road Suite 220
Downers Grove, IL 60515

Via United States Mail

Lytx, Inc.
P.O. Box 849972
Los Angeles, CA 90084-9972

Via United States Mail

Michelin North America
P.O. Box 100860
Atlanta, GA 30384

Via United States Mail

Rand McNally
1100 W Idaho Street
Suite 330
Boise, ID 83702

Via United States Mail

Southern States Utilities
P.O. Box 6257
Jackson, MS 39288

Via United States Mail

Systems 9 Business Sol
237 Tidewater Road
Hattiesburg, MS 39402

Via United States Mail

Waters International Trucking
P.O. Box 831
Hattiesburg, MS 39403

Via United States Mail

Banc of American Leasing &
Capital, LLC
c/o Alan L. Smith
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
100 Vision Drive, Suite 400
Jackson, MS 39211

Via ECF Service

Bank of Wiggins
109 W Pine Avenue
Wiggins, MS 39577

Via United States Mail

Crossroads Equipment Lease and
Finance
c/o James K. Haney
Wong Fleming, P.C.
400 Alexander Park Drive, Suite 201
Princeton, NJ 08540

Via ECF Service

Keesler Federal Credit Union
c/o Robert A. Byrd
Byrd & Wiser
145 Main Street
P.O. Box 1939
Biloxi, MS 39533

Via ECF Service

Midland States Bank
c/o Robert A. Byrd
Byrd & Wiser
145 Main Street
P.O. Box 1939
Biloxi, MS 39533

Via ECF Service

Navistar Leasing Company
c/o Alan L. Smith
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
100 Vision Drive, Suite 400
Jackson, MS 39211

Via ECF Service

Renasant Bank
c/o Joe D. Stevens
Wise Carter Child and Caraway, PA
601 Adeline Street
P.O. Box 990
Hattiesburg, MS 39403

Via ECF Service

Extra Lease LLC
c/o Thomas M. Hewitt
Butler Snow LLP
1020 Highland Colony Parkway
Ridgeland, MS 39157

Via ECF Service

                                                                                     */s/ Justin B. Little*_____
                                                                                      Justin B. Little