# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                          CASE NO. 25-51204-KMS

BIG LEVEL TRUCKING, INC.                        CHAPTER 11

DEBTOR.

**AFFIDAVIT IN SUPPORT OF MOTION FOR AN ORDER GRANTING BMO BANK N.A. RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND BANKRUPTCY RULE 4001(a) OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

I, Bryan J. Schrepel, being first duly sworn, deposes and says:

1. I am employed with BMO Bank N.A. ("Bank") as a Litigation Analyst.

2. Except where indicated otherwise, the facts set forth in this Affidavit are based upon my own personal knowledge or upon Bank's books and records. If called upon, I could and would testify to the facts set forth herein.

3. I am authorized to make this declaration on behalf of Bank.

4. As a duty of my employment with Bank, I have charge of accounts maintained with respect to Big Level Trucking, Inc. ("Debtor"). I certify that all recording or tracking of payments and other transactions relating to the above referenced accounts were made at or near the time of the occurrence by a person with knowledge of the transaction, and that all records relating to these accounts referenced herein were kept in the ordinary course of Bank's business and as a regular practice of Bank.

### Documents and Exhibits

5. I certify that the following documents were made at or near the time in which they are so dated, by persons with personal knowledge of those documents. It is the business duty of all employees of Bank who sign documents on behalf of Bank to ensure that those documents are

1

signed by the appropriate counter-party and then promptly digitized into Bank's computer system by an employee of Bank with personal knowledge of these matters. I certify, therefore, that Bank has maintained the following documents as part of the ordinary course of its business and kept them in the court of regularly conducted activities and as a regular practice:

    a. Loan and Security Agreement, dated March 16, 2022, ending in 5001 as amended and modified ("Loan Agreement No. 5001"), pursuant to which Bank agreed to finance Borrower's purchase of two (2) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR0PN499635 and 3HSDZAPR9PN499634 (collectively, the " Loan Agreement No. 5001 Collateral"), in exchange for a total payment of $341,573.60, payable in 48 monthly installments of $5,068.20 each, commencing on May 9, 2022, and one balloon payment in the amount of $98,300.00 due on May 9, 2026. A copy of Loan Agreement No. 5001 is attached hereto as **Exhibit A**.

    b. Notice of Recorded Lien filed with the State of Mississippi perfecting Bank's security interest in and to the Loan Agreement No. 5001. A copy of the Notice of Recorded Lien is attached hereto as **Exhibit B**.

    c. Loan and Security Agreement, dated March 10, 2022, ending in 7001, as amended and modified ("Loan Agreement No. 7001"), pursuant to which Bank agreed to finance Borrower's purchase of three (3) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR2PN499636, 3HSDZAPR4PN499637, and 3HSDZAPR7PN499633 (collectively, the "Loan Agreement No. 7001 Collateral"), in exchange for a total payment of $510,741.36, payable in 48 monthly installments of $7,568.57 each, commencing on April 10, 2022 and one balloon payment in the amount of $147,450.00 due on April 10, 2026. A copy of Loan Agreement No. 7001 is attached hereto as **Exhibit C**.

    d. Notice of Recorded Lien filed with the State of Mississippi perfecting Bank's security interest in and to the Loan Agreement No. 7001. A true and correct copy of the Notice of Recorded Lien is attached hereto as **Exhibit D**.

## Debtor's Default under the Loan Agreements

6. Bank maintains, in the ordinary course of its business, electronic records for all of its accounts. These computerized accounts are originally created at or around the time in which a particular deal is finalized. As part of Bank's regular business activities, an employee of Bank, with the business duty to do so accurately, either with personal knowledge of the terms of the loan

or lease or through information transmitted by such a person, enters the key terms and conditions into the Bank's computer system. Electronic accounts for the Debtor were set-up by Bank pursuant to its regular business practice. I certify, therefore, that Debtor's electronic accounts were created in the ordinary course of Bank's business and as a regular activity and that the information in that account was entered at or near the time the Loan Agreement No. 5001 and Loan Agreement No. 7001 (collectively, the "Loan Agreements") were entered into, by a person or persons with personal knowledge of the Loan Agreements or through information transmitted by such a person.

7. Bank also maintains electronic records of bills issued for each account and payments made on each account. Bank maintains these payment records in the ordinary course of its business and as a regular practice. I certify that each entry on Debtor's electronic accounts was made wither automatically by Bank's computer system or by an employee of Bank, at or near the time the occurrence of the event prompting the entry of data into Bank's system occurred and was entered by, or from information transmitted by a person with personal knowledge of that event. I further certify that each and every such entry was made as part of the ordinary course of Bank's business and kept in the course of regularly conducted activity and as a regular practice of Bank.

8. According to the books and records of Bank, the Debtor is in default under the terms and conditions of the Loan Agreements due to their failure to make payments when due thereunder.

9. Pursuant to the Loan Agreements, an Event of Default shall occur if, *inter alia*, borrower fails to pay when due any amount owed to Bank under the Loan Agreements. *See* Loan Agreements § 5.1.

10. Debtor is in default under the terms and conditions of the Loan Agreements, having failed to make payments when due thereunder.

3

11. As of August 28, 2025, Debtor is obligated to Bank under the Loan Agreements in an aggregate amount not less than $403,611.51 representing all principal, interest, taxes due and late fees as follows:

    a. the balance due under the Loan Agreement No. 5001 was not less than $164,304.52 as of the Petition Date; and

    b. the balance due under the Loan Agreement No. 7001 was not less than $239,306.99 as of the Petition Date.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Bryan J. Schrepel
Litigation Specialist
BMO Bank N.A.

Sworn and subscribed before me this 17th day of November, 2025, by Bryan J. Schrepel, as a Litigation Specialist with BMO Bank N.A. and on its behalf, who (X) is personally known to me or (__) has produced _____ as identification.

_____
Notary Public, State of Texas
Printed Name: Maria Zwolski
Commission No.: 126426161
My commission expires: 05/20/2028

MARIA J. ZWOLSKI
My Notary ID # 126426161
Expires May 20, 2028