

SO ORDERED,

Judge Katharine M. Samson
United States Bankruptcy Judge
Date Signed: January 20, 2026

The Order of the Court is set forth below. The docket reflects the date entered.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Big Level Trucking, Inc, Debtor                    Case No. 25-51204-KMS
                                                            CHAPTER 11

## AGREED ORDER ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(Dkt. #304)

THIS MATTER came before the Court on the Agreed Motion for Relief from the Automatic Stay (the "Motion") filed by creditor Aloysius Davis, seeking authority to continue prosecution of a personal-injury action pending in the State Court of Fulton County, Georgia, solely to pursue available liability insurance coverage. The Debtor, Big Level Trucking, Inc., consents to the relief requested.

The Court finds that cause exists under 11 U.S.C. § 362(d)(1) to modify the stay for the limited purpose described herein.

IT IS THEREFORE ORDERED that the Motion is hereby GRANTED.

The automatic stay of 11 U.S.C. § 362(a) shall remain in full force and effect, and Movant shall take no action in the Georgia Action until April 15, 2026. Effective April 15, 2026, the stay is modified solely to permit Movant to resume prosecuting Davis v. Big Level Trucking, Inc., Arch Insurance Company, et al., Civil Action No. 24EV000916, for the exclusive purpose of pursuing available liability insurance coverage, including any endorsement or rider, including any MCS-90, or any bond or surety bond, including discovery, motions, hearings, and trial necessary to establish liability and recover against insurance.

Movant may pursue recovery only from applicable liability insurance, including any endorsement or rider, including any MCS-90, or any bond or surety bond, and may not execute

on, levy against, garnish, or otherwise collect any judgment from the Debtor or from property of the estate. This limitation remains fully in effect both before and after April 15, 2026.

Notwithstanding Paragraph 3, if this bankruptcy case is dismissed, the automatic stay terminates pursuant to 11 U.S.C. § 362(c)(2)(B), and Movant shall be permitted to pursue all claims and collection rights against the Debtor as allowed under non-bankruptcy law.

The Debtor shall remain a nominal defendant in the Georgia Action to the extent required by applicable state law or by the terms of any insurance policy.

Nothing in this Order determines the extent of insurance coverage, or the applicability of any endorsement, rider, MCS90, or any bond or surety bond, or precludes any insurer from asserting policy defenses.

The Court retains jurisdiction to interpret and enforce this Order.

#END OF ORDER#

| | |
|---|---|
| AGREED BY: | AGREED BY: |
| /s/ Thomas C. Rollins, Jr. | /s/Craig M. Geno |
| Thomas C. Rollins, Jr. (MS Bar No. 103469) | Craig M. Geno (MSB 4793) |
| The Rollins Law Firm | Law Offices of Craig M. Geno, PLLC |
| P.O. Box 13767 | 601 Renaissance Way, Suite A |
| Jackson, MS 39236 | Ridgeland, MS 39157 |
| 601-500-5533 | 601-427-0048 |
| Counsel for Movant | Counsel for Debtor |