UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   BIG LEVEL TRUCKING, INC.                           CHAPTER 11

    DEBTOR(S)                                    CASE NO. 25-51204-KMS

---

**DEBTOR'S ANSWER AND RESPONSE TO MOTION FOR AN ORDER GRANTING BMO BANK N.A. RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND BANKRUPTCY RULE 4001(a) OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

---

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor" or "Big Level"), by and through undersigned counsel, and files this its *Answer and Response to Motion for an Order Granting BMO Bank N.A. Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a) or, in the Alternative, for Adequate Protection* (the "Motion") **[DK #312]**, and answering the Motion paragraph by paragraph, Debtor answers and alleges as follows, to-wit:

## JURISDICTION AND VENUE

1. Admitted.
2. Admitted.
3. Admitted.

## BACKGROUND

**A.   General Background**

4. Admitted.
5. Admitted.

**B.   The Loan Agreements**

6. Debtor admits that the Loan Agreements speak for themselves.

i. <u>Loan Agreement No. 5001</u>

7. Debtor admits that BMO's Exhibit A speaks for itself.

8. Debtor admits that BMO's Exhibit B speaks for itself.

ii. <u>Loan Agreement No. 7001</u>

9. Debtor admits that BMO's Exhibit C speaks for itself.

10. Debtor admits that BMO's Exhibit D speaks for itself. Debtor affirmatively asserts that BMO's Exhibit D only includes a certificate of title for the truck with VIN 9633.

C. **The Payment Defaults**

11. Admitted, for purposes of this Motion.

12. Admitted.

13. Debtor denies the allegations, inferences and conclusions contained in Paragraph 13 of the Motion based on lack of knowledge, information, and belief.

14. Debtor admits, for purposes of the Motion, that BMO is undersecured, but denies the allegations, inferences and conclusions contained in Paragraph 14 of the Motion based on lack of knowledge, information, and belief. The "Blackbook" valuation ignores economic reality and is grossly overstated.

15. Debtor admits that BMO's Exhibit E speaks for itself. Debtor denies the allegations, inferences, and conclusions contained in the Affidavit of Bryan J. Schrepel.

**RELIEF REQUESTED**

16. Debtor denies the allegations, inferences, conclusions and requests contained in Paragraph 16 of the Motion.

**BASIS FOR RELIEF**

17. Debtor admits that the citation from the Bankruptcy Code speaks for itself.

18. Debtor admits that the citation from the Bankruptcy Code speaks for itself.

19. Debtor denies the allegations, inferences and conclusions contained in Paragraph 19 of the Motion. Debtor affirmatively asserts that the trucks are absolutely necessary for an effective reorganization.

A. **Bank is Entitled to Relief from the Automatic Stay under Section 362(d)(1) of the Bankruptcy Code Because Bank is Not Adequately Protected**.

20. Debtor admits that the noted authority speaks for itself.

21. Debtor admits that the noted authority speaks for itself.

22. Debtor denies the allegations, inferences and conclusions contained in Paragraph 22 of the Motion. Debtor affirmatively asserts that the Court has not yet entered any order allowing the Debtor to make post-petition payments to BMO.

23. Debtor denies the allegations, inferences and conclusions contained in Paragraph 23 of the Motion.

B. **Bank is Entitled to Relief from the Automatic Stay under Section 362(d)(2) of the Bankruptcy Code (I) the Debtor Lacks Equity in the Collateral and (ii) the Collateral is Not Necessary to the Debtor's Reorganization.**

24. Debtor admits that the noted authority speaks for itself.

25. Debtor admits that the noted authority speaks for itself. Debtor denies all allegations, inferences and conclusions contained in Paragraph 25 of the Motion.

26. Debtor admits that the noted authority speaks for itself. Debtor denies all allegations, inferences and conclusions contained in Paragraph 26 of the Motion. Debtor again affirmatively asserts that the trucks are absolutely necessary for an effective reorganization.

27. Debtor denies the allegations, inferences and conclusions contained in Paragraph 27 of the Motion. Debtor affirmatively asserts that the due to its nature, the Collateral does continue to depreciate, but it is being well maintained and insured.

28. Debtor denies the allegations, inferences and conclusions contained in Paragraph 28 of the Motion.

**B.  Alternatively, Bank is Entitled to Adequate Protection of Bank's Interest in the Collateral.**

29. Debtor admits that the noted authority speaks for itself.

30. Debtor denies the allegations, inferences and conclusions contained in Paragraph 30 of the Motion. Debtor again affirmatively asserts that the trucks are absolutely necessary for an effective reorganization. BMO is only entitled to such actual depreciation it proves its collateral is experiencing.

31. Debtor denies the allegations, inferences and conclusions contained in Paragraph 31 of the Motion.

**RESERVATION OF RIGHTS**

32. Debtor denies the allegations, inferences and conclusions contained in Paragraph 32 of the Motion.

**WAIVER OF BANKRUPTCY RULE 4001(a)(3)**

33. Debtor denies the allegations, inferences and conclusions contained in Paragraph 33 of the Motion.

34. Debtor denies the allegations, inferences and conclusions contained in Paragraph 34 of the Motion.

### NOTICE

35. Admitted.

### NO PRIOR REQUEST

36. Admitted.

### Last Unnumbered Paragraph

Debtor denies the allegations, inferences, and conclusions contained in last unnumbered "WHEREFORE" paragraph of the Motion. Debtor affirmatively asserts that BMO is not entitled to any relief in the premises.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing on this matter, this Honorable Court will enter its order dismissing the Motion with prejudice. Debtor also prays for all general relief.

THIS, the 10th day of February, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: /s/ Craig M. Geno
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Ans,Resp re BMO Mot to Lift Stay 1-20-26.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or United States Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

| | |
|---|---|
| Abigail M. Marbury, Esq. | Justin B. Little, Esq. |
| Assistant U.S. Trustee | jlittle@rrllaw.com |
| abigail.m.marbury@usdoj.gov | |

THIS, the 10th day of February, 2026.

_____
Craig M. Geno