___



**SO ORDERED,**

*[signature: Katharine M. Samson]*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 2, 2026**

The Order of the Court is set forth below. The docket reflects the date entered.
___

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | CHAPTER 11 |
| ) | |
| Big Level Trucking, Inc., ) | CASE NO. 25-51204 |
| ) | |
|     Debtor. ) | Judge Katharine M. Samson |
| _____ ) | |
| ) | |
| Webster Capital Finance ) | |
| a Division of Webster Bank N.A., ) | |
| ) | |
|     Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Big Level Trucking, Inc., ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

### AGREED ORDER BETWEEN DEBTOR AND WEBSTER CAPITAL FINANCE, A DIVISION OF WEBSTER BANK, N.A. RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY PROVIDING FOR ADEQUATE PROTECTION AND PLAN PAYMENTS [DKT. 232]

This matter came before the Court on the *Motion for Relief from the Automatic Stay* [Dkt. 232] filed by Secured creditor Webster Capital Finance, a Division of Webster Bank, N.A.

5624781

("Webster") and the Debtor's Answer and Response to Webster Capital Finance, A Division of Webster Bank N.A.'s Motion for Relief from the Automatic Stay [Dkt. 272] filed by debtor Big Level Trucking, Inc. ("Debtor"). The Debtor and Webster have entered into and agree to the terms of this Order and stipulate as follows:

1.  This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362 and 28 U.S.C. §§ 157(a) and 1334(b) and Fed. R. Bankr. P. 4001 and 9014. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.  On August 18, 2025, ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 25-51204.

3.  On or about April 10, 2019, Debtor entered into Security Agreement No. 2579 and Promissory Note (as amended from time to time, the "2579 Security Agreement"). Pursuant to the 2579 Security Agreement, the Debtor granted a security interest in three (3) 2020 International Model LT635 6x4 trucks, vehicle identification numbers 3HSDZAPRXLN320625, 3HSDZAPR4LN437617 and 3HSDZAPR4LN437620. Webster's security interest in and lien on the 2579 Collateral was perfected by having its interest noted on the Certificates of Title for the vehicles and by filing with the Mississippi Secretary of State a UCC Financing Statement, a UCC Financing Statement Assignment and a UCC Continuation Statement.

4.  On or about April 19, 2019, Debtor entered into Security Agreement No. 2602 and Promissory Note (as amended from time to time, the "2602 Security Agreement"). Pursuant to the 2602 Security Agreement, the Debtor granted a security interest in two (2) International Model LT625 6x4 trucks, vehicle identification numbers 3HSDZAPR8LN065151 and 3HSDZAPRXLN065152. Webster's security interest in and lien on the 2602 Collateral was perfected by having its interest noted on the Certificates of Title for the vehicles and by filing with

the Mississippi Secretary of State a UCC Financing Statement, a UCC Financing Statement Assignment and a UCC Continuation Statement.

5. On or about May 6, 2019, Debtor entered into Security Agreement No. 2606 and Promissory Note (as amended from time to time, the "2606 Security Agreement" and together with the 2579 Security Agreement and 2602 Security Agreement, collectively, the "Original Security Agreements"). Pursuant to the 2606 Security Agreement, the Debtor granted a security interest in one (1) 2020 International Model LT625 6x4 trucks, vehicle identification numbers 3HSDZAPR1LN809124. Webster's security interest in and lien on the 2606 Collateral was perfected by having its interest noted on the Certificates of Title for the vehicles and by filing with the Mississippi Secretary of State a UCC Financing Statement, a UCC Financing Statement Assignment and a UCC Continuation Statement.

6. On or about December 1, 2023, Webster and Debtor entered into an Amendment and Restatement of Loan Agreement (as amended from time to time, the "Amended Security Agreements") to amend and restate the Original Security Agreements.

7. On or about August 8, 2024, Webster and Debtor entered into an Amendment and Restatement of Loan Agreement (as amended from time to time, the "Amended 2602 Loan Agreement") to amend and restate Security Agreement 2602.

8. On or about September 6, 2024, Webster and Debtor entered into an Amendment and Restatement of Loan Agreement (as amended from time to time, the "Amended 2606 Loan Agreement") to amend and restate Security Agreement 2606.

9. On or about August 8, 2024, Webster and Debtor entered into an Amendment and Restatement of Loan Agreement (as amended from time to time, the "Amended 2579 Loan Agreement" and together with Amended 2602 Loan Agreement, and Amended 2606 Loan Agreement, collectively, the "Loan Agreements") to amend and restate Security Agreement 2579.

10. Pursuant to Section 8 of the Master Loan Agreement, to secure the full and timely payment and performance of the obligations therein, Debtor granted to [Webster] "a security interest in all machinery and equipment covered by any other lease, security agreement or

3

conditional sales contract (collectively the "Contracts") between the Debtor and [Webster] whether such Contracts are now in existence or may hereafter come into existence; and (ii) provides [Webster] with Collateral Security as defined and as provided for in the Collateral Rider, if any attached hereto. Debtor hereby assigns to [Webster] all of its right, title and interest in and to any surplus money to which Debtor may be entitled upon a sale of machinery or equipment covered by the Contracts."

11. Pursuant to Section 7 of the Master Loan Agreement, Upon the occurrence of any Event of Default, [Webster] may, "declare the Loan and all other obligations then owing by the Debtor to [Webster] immediately due and payable…enter any premises where the Collateral or any part thereof may be situated and to disassemble and/or remove and/or to render same unusable and to sell or dispose of such Collateral at one or more public or private sales, [Webster] may require Debtor to assemble the Collateral and make it available to [Webster] at a place to be designated by [Webster] which is reasonably convenient to both parties."

12. Debtor failed to make all payments when due under the Loan Agreements, constituting an event of default pursuant to Section 7 of the Master Loan Agreement.

13. Webster has performed all its obligations and conditions precedent to enforce the Loan Agreements.

14. Webster is the legal and rightful owner of the Loan Agreements and has not assigned or transferred its rights in the same.

15. As of the Petition Date, Webster is owed $161,879.56.

16. On or about December 16, 2025, Webster filed a Motion for Relief from Stay (Doc. No. 232).

17. On or about January 6, 2026, Debtor filed an Answer to Motion for Relief from Stay (Doc. No. 272).

18. On or about February 11, 2026, the Court entered a Minute Entry relating to Webster's Motion for Relief from Stay to submit an Agreed Order on, or by February 26, 2026 (Doc. No. 368).

19. To avoid litigation regarding appropriate adequate protection or relief from the automatic stay and the costs of pursuing such litigation, and to allow for the continued operation of the Debtor's business and use of the Collateral subject to the agreements and terms of this Order, Webster and the Debtor have stipulated and agreed to the terms and conditions set forth herein.

IT IS, THEREFORE, STIPULATED, ORDERED AND ADJUDGED AS FOLLOWS:

A. The Motion is granted as set forth herein.

B. Webster is entitled to adequate protection payment and plan payments as follows:

   i. The Debtor agrees that it shall pay Webster the principal amount of $153,131.82 (the "Agreed Payment") as both adequate protection and as a plan payments with interest accruing at the rate of six and one-half percent (6.5%). All adequate protection and Agreed Payments shall be made by wire transfer to Webster.

   ii. The Agreed Payment shall be fully amortized over a five (5) year period and at the conclusion of the forty-eight-month period, Debtor shall make one balloon payment to fully payoff the remaining balance on the Agreed Payment.

   iii. Debtor shall make interest only payments in connection with the Agreed Payment for the first four (4) months in the amount of $829.46 per month (the "Interest Only Period") commencing on March 1, 2026 and making subsequent interest-only payments on April 1, 2026, May 1, 2026, and June 1, 2026.

   iv. At the conclusion of the Interest Only Period, Debtor shall make forty-seven (47) monthly payments of principal and interest in the amount of $2,996.20 per month. On the forty-eighth (48th) month, the Debtor shall pay the remaining balloon balance to Webster.

C. The Debtor shall keep the Equipment insured according to the levels specified in the Master Loan Agreement and properly maintain the condition of all Equipment.

D. In the event that the Debtor defaults in making any payment under the Agreed Payment or keeping the Equipment insured, Webster shall provide notice to the Debtor by emailing

5

Debtor's counsel at cmgeno@cmgenolaw.com and the Debtor shall have five (5) days to cure such default. Absent such cure, Webster may at its option declare a default, and immediately file an Affidavit of Noncompliance with this Order on the docket, at which point Debtor will surrender the Equipment immediately and Webster shall be entitled to proceed with its state court remedies against the Equipment as permitted pursuant to the Loan Documents, at law or in equity, without further order of this Court.

E. Notwithstanding Bankruptcy Rule 4001(a)(3), this Order shall be immediately effective and enforceable upon entry.

F. This Court shall retain jurisdiction to enforce the provisions of this Order, to the extent allowed by law.

### END OF ORDER ###

AGREED TO BY:

| | |
|---|---|
| */s/ Evan S. Goldstein* | */s/ Craig M. Geno* |
| Evan S. Goldstein, Esq. | Craig M. Geno, Esq. |
| Updike, Kelly & Spellacy, P.C. | Law Offices of Craig M. Geno, PLLC |
| 225 Asylum Street, 20th Floor | 601 Renaissance Way, Suite A |
| Hartford, CT 06103 | Ridgeland, MS 39157 |
| Tel.: (860) 548-2609 | Tel.: (601) 427-0048 |
| egoldstein@uks.com | cmgeno@cmgenolaw.com |

Brunini, Grantham, Grower & Hewes, PLLC
James A. McCullough II (MSB No. 10175)  *Counsel to Big Level Trucking, Inc.*
jmccullough@brunini.com
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Telecopier: (601) 960-6902

*Counsel to Webster Capital Finance,*
*a Division of Webster Bank, N.A.*