IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | BIG LEVEL TRUCKING, INC. | CHAPTER 11 |
| | DEBTOR(S) | CASE NO. 25-51204-KMS |

**DEBTOR'S ANSWER AND RESPONSE TO BANK OF WIGGINS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY OF THE ESTATE OR ALTERNATIVELY FOR ADEQUATE PROTECTION**

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor" or "Big Level"), by and through undersigned counsel, and files this its *Answer and Response to Bank of Wiggins' Motion for Relief from the Automatic Stay and Abandonment of Property of the Estate or Alternatively for Adequate Protection* (the "Motion") **[DK #340]**, and answering the Motion paragraph by paragraph, Debtor answers and alleges as follows, to-wit:

### JURISDICTION AND VENUE

1. Admitted.

### BACKGROUND

2. Admitted.

3. Debtor admits that Bank of Wiggins' Exhibit "A" speaks for itself.

4. Debtor admits that the Commercial Security Agreement ("CSA") speaks for itself.

5. Debtor admits that Bank of Wiggins' Exhibit "B" and Exhibit "C" speak for themselves.

6. Admitted. Debtor affirmatively asserts that no Court order has been entered to date authorizing the Debtor to make post-petition payments to Bank of Wiggins.

7. Debtor admits there is an outstanding balance due on the Note. Debtor denies all other allegations, inferences, and conclusions of Paragraph 7 of the Motion. Debtor affirmatively asserts that whether or not Bank of Wiggins is entitled to interest and attorney's fees is at issue, depending upon the value of the collateral involved, which is in dispute.

8. Admitted.

9. Debtor denies the allegations, inferences, and conclusions of Paragraph 9 of the Motion based upon a lack of knowledge, information, and belief.

10. Debtor admits that the noted authority from the Bankruptcy Code speaks for itself.

11. Debtor admits that the noted case authority speaks for itself.

12. Debtor denies the allegations, inferences, and conclusions of Paragraph 12 of the Motion.

13. Admitted.

14. Debtor denies the allegations, inferences, and conclusions of Paragraph 14 of the Motion.

15. Debtor denies the allegations, inferences, and conclusions contained in Paragraph 15 of the Motion. Debtor affirmatively asserts that to the extent Bank of Wiggins is an oversecured creditor, its equity cushion, combined with insurance and adequate maintenance, is adequate protection. To the extent Bank of Wiggins is an undersecured creditor, which it appears that the Bank is, it is entitled to actual diminution/depreciation of its collateral.

16. Debtor denies the allegations, inferences, and conclusions of Paragraph 16 of the Motion.

17. Debtor denies the allegations, inferences, and conclusions of Paragraph 17 of the Motion.

### Last Unnumbered Paragraph

Debtor denies that Bank of Wiggins is entitled to the relief demanded within the "WHEREFORE" Paragraph of the Motion. Debtor affirmatively asserts that Bank of Wiggins is not entitled to any relief in the premises.

### AFFIRMATIVE RESPONSES

1. The Motion fails to set forth Bank of Wiggins' values of the alleged Collateral in violation of the applicable rules. Accordingly, the Motion should be denied.

2. Debtor is in a position to begin adequate protection payments based upon actual depreciation or diminution in value, which will be an issue at the hearing on the Motion.

3. The collateral of Bank of Wiggins is absolutely necessary for an effective reorganization. However, used trucks and trailers have suffered a loss in value due to the crisis that exists in the trucking industry. As a result, the values that the Debtor placed upon its assets in its Schedules have turned out to be overly optimistic on the high side.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing on this matter, this Honorable Court will enter its order dismissing the Motion with prejudice. Debtor also prays for all general relief.

[THIS AREA INTENTIONALLY LEFT BLANK.]

THIS, the \_\_\_4th\_\_\_ day of March, 2026.

        Respectfully submitted,

        BIG LEVEL TRUCKING, INC.

        By Its Attorneys,

        LAW OFFICES OF GENO AND STEISKAL, PLLC

        By: /s/ Craig M. Geno
            Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Ans,Resp re BOW Mot to Lift Stay 2-26-26.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or electronic filing transmission, a true and correct copy of the above and foregoing pleading to the following:

Abigail M. Marbury, Esq.        Paul S. Murphy, Esq.
Assistant U.S. Trustee           paul.murphy@butlersnow.com
abigail.m.marbury@usdoj.gov

THIS, the \_\_\_4th\_\_\_ day of March, 2026.

        /s/ Craig M. Geno
        Craig M. Geno