IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | BIG LEVEL TRUCKING, INC. | CHAPTER 11 |
| | DEBTOR(S) | CASE NO. 25-51204-KMS |

## DEBTOR'S ANSWER AND RESPONSE TO MIDLAND STATES BANK'S FOR RELIEF FROM THE AUTOMATIC STAY, IN THE ALTERNATIVE, ADEQUATE PROTECTION, FOR ABANDONMENT AND FOR ALTERNATIVE RELIEF

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor" or "Big Level"), by and through undersigned counsel, and files this its *Answer and Response to Midland States Bank's Motion for Relief from Automatic Stay, in the Alternative, Adequate Protection, for Abandonment and for Alternative Relief* (the "Motion") **[DK #338]**, and answering the Motion paragraph by paragraph, Debtor answers and alleges as follows, to-wit:

I. Admitted.

II. Admitted.

III. Debtor admits that Midland States Bank's ("Midland") Exhibit "A" speaks for itself. Debtor admits that the loan documents contained in Midland's Proof of Claim No. 21 as part of Exhibit A speak for themselves. Debtor denies the allegations, inferences, and conclusions of Proof of Claim No. 21 and reserves all rights to object to the proof of claim at the appropriate time.

IV. Debtor admits that it is in default on the Loan. Debtor denies all other allegations, inferences, and conclusions of Paragraph IV of the Motion. Debtor affirmatively asserts that whether or not Midland is entitled to interest and attorney's fees is at issue, depending upon the value of the collateral involved, which is in dispute.

V.  Debtor admits that Midland's Exhibit "B" speaks for itself. Debtor admits that the loan documents contained in Midland's Proof of Claim No. 22 as part of Exhibit B speak for themselves. Debtor denies the allegations, inferences, and conclusions of Proof of Claim No. 22 and reserves all rights to object to the proof of claim at the appropriate time.

VI. Debtor admits that it is in default on the Loan. Debtor denies all other allegations, inferences, and conclusions of Paragraph VI of the Motion. Debtor affirmatively asserts that whether or not Midland is entitled to interest and attorney's fees is at issue, depending upon the value of the collateral involved, which is in dispute.

VII. Debtor admits that Midland's Exhibit "C" speaks for itself. Debtor admits that the loan documents contained in Midland's Proof of Claim No. 20 as part of Exhibit C speak for themselves. Debtor denies the allegations, inferences, and conclusions of Proof of Claim No. 20 and reserves all rights to object to the proof of claim at the appropriate time.

VIII. Debtor admits that it is in default on the Loan. Debtor denies all other allegations, inferences, and conclusions of Paragraph VII of the Motion. Debtor affirmatively asserts that whether or not Midland is entitled to interest and attorney's fees is at issue, depending upon the value of the collateral involved, which is in dispute.

IX. Debtor denies the allegations, inferences, and conclusions of Paragraph IX of the Motion.

X.  Debtor denies the allegations, inferences, and conclusions contained in Paragraph X of the Motion. Debtor affirmatively asserts that to the extent Midland is an oversecured creditor, its equity cushion, combined with insurance and adequate maintenance, is adequate protection. To the extent Midland is an undersecured creditor, it is entitled to actual diminution/depreciation of its collateral.

**Last Unnumbered Paragraph**

Debtor denies that Midland is entitled to the relief demanded within the "WHEREFORE" Paragraph of the Motion. Debtor affirmatively asserts that Midland is not entitled to any relief in the premises.

**AFFIRMATIVE RESPONSES**

1. The Motion fails to set forth the value of the alleged Collateral in violation of the applicable rules. Accordingly, the Motion should be denied.

2. Debtor is in a position to begin adequate protection payments based upon actual depreciation or diminution in value, which will be an issue at the hearing on the Motion.

3. The collateral of Midland is absolutely necessary for an effective reorganization.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing on this matter, this Honorable Court will enter its order dismissing the Motion with prejudice. Debtor also prays for all general relief.

THIS, the 4th day of March, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Ans,Resp re Midland States Bank Mot to Lift Stay 2-26-26.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or electronic filing transmission, a true and correct copy of the above and foregoing pleading to the following:

Abigail M. Marbury, Esq.
Assistant U.S. Trustee
abigail.m.marbury@usdoj.gov

Robert A. Byrd, Esq.
rab@byrdwiser.com

THIS, the 4th day of March, 2026.

Craig M. Geno