IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | BIG LEVEL TRUCKING, INC. | CHAPTER 11 |
| | DEBTOR(S) | CASE NO. 25-51204-KMS |

## OMNIBUS MOTION FOR AUTHORITY TO ASSUME SERVICE AGREEMENTS

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor" or "Movant"), by and through undersigned counsel, and files this its *Omnibus Motion for Authority to Assume Service Agreements* (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

1. On August 18, 2025, the Debtor filed with this Court its original Petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 365, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

3. The Debtor is the obligor under certain service agreements (the "Agreements") for services by various entities. The Agreements are more fully described as follows:

| VENDOR NAME/ADDRESS | DESCRIPTION OF SERVICES |
|---|---|
| Memorial Hospital at Gulfport<br>4500 Thirteenth Street<br>Gulfport, MS 39501-2515 | Pre-Employment Hair Follicle Testing Services |
| Systems 9 Business Solutions<br>237 Tidewater Road<br>Hattiesburg, MS 39402 | Rental of Computers/Servers |

4. The Agreements are assets of significant importance to the Debtor and its estate.

5. The Debtor's mandate is to exercise its business judgment and ask the Court, pursuant to the Motion, for an order authorizing the assumption by the Debtor of the Agreements.

6. Upon information and belief, the Debtor asserts that there are no monetary or non-monetary defaults with respect to the Agreements that need to be cured prior to the assumption. However, if Debtor is mistaken in this belief, its vendors must respond to the Motion, setting forth the alleged defaults and the alleged cures (monetary and non-monetary), so as to allow the Debtor to either negotiate and resolve the alleged cures, or in the event of a failure of negotiations to reach a resolution, then the Debtor and the vendors can present those issues to the Court for resolution.

7. The Debtor asserts that assumption of the Agreements described above is in the best interest of the Debtor, all creditors and all parties-in-interest.

8. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that upon a hearing hereof, this Honorable Court will enter its order granting the Motion, authorizing and allowing the Debtor to assume the Agreements. The Debtor prays for general relief.

THIS, the 13th day of March, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
Craig M. Geno

-3-

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Assumption\Omnibus Mot to Assume Service Agreements 3-9-26.wpd

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Steven Usry, Esq.
Office of the United States Trustee
steven.usry@usdoj.gov

THIS, the 13th day of March, 2026.

_____
Craig M. Geno