## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      **BIG LEVEL TRUCKING, INC.**           **CHAPTER 11**

           **DEBTOR(S)**           **CASE NO. 25-51204-KMS**

---

# PLAN OF REORGANIZATION

---

Unless otherwise defined, the capitalized terms contained in this Plan of Reorganization (the "Plan") shall have the same meanings as described in the Disclosure Statement. All capitalized terms used in the Plan not defined herein or in the Disclosure Statement, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in the Plan, in the Disclosure Statement or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

## ARTICLE I
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

The Plan divides the Claims against and interests in the Debtor into various classes pursuant to Bankruptcy Code § 1122. Set forth below is a description of the general classes of Claims against and interests in the Debtor and their treatment under the Plan. A Claim or interest is classified in a particular class only to the extent that the Claim or interest qualifies within the description of the class and is classified in a different class to the extent that the Claim or interest qualifies within the description of that different class.

      **Class 1:**      **Administrative Claims**

      **Class 2**      **Priority Claims**

      **Class 3:**      **Secured Claims of Banc of America ("BOA")**

| | |
|---|---|
| **Class 4:** | **Secured Claims of Bank of Wiggins ("BOW")** |
| **Class 5:** | **Secured Claims of BMO Harris Bank, N.A. ("BMO")** |
| **Class 6:** | **Secured Claims of Corporate Billing, LLC ("CB")** |
| **Class 7:** | **Secured Claims of Crossroads Equipment Lease & Finance, LLC ("Crossroads")** |
| **Class 8:** | **Secured Claims of Flagstar/Great Atlantic Financial ("Flagstar")** |
| **Class 9:** | **Secured Claims of M&T Equipment Finance ("M&T")** |
| **Class 10:** | **Secured Claims of Midland States Bank ("Midland")** |
| **Class 11:** | **Secured Claims of Mitsubishi HC Capital ("Mitsubishi")** |
| **Class 12:** | **Secured Claims of Navistar Financial Corporation ("Navistar")** |
| **Class 13:** | **Secured Claims of Navistar Leasing Company ("Navistar Leasing")** |
| **Class 14:** | **Secured Claims of Navitas Credit Corporation ("Navitas")** |
| **Class 15:** | **Secured Claims of PNC Equipment Finance ("PNC")** |
| **Class 16:** | **Secured Claims of Renasant Bank ("Renasant")** |
| **Class 17:** | **Secured Claims Simmons Bank ("Simmons")** |
| **Class 18:** | **Secured Claims of Southern States Utility Trailer Sales, Inc. ("Southern States")** |
| **Class 19:** | **Secured Claims of Sumitomo Mitsui Finance and Leasing Co., Ltd. ("Sumitomo")** |
| **Class 20:** | **Secured Claims of Trustmark National Bank ("Trustmark")** |
| **Class 21:** | **Secured Claims of VFI Corporate Finance ("VFI")** |
| **Class 22:** | **Secured Claims of Webster Capital Finance ("Webster")** |
| **Class 23:** | **Secured Claims of Wells Fargo Equipment ("Wells Fargo")** |

**Class 24:**     **General Unsecured Creditors**

**Class 25:**     **Equity Security Interest**

## ARTICLE II
## TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article II shall be satisfied as follows:

**Class 1:**     **Administrative Claims**

This class consists of the administrative expenses and Claims of professionals and of the United States Trustee under § 503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code.  The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court.  The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court.  The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and Claims for fees will be paid as provided for in future Court orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this case is closed, converted or dismissed.

**Class 2:**     **Priority Claims**

Priority Claims will be paid within sixty (60) months from the Effective Date of the Plan, in equal monthly installments of principal and statutory interest so as to fully pay the priority Claims over the sixty (60) month amortization period.

**Class 3:**      **Secured Claims of Banc of America Leasing & Capital, LLC ("BOA")**

The Secured Claims of BOA have been resolved by the agreement between BOA and the Debtor resolving *BOA's Motion for Relief from the Automatic Stay* [DK #163]. An agreed order has not yet been entered by the Court.

The Debtor will pay the principal balance of $285,000 over sixty (60) months at 6% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments have already begun.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 4:**      **Secured Claims of Bank of Wiggins ("BOW")**

The Secured Claims of BOW are secured by multiple tractor trucks and trailers valued at a total of $1,086,500. The total amount of the BOW Claim is $1,524,298.

The value of the equipment is insufficient to fully secure the BOW Claim. BOW is a Partially Secured Creditor. The Debtor sets the value of the BOW collateral, and thus its Secured Claim, at $1,086,500. The Debtor will pay the principal balance of $1,086,500 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

However, Debtor retains, and is investigating, Claims against BOW as detailed in prior sections.

This Secured Claim is impaired.

**Class 5:        Secured Claims of BMO Harris Bank, N.A. ("BMO")**

The Secured Claims of BMO have been resolved by the agreement between BMO and the Debtor resolving *BMO's Motion for Relief from the Automatic Stay* [DK #312]. An agreed order has not yet been entered by the Court.

The Debtor will pay the principal balance of $250,000 over sixty (60) months at 5% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments have already begun.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 6:        Secured Claims of Corporate Billing, LLC ("CB")**

The Secured Claims of CB, secured by the Debtor's accounts receivables, have been resolved pursuant to the terms of the *Agreed Order on Final Motion to Continue Factoring and Financing Arrangement* [DK #81] entered by the Court on September 12, 2025. The factoring arrangement on the Debtor's accounts receivables continues without interruption.

**Class 7:**    **Secured Claims of Crossroads Equipment Lease & Finance, LLC ("Crossroads")**

The Secured Claims of Crossroads are resolved pursuant to the terms of the *Agreed Order on Crossroads' Motion for Relief from Stay to Recover Equipment* [**DK #329**] entered by the Court on January 27, 2026.

**Class 8:**    **Secured Claims of Flagstar/Great Atlantic Financial ("Flagstar")**

The Secured Claims of Flagstar are secured by three 2020 International tractor trucks valued at a total of $51,000.  The total amount of the Flagstar Claim is $67,732.12.

The value of the equipment is insufficient to fully secure the Flagstar Claim.  Flagstar is a Partially Secured Creditor.  The Debtor sets the value of the Flagstar collateral, and thus its Secured Claim, at $51,000.  The Debtor will pay the principal balance of $51,000 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest.  The Debtor will make interest-only payments for the first four months.  Starting in the fifth month, the Debtor will make full principal and interest monthly payments.  Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 9:**    **Secured Claims of M&T Equipment Finance ("M&T")**

The Secured Claims of M&T are resolved pursuant to the terms of the *Agreed Order Resolving M&T's Motion for Relief from the Automatic Stay and Abandonment of Property of the Estate or for Adequate Protection* [**DK #303**] entered by the Court on January 15, 2026.

**Class 10:      Secured Claims of Midland States Bank ("Midland")**

The Secured Claims of Midland are secured by multiple International tractor trucks valued at a total of $178,000. The total amount of the Midland Claim is $278,000.

The value of the equipment is insufficient to fully secure the Midland Claim. Midland is a Partially Secured Creditor. The Debtor sets the value of the Midland collateral, and thus its Secured Claim, at $178,000. The Debtor will pay the principal balance of $178,000 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 11:      Secured Claims of Mitsubishi HC Capital ("Mitsubishi")**

The Secured Claims of Mitsubishi have been resolved by the agreement between Mitsubishi and the Debtor resolving Mitsubishi *'s Motion for Relief from the Automatic Stay* **[DK #105]**. An agreed order has not yet been entered by the Court.

The Debtor will pay the principal balance of $70,000 over sixty (60) months at 6% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments have already begun.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 12:**      **Secured Claims of Navistar Financial Corporation ("Navistar")**

The Secured Claims of Navistar have been resolved by the agreement between Navistar and the Debtor resolving Navistar's *Motion for Relief from the Automatic Stay* **[DK #140]**. An agreed order has not yet been entered by the Court.

The Debtor will pay the principal balance of $273,000 over thirty-six (36) months at 7.5% interest in equal monthly installments of principal and interest. Payments will begin in March 2026.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 13:**      **Secured Claims of Navistar Leasing Company ("Navistar Leasing")**

The Secured Claims of Navistar Leasing have been resolved by the agreement between Navistar Leasing and the Debtor resolving Navistar Leasing's *Motion for Relief from the Automatic Stay* **[DK #140]**. An agreed order has not yet been entered by the Court.

The Debtor will pay the principal balance of $1,050,000 over sixty (60) months at 6% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments have already begun.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 14:**      **Secured Claims of Navitas Credit Corporation ("Navitas")**

The Secured Claims of Navitas are secured by three 2020 International tractor trucks valued at a total of $51,000. The total amount of the Navitas Claim is $17,618.37.

The value of the equipment is sufficient to fully secure the Navitas Claim. Navitas is a Fully Secured Creditor. The Debtor will pay the principal balance of $17,618.37 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 15:      Secured Claims of PNC Equipment Finance ("PNC")**

The Secured Claims of PNC are resolved pursuant to the terms of the *Agreed Order on PNC's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362* [DK #389]entered by the Court on March 2, 2026.

**Class 16:      Secured Claims of Renasant Bank ("Renasant")**

The Secured Claims of Renasant are secured by three 2020 International tractor trucks valued at a total of $142,500. The total amount of the Renasant Claim is $216,767.85.

The value of the equipment is insufficient to fully secure the Renasant Claim. Renasant is a Partially Secured Creditor. The Debtor sets the value of the Renasant collateral, and thus its Secured Claim, at $142,500. The Debtor will pay the principal balance of $142,500 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 17:      Secured Claims Simmons Bank ("Simmons")**

The Secured Claims of Simmons are secured by two 2020 International tractor trucks valued at a total of $70,000.  The total amount of the Simmons Claim is $30,243.42.

The value of the equipment is sufficient to fully secure the Simmons Claim.  Simmons is a Fully Secured Creditor.  The Debtor will pay the principal balance of $30,243.42 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest.  The Debtor will make interest-only payments for the first four months.  Starting in the fifth month, the Debtor will make full principal and interest monthly payments.  Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 18:      Secured Claims of Southern States Utility Trailer Sales, Inc. ("Southern States")**

The Secured Claims of Southern States are secured by fifteen 2024 utility trailers valued at a total of $354,636.60.  The total amount of the Southern States Claim is $544,994.26.

The value of the equipment is insufficient to fully secure the Southern States Claim.  Southern States is a Partially Secured Creditor.  The Debtor sets the value of the Southern States collateral, and thus its Secured Claim, at $354,636.60. The Debtor will pay the principal balance of $354,636.60 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest.  The Debtor will make interest-only payments for the first four months.  Starting in the fifth month, the Debtor will make full principal and interest monthly payments.  Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 19:      Secured Claims of Sumitomo Mitsui Finance and Leasing Co., Ltd. ("Sumitomo")**

The Secured Claims of Sumitomo are secured by three 2020 International tractor trucks valued at a total of $48,000. The total amount of the Sumitomo Claim is $13,458.27.

The value of the equipment is sufficient to fully secure the Sumitomo Claim. Sumitomo is a Fully Secured Creditor. The Debtor will pay the principal balance of $13,458.27 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest. The Debtor will make interest-only payments for the first four months. Starting in the fifth month, the Debtor will make full principal and interest monthly payments. Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 20:      Secured Claims of Trustmark National Bank ("Trustmark")**

The Secured Claims of Trustmark were resolved on an interim basis pursuant to the terms of the *Agreed Interim Order on Trustmark's Motion to Lift the Stay* **[DK #158]** regarding adequate protection entered by the Court on October 27, 2025. The Debtor has been making weekly payments to Trustmark.

The Secured Claims of Trustmark are secured by nine International tractor trucks valued at a total of $212,000. The total amount of the Trustmark Claim is $573,991.02.

The value of the equipment is insufficient to fully secure the Trustmark Claim.  Trustmark is a Partially Secured Creditor.   The Debtor sets the value of the Trustmark collateral, and thus its Secured Claim, at $212,000.  The Debtor will pay the principal balance of $212,000 over sixty (60) months, at 4.5% interest in equal monthly installments of principal and interest.  The Debtor will make interest-only payments for the first four months.  Starting in the fifth month, the Debtor will make full principal and interest monthly payments.  Payments will begin on the Effective Date.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 21:       Secured Claims of VFI Corporate Finance ("VFI")**

VFI has been paid (and overpaid) in full.  Debtor will seek return of the overpayment.

**Class 22:       Secured Claims of Webster Capital Finance ("Webster")**

The Secured Claims of Webster are resolved pursuant to the terms of the *Agreed Order on Webster's Motion for Relief from the Automatic Stay* [DK #390] entered by the Court on March 2, 2026.

**Class 23:       Secured Claims of Wells Fargo Equipment Finance, Inc. ("Wells Fargo")**

The Secured Claims of Wells Fargo have been resolved by the agreement between Wells Fargo and the Debtor resolving *Wells Fargo's Motion for Relief from the Automatic Stay* [DK #197]. An agreed order has not yet been entered by the Court.

The Debtor will pay the principal balance of $241,939.84 over sixty (60) months at 6% interest in equal monthly installments of principal and interest.  The Debtor will make interest-only payments for the first four months.  Starting in the fifth month, the Debtor will make full principal and interest monthly payments.  Payments have already begun.

The Debtor will continue to maintain insurance upon its tangible assets and will maintain the tangible assets in good working condition and order.

This Secured Claim is impaired.

**Class 24:      General Unsecured Creditors**

The Unsecured Creditors in this case will receive, for the three (3) year life of the Plan, the Debtor's net operating income which will be determined by Debtor's gross revenues, initially, and then deducted from that will be overhead/costs of operation; payment of Secured Claims; payment of administrative expense Claims; payment of priority Claims; and sufficient funds to "carry" the Debtor from the last month of each twelve (12) month post-confirmation period to the next month or two, with the resulting cash being the net operating income of the Debtor for years 1, 2, and 3 of the Plan.  Upon determination of the net operating income, the Debtor will make distributions to Unsecured Creditors on a Pro-Rata basis thirty (30) days after the anniversary dates of the Effective Date of the Plan in years 1, 2, and 3 of the post-confirmation reorganization.  The unsecured portion of all Allowed Secured Claims shall be included in Class 24.

**Class 25:      Equity Security Interest**

The equity security holders will maintain their equity security interests in the Debtor.  There is no "equity" or value in the Debtor after considering the debt of the enterprise greatly exceeds the value of its assets.

**ARTICLE III**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

On the Effective Date, each executory contract and/or unexpired lease in which the Debtor is a party that has not been assumed or rejected in conjunction with the Plan before the Confirmation with the approval of the Court shall be deemed rejected.  Claims created by the rejection of any

executory contract or unexpired lease must be served on counsel for the Debtor and filed with the Court no later than sixty (60) days after the entry of a Final Order confirming the Plan. Any Claim not filed within such time will be forever barred as against the estate and the Debtor. All such Claims arising from the rejection of an executory contract or unexpired lease shall be treated under the Plan as General, Unsecured Claims (Class 24) under the Plan. All insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation date.

The Debtor has simultaneously filed an *Omnibus Motion for Authority to Assume Truck/Trailer Leases* wherein the Debtor seeks approval of the Court to assume the truck and trailers leases with various vendors. The Debtor has also simultaneously filed an *Omnibus Motion for Authority to Assume Service Agreements* wherein the Debtor seeks approval of the Court to assume service agreements used in the Debtor's business operations. Additionally, the Debtor has simultaneously filed an *Omnibus Motion for Authority to Assume Lease/Owner Operator Agreements*, wherein the Debtor seeks approval of the Court to assume the lease/owner operator agreements with various drivers . Those motions are incorporated herein by reference. The hearings on the motions shall be set by the Court for a date certain in the future. Upon information and belief, the Debtor asserts that there are no monetary or non-monetary defaults with respect to the unexpired leases or executory contracts that need to be cured prior to the assumption.

## ARTICLE IV
## CLOSING DATE

The Closing Date shall be the Effective Date. The Effective Date of the Plan shall be ninety (90) days after the order confirming the Plan becomes final and non-appealable.

-14-

all holders of Claims or interests shall be precluded from asserting any Claim against the Debtor or its assets or properties.

The Debtor may close this Chapter 11 case prior to Creditor distributions, but the automatic stay under 11 U.S.C. § 362 shall remain in full force and effect until a final decree is entered closing this case.

## ARTICLE VIII
## REVESTING OF PROPERTY

Except as otherwise provided herein, property of the Debtor shall revest in the Reorganized Debtor on the Effective Date. Subsequent to the Effective Date, the Reorganized Debtor may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

## ARTICLE IX
## UNITED STATES TRUSTEE'S REPORTS AND FEES

The Debtor's proposed Plan, pursuant to 28 U.S.C. § 1930(a)(6), provides payment to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor during the Chapter 11 proceeding. In addition, the proposed Plan provides that the Debtor will make payments to the United States Trustee of the appropriate sums required for all disbursements made by the Debtor pursuant to the terms of the proposed Plan, including the payment of post-confirmation quarterly fees as required by 11 U.S.C. § 1129(a)(12) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall submit to the United States Trustee post-confirmation reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

**ARTICLE X**
**JURISDICTION OF THE COURT**

Subsequent to Confirmation of the Plan (including after the Chapter 11 case has been closed), the Court shall have jurisdiction of all matters arising out of, and related to, the Chapter 11 case and the Plan for, inter alia, the following purposes:

1.      To determine any and all proceedings involving the allowance, estimation, classification, priority, payment or subordination of Claims or interests;

2.      To determine and all applications or motion for allowances of compensation and reimbursement of necessary expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code;

3.      To determine any and all applications or motions pending on the Effective Date for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or which the Debtor may be liable, and to hear and determine, and if need be, liquidate, any and all Claims arising therefrom including the determination of defaults required to be cured;

4.      To determine any and all applications, adversary proceedings and contested or litigated matters initiated or asserted by the Debtor on or prior to the Effective Date and arising under Chapter 11 of the Bankruptcy Code or arising in or related to the Debtor's Chapter 11 case, including but not limited to, (i) causes of action and other Claims to avoid or recover transfers of the Debtor's property, including, but not limited to, all avoidance actions under Chapter 5 of the Bankruptcy Code and actions pursuant to applicable state law, (ii) all Claims and causes of action arising from pre-petition activities of the Debtor, whether arising by statute or common law, whether arising under the laws of the United States, Mississippi or any other state having jurisdiction over any Claim or

controversy, and whether maintainable against third parties, affiliates or insiders of the Debtor, and (iii) Claims, causes of action and other litigation that may adversely impact or affect the Debtor's property;

5.      To issue orders, determinations and rulings regarding the valuation, recovery, disposition, distribution, operation or use of the Debtor's property, including Claims to recover preferences, fraudulent conveyances or damages of any type from any person and whether initiated before or after the Effective Date;

6.      To consider any modifications to the Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation order;

7.      To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement, implementation or consummation of the Plan or any person's obligation and responsibilities thereunder;

8.      To consider and act on the compromise and settlement of any Claim against or Claim or cause of action by or against the Debtor;

9.      To issue such orders in aid of execution of the Plan to the extent authorized by 11 U.S.C. § 1142;

10.     To enter a final decree closing the Debtor's Chapter 11 case;

11.     To recover all assets of the Debtor, wherever located; and

12.     To determine matters concerning state, local and federal taxes in accordance with §§ 346, 546 and 1146 of the Bankruptcy Code.

THIS, the _____13ᵗʰ_____ day of March, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
        Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.conm
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Plan, DS\Plan - 2026-03-06.wpd

## **CERTIFICATE OF SERVICE**

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Steve Usry, Esq.
Office of the United States Trustee
steve.usry@usdoj.gov

THIS, the _____13ᵗʰ_____ day of March, 2026.

_____
        Craig M. Geno