

SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 24, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

**AGREED ORDER RESOLVING MOTION BY BANC OF AMERICA LEASING & CAPITAL, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND TO COMPEL ABANDONMENT OR, IN THE ALTERNATIVE, TO COMPEL ADEQUATE PROTECTION, AND FOR RELATED RELIEF**
*[Bkr. Dkt. #163]*

**HAVING COME** before the Court on the joint request of Banc of America Leasing & Capital, LLC ("<u>BAL</u>"), a creditor and party-in-interest in the above-captioned bankruptcy case, and Big Level Trucking, Inc. (the "<u>Debtor</u>" and together with BAL, collectively, the "<u>Parties</u>") for entry of this Agreed Order resolving all issues raised in the *Motion by Banc of America Leasing & Capital, LLC for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection, and for Related Relief* [Bkr. Dkt. #163] (the "<u>Motion</u>").  All capitalized terms used herein, but which are not otherwise defined herein, shall have the meanings ascribed thereto in the Motion.

4926-7531-1000v1
2812712-000168

1

The Court, having duly considered the Parties' joint request and being advised that the Parties agree and stipulate as to all facts, circumstances and relief set forth herein, orders as follows:

**IT IS ORDERED AND ADJUDGED** that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 1409, and that this matter is a core proceeding under 28 U.S.C. § 157(b)(2);

**IT IS FURTHER ORDERED AND ADJUDGED** that the statutory and procedural predicate for the relief sought herein are Sections 105(a), 362(d), 363(e), 554, 506(a), 1123 and 11293 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure, and various orders of reference;

**IT IS FURTHER ORDERED AND ADJUDGED** that notice and opportunity for hearing and objection regarding the Motion were adequate and appropriate under the circumstances;

**IT IS FURTHER ORDERED AND ADJUDGED** that the three (3) year-model 2024 Mack Anthem 64T sleeper tractor units at issue in the Motion (collectively, the "Equipment") shall be valued at $95,000.00 per unit;

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor shall pay to BAL the principal amount of $285,000.00 (the "Equipment Value") as both 11 U.S.C. §363(e) adequate protection and as 11 U.S.C. §1123 plan payments on account of BAL's interests in the Equipment, with interest accruing on the Equipment Value at the rate of 6.00% *per annum*, amortized over 60 months (collectively, the "Allowed Secured Claim"), with BAL deemed to hold an allowed secured claim pursuant to 11 U.S.C. §506(a)(1) in the amount of the Allowed Secured Claim;

4926-7531-1000v1
2812712-000168

2

**IT IS FURTHER ORDERED AND ADJUDGED** that beginning April 1, 2026, Debtor shall tender four (4) monthly payments of interest-only calculated on the Equipment Value amortized over 60 months with interest accruing at the rate of 6.00% *per annum*, each such payment being in the amount of $1,425.00, and with all such payments being tendered to BAL via electronic transfer of good and immediately available funds on the first day of each of the months of April, May, June and July, 2026 (collectively, the "Interest Payments");

**IT IS FURTHER ORDERED AND ADJUDGED** that beginning August 1, 2026, and continuing thereafter in each successive month for a period of 60 months, Debtor will make payments of interest and principal calculated on the Equipment Value amortized over 60 months with interest accruing at the rate of 6.00% *per annum*, each such payment being in the amount of $5,509.85, and with all such payments being tendered to BAL via electronic transfer of good and immediately available funds on the first day of each month (collectively, the "P&I Payments" and together with the Interest Payments, collectively, the "Payments");

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor shall at all times keep the Equipment insured according to the terms and conditions of the Financing Documents (the "Insurance Requirement"), and within five (5) business days of a written request by BAL being sent to Debtor's counsel via e-mail (at cmgeno@cmgenolaw.com and csteiskal@cmgenolaw.com and kcarter@cmgenolaw.com), Debtor shall provide BAL with documentation evidencing that the Equipment is currently insured in compliance with the Insurance Requirement;

**IT IS FURTHER ORDERED AND ADJUDGED** that in the event Debtor shall fail to timely render any performance due under this Order, including but not limited to failing to tender any Payment when due or failure to satisfy the Insurance Requirement (an "Event of Default"),

4926-7531-1000v1
2812712-000168

Debtor shall have five (5) working days from the date upon which BAL files a written notice of such Event of Default on the docket (a "Notice of Default") in which to cure the Event of Default. Contemporaneous with the filing of a Notice of Default, a copy of the Notice of Default shall be sent by BAL to Debtor's counsel via e-mail cmgeno@cmgenolaw.com and csteiskal@cmgenolaw.com and kcarter@cmgenolaw.com). Should Debtor fail to timely cure any Event of Default, the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be terminated and annulled as to all of the Equipment; the Equipment shall be abandoned to BAL pursuant to 11 U.S.C. §554(a); and with the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure being waived, and with such relief being effective immediately upon BAL's filing of written notice of same (a "Notice of Termination of Automatic Stay") on the docket, all without need for any further action by or order of the Court.

IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED that if more than three (3) cured Events of Default have occurred, then there shall be no further cure opportunity and the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be terminated and annulled as to all of the Equipment; the Equipment abandoned to BAL pursuant to 11 U.S.C. §554(a); and with the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure being waived, and with such relief being effective immediately upon BAL's filing of a Notice of Termination of Automatic Stay on the docket, all without need for any further action by or order of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that Debtor expressly authorizes BAL to use any and all GPS, telematics, or other electronic geolocational technologies (collectively, "Telematics") available to it to locate the Equipment at any time, with Debtor

4926-7531-1000v1
2812712-000168

4

agreeing that it will not interfere with the operation of any such Telematics system and that BAL may monitor or access the movable item utilization, location and/or other information or reports contained in and/or generated by any such Telematics system to ensure compliance with any agreement between BAL and Debtor, or for any other lawful purpose, and may use any Telematics system or information generated by the Telematics system in locating the Equipment for purposes of effecting any provision of this Order.

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that in the event Debtor fails to confirm a Plan pursuant to 11 U.S.C. §1129 or this case is dismissed or converted to a case under Chapter 7, then all post-Petition payments received by BAL shall be applied in accordance with the terms and conditions of the Financing Documents, and any alterations to the terms and conditions of the Financing Documents effected by this Order shall be null and void;

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that except as expressly modified by this Order, the terms and conditions of the Financing Documents shall remain unaltered and shall continue to govern and control the dealings among the Parties, and that nothing in this Order shall be construed as a waiver of any right BAL has against (or deemed a cure of any default by) Debtor or any Guarantor;

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that this Order is entered without prejudice to BAL's right to seek any other, additional and/or alternative relief to which it may be entitled at law or in equity.

**##END OF ORDER##**

4926-7531-1000v1
2812712-000168

**AGREED AND SUBMITTED BY:**

*/s/ Alan L. Smith*
Alan L. Smith, Esq. (MS Bar No.10345)
BAKER, DONELSON, BEARMAN,
         CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:     (601) 351-8932
E-Mail:          asmith@bakerdonelson.com

***ATTORNEYS FOR BANC OF AMERICA LEASING & CAPITAL, LLC***

*/s/ Christopher J. Steiskal, Sr.*
Christopher J. Steiskal, Sr., Esq. (MS Bar No. 101654)
GENO and STEISKAL, PLLC
601 Renaissance Way – Suite A
Ridgeland, Mississippi 39157
Telephone:     (601) 427-0048
Facsimile:      (601) 427-0050
E-Mail:          csteiskal@cmgenolaw.com

***ATTORNEYS FOR BIG LEVEL TRUCKING, INC.***

4926-7531-1000v1
2812712-000168