United States Bankruptcy Court

Southern District of Mississippi

In re:                                                                                    Case No. 25-51204-KMS

Big Level Trucking, Inc.                                                      Chapter 11

      Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0538-6 | User: mssbad | Page 1 of 3 |
| Date Rcvd: Mar 26, 2026 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol     Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 28, 2026:**

**Recip ID**           **Recipient Name and Address**
dbpos           + Big Level Trucking, Inc., P.O. Box 306, Wiggins, MS 39577-0306

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 28, 2026           Signature:         /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 26, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov |
| Alan Lee Smith | on behalf of Creditor Navistar Financial Corporation asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Banc of America Leasing & Capital  LLC asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Navistar Leasing Company asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Wells Fargo Equipment Finance  Inc. asmith@bakerdonelson.com |
| Andrew R. Wilson | on behalf of Creditor VanPete  LLC awilson@blswlaw.com, blsw@ecf.courtdrive.com |

District/off: 0538-6        User: mssbad        Page 2 of 3

Date Rcvd: Mar 26, 2026        Form ID: pdf012        Total Noticed: 1

Andrew R. Wilson
on behalf of Creditor M&T Equipment Finance Corporation awilson@blswlaw.com blsw@ecf.courtdrive.com

Chad J. Hammons
on behalf of Creditor Mitsubishi HC Capital America Inc. chammons@joneswalker.com, mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com

Christopher J. Steiskal, Sr.
on behalf of Debtor In Possession Big Level Trucking Inc. csteiskal@cmgenolaw.com, kcarter@cmgenolaw.com;csteiskal@ecf.courtdrive.com

Craig M. Geno
on behalf of Debtor In Possession Big Level Trucking Inc. cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Eric T. Ray
on behalf of Creditor Corporate Billing a Division of SouthState Bank etray@hklaw.com, brooke.freeman@wallerlaw.com

Erin McManus
on behalf of Creditor Trustmark Bank successor in interest to Trustmark National Bank emcmanus@watkinseager.com, scook@watkinseager.com

James Haney
on behalf of Creditor Crossroads Equipment Lease and Finance jhaney@wongfleming.com sfiorentino@wongfleming.com

James A. McCullough, II
on behalf of Creditor Webster Capital Finance jmccullough@brunini.com jfarmer@brunini.com

Jim F. Spencer, Jr.
on behalf of Creditor Trustmark Bank successor in interest to Trustmark National Bank jspencer@watkinseager.com, mryan@watkinseager.com

Joe Stevens
on behalf of Creditor Renasant Bank jds@wisecarter.com

John S. Simpson
on behalf of Creditor H&P Leasing Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

John S. Simpson
on behalf of Creditor Southern States Utility Trailer Sales Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

Justin B. Little
on behalf of Creditor BMO Bank N.A. jlittle@rrllaw.com, jbrown@rrllaw.com;rdavis@rrllaw.com

Matthew Ward McDade
on behalf of Creditor Chuck Evans mmcdade@balch.com bmarshall@balch.com;smhollis@balch.com;dguericke@balch.com;ehansen@balch.com

Paul S. Murphy
on behalf of Creditor Bank of Wiggins paul.murphy@butlersnow.com kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Paul S. Murphy
on behalf of Creditor XTRA Lease LLC paul.murphy@butlersnow.com kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Robert Alan Byrd
on behalf of Creditor Midland States Bank rab@byrdwiser.com wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Robert Alan Byrd
on behalf of Creditor Keesler Federal Credit Union rab@byrdwiser.com wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Scot P. Goldsholl
on behalf of Creditor Simmons Bank scot.goldsholl@padgettlawgroup.com MLGBK@ecf.courtdrive.com

Sylvie Derdeyn Robinson
on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov

Thomas Carl Rollins, Jr
on behalf of Creditor Aloysius Davis trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Thomas Jackson Schultz
on behalf of Creditor PNC Equipment Finance jschultz@burr.com cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com

Thomas M Hewitt
on behalf of Creditor XTRA Lease LLC thomas.hewitt@butlersnow.com ecf.notices@butlersnow.com,cindy.grantham@butlersnow.com

United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

District/off: 0538-6                     User: mssbad                              Page 3 of 3
Date Rcvd: Mar 26, 2026                  Form ID: pdf012                           Total Noticed: 1

William B. Palmertree
                    on behalf of Creditor Tennessee Farmers Mutual Insurance Companies bpalmertree@gpfirm.com
                    paralegal@gpfirm.com;reception@gpfirm.com

William P. Wessler
                    on behalf of Creditor Crossroads Equipment Lease and Finance william@wesslerbankruptcy.com

Winston Lee
                    on behalf of Creditor PNC Equipment Finance wlee@burr.com
                    sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

Winston Lee
                    on behalf of Creditor PNC Bank  National Association wlee@burr.com,
                    sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com


TOTAL: 34

_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 26, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

_____

**ORDER ON MOTION BY WELLS FARGO EQUIPMENT FINANCE, INC.**
**FOR RELIEF FROM THE AUTOMATIC STAY AND TO COMPEL ABANDONMENT**
**OR, IN THE ALTERNATIVE, TO COMPEL ADEQUATE PROTECTION**
*[Bkr. Dkt. #197]*
_____

**HAVING COME** before the Court for evidentiary hearing [Bkr. Dkt. #366] on February 10, 2026 (the "Hearing") on the *Motion by Wells Fargo Equipment Finance, Inc. for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection* [Bkr. Dkt. #197] (the "Motion") filed by Wells Fargo Loan Collateral Finance, Inc. ("Wells Fargo"), a creditor and party-in-interest in the above-captioned bankruptcy case, and the *Answer and Response to Motion by Wells Fargo Equpment Finance, Inc. for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection* [Bkr. Dkt. #268] (the "Response") thereto filed by Big Level Trucking, Inc. (the "Debtor") and the Court, having fully considered the Motion, the Response, and all evidence and argument of counsel received at the Hearing, hereby finds that the Motion should be denied with

4935-4886-5945v2
1039341-001047

1

respect to the request for immediate relief from the Section 362(a) automatic stay, but with such stay relief denial conditioned on Debtor's tender of Section 363(e) adequate protection payments to Wells Fargo.  It is, accordingly,

**ORDERED AND ADJUDGED** that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 1409, and that this matter is a core proceeding under 28 U.S.C. § 157(b)(2);

**IT IS FURTHER ORDERED AND ADJUDGED** that notice and hearing were adequate and appropriate under the circumstances;

**IT IS FURTHER ORDERED AND ADJUDGED** that all capitalized terms used herein, but which are not otherwise defined herein, shall have the meanings ascribed thereto in the Motion.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion is denied to the extent it seeks immediate relief from the Section 362(a) automatic stay, but with such denial conditioned on the Debtor making Section 363(e) adequate protection payments to Wells Fargo;

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to 11 U.S.C. §363(e), Wells Fargo is entitled to adequate protection of its interests in the Loan Collateral, in the form of periodic cash payments to compensate Wells Fargo for the ongoing decrease in value of the Loan Collateral;

**IT IS FURTHER ORDERED AND ADJUDGED** that by no later than Friday of each week beginning on March 6, 2025, Debtor shall tender the sum of $595.00 per week to Wells Fargo (the "Ongoing Adequate Protection"), with such Ongoing Adequate Protection representing Section 363(e) adequate protection in the amount of $35.00 per week for each of the seventeen (17) dry van trailers of Loan Collateral that are within Debtor's possession, custody

4935-4886-5945v2
1039341-001047

2

and control, and with Debtor's obligation to make Ongoing Adequate Protection payments to continue until further order of the Court;

**IT IS FURTHER ORDERED AND ADJUDGED** that by no later than March 25, 2026, Debtor shall tender the sum of $7,650.00 to Wells Fargo (the "Retroactive Adequate Protection" and together with the Ongoing Adequate Protection, collectively, the "Payments"), with such Retroactive Adequate Protection representing Section 363(e) adequate protection in the amount of $35.00 per week for each of the seventeen (17) dry van trailers of Loan Collateral that have been within Debtor's possession, custody and control from and after the date of Wells Fargo's filing of the Motion demanding adequate protection pursuant to Section 363(e) through the time of the Court's February 23, 2026 ruling on the Motion [Dkt. #386];

**IT IS FURTHER ORDERED AND ADJUDGED** that all Payments required by this Order shall be tendered to Wells Fargo via electronic transfer of good and immediately available funds, and that Wells Fargo shall apply all Payments received to reduce the outstanding principal balance of the Loan;

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor shall at all times keep the Loan Collateral insured according to the terms and conditions of the Financing Documents (the "Insurance Requirement"), and within five (5) business days of a written request by Wells Fargo being sent to Debtor's counsel via e-mail (at cmgeno@cmgenolaw.com and csteiskal@cmgenolaw.com and kcarter@cmgenolaw.com), Debtor shall provide Wells Fargo with documentation evidencing that the Loan Collateral is currently insured in compliance with the Insurance Requirement;

**IT IS FURTHER ORDERED AND ADJUDGED** that in the event Debtor shall fail to timely render any performance due under this Order, including but not limited to failing to tender

any Payment when due or failure to satisfy the Insurance Requirement (an "Event of Default"), Debtor shall have five (5) working days from the date upon which Wells Fargo files a written notice of such Event of Default on the docket (a "Notice of Default") in which to cure the Event of Default.  Contemporaneous with the filing of a Notice of Default, a copy of the Notice of Default shall be sent by Wells Fargo to Debtor's counsel via e-mail cmgeno@cmgenolaw.com and csteiskal@cmgenolaw.com and kcarter@cmgenolaw.com).  Should Debtor fail to timely cure any Event of Default, the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be terminated and annulled as to all of the Loan Collateral; the Loan Collateral shall be abandoned to Wells Fargo pursuant to 11 U.S.C. §554(a); and with the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure being waived, and with such relief being effective immediately upon Wells Fargo's filing of written notice of same (a "Notice of Termination of Automatic Stay") on the docket, all without need for any further action by or order of the Court.

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that if more than three (3) cured Events of Default have occurred, then there shall be no further cure opportunity and the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be terminated and annulled as to all of the Loan Collateral; the Loan Collateral abandoned to Wells Fargo pursuant to 11 U.S.C. §554(a); and with the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure being waived, and with such relief being effective immediately upon Wells Fargo's filing of a Notice of Termination of Automatic Stay on the docket, all without need for any further action by or order of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor expressly authorizes Wells Fargo to use any and all GPS, telematics, or other electronic geolocational technologies

4935-4886-5945v2
1039341-001047

4

(collectively, "Telematics") available to it to locate the Loan Collateral at any time, with Debtor agreeing that it will not interfere with the operation of any such Telematics system and that Wells Fargo may monitor or access the movable item utilization, location and/or other information or reports contained in and/or generated by any such Telematics system to ensure compliance with any agreement between Wells Fargo and Debtor, or for any other lawful purpose, and may use any Telematics system or information generated by the Telematics system in locating the Loan Collateral for purposes of effecting any provision of this Order.

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that in the event Debtor fails to confirm a Plan pursuant to 11 U.S.C. §1129 or this case is dismissed or converted to a case under Chapter 7, then all post-Petition payments received by Wells Fargo shall be applied in accordance with the terms and conditions of the Financing Documents, and any alterations to the terms and conditions of the Financing Documents effected by this Order shall be null and void;

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that except as expressly modified by this Order, the terms and conditions of the Financing Documents shall remain unaltered and shall continue to govern and control the dealings among the Parties, and that nothing in this Order shall be construed as a waiver of any right Wells Fargo has against (or deemed a cure of any default by) Debtor or any Guarantor;

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that this Order is entered without prejudice to Wells Fargo's right to seek any other, additional and/or alternative relief to which it may be entitled at law or in equity.

**##END OF ORDER##**

4935-4886-5945v2
1039341-001047

**PREPARED BY:**

*/s/ Alan L. Smith*
Alan L. Smith, Esq. (MS Bar No.10345)
BAKER, DONELSON, BEARMAN,
      CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:    (601) 351-8932
E-Mail:       asmith@bakerdonelson.com

***ATTORNEYS FOR WELLS FARGO CORPORATION***

**APPROVED AS TO FORM ONLY:**

*/s/ Craig M. Geno*
Craig M. Geno, Esq. (MS Bar No. 4793)
GENO and STEISKAL, PLLC
601 Renaissance Way – Suite A
Ridgeland, Mississippi 39157
Telephone:    (601) 427-0048
Facsimile:    (601) 427-0050
E-Mail:       cmgeno@cmgenolaw.com

***ATTORNEYS FOR BIG LEVEL TRUCKING, INC***

4935-4886-5945v2
1039341-001047