United States Bankruptcy Court

Southern District of Mississippi

In re:                                                                                    Case No. 25-51204-KMS

Big Level Trucking, Inc.                                                        Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-6                    User: mssbad                    Page 1 of 3

Date Rcvd: Mar 26, 2026              Form ID: pdf012                Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol        Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 28, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| dbpos | + Big Level Trucking, Inc., P.O. Box 306, Wiggins, MS 39577-0306 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 28, 2026                    Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 26, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov |
| Alan Lee Smith | on behalf of Creditor Navistar Financial Corporation asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Banc of America Leasing & Capital  LLC asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Navistar Leasing Company asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Wells Fargo Equipment Finance  Inc. asmith@bakerdonelson.com |
| Andrew R. Wilson | on behalf of Creditor VanPete  LLC awilson@blswlaw.com, blsw@ecf.courtdrive.com |

District/off: 0538-6
User: mssbad
Page 2 of 3

Date Rcvd: Mar 26, 2026
Form ID: pdf012
Total Noticed: 1

Andrew R. Wilson
on behalf of Creditor M&T Equipment Finance Corporation awilson@blswlaw.com blsw@ecf.courtdrive.com

Chad J. Hammons
on behalf of Creditor Mitsubishi HC Capital America Inc. chammons@joneswalker.com, mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com

Christopher J. Steiskal, Sr.
on behalf of Debtor In Possession Big Level Trucking Inc. csteiskal@cmgenolaw.com, kcarter@cmgenolaw.com;csteiskal@ecf.courtdrive.com

Craig M. Geno
on behalf of Debtor In Possession Big Level Trucking Inc. cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Eric T. Ray
on behalf of Creditor Corporate Billing a Division of SouthState Bank etray@hklaw.com, brooke.freeman@wallerlaw.com

Erin McManus
on behalf of Creditor Trustmark Bank successor in interest to Trustmark National Bank emcmanus@watkinseager.com, scook@watkinseager.com

James Haney
on behalf of Creditor Crossroads Equipment Lease and Finance jhaney@wongfleming.com sfiorentino@wongfleming.com

James A. McCullough, II
on behalf of Creditor Webster Capital Finance jmccullough@brunini.com jfarmer@brunini.com

Jim F. Spencer, Jr.
on behalf of Creditor Trustmark Bank successor in interest to Trustmark National Bank jspencer@watkinseager.com, mryan@watkinseager.com

Joe Stevens
on behalf of Creditor Renasant Bank jds@wisecarter.com

John S. Simpson
on behalf of Creditor H&P Leasing Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

John S. Simpson
on behalf of Creditor Southern States Utility Trailer Sales Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

Justin B. Little
on behalf of Creditor BMO Bank N.A. jlittle@rrllaw.com, jbrown@rrllaw.com;rdavis@rrllaw.com

Matthew Ward McDade
on behalf of Creditor Chuck Evans mmcdade@balch.com bmarshall@balch.com;smhollis@balch.com;dguericke@balch.com;ehansen@balch.com

Paul S. Murphy
on behalf of Creditor Bank of Wiggins paul.murphy@butlersnow.com kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Paul S. Murphy
on behalf of Creditor XTRA Lease LLC paul.murphy@butlersnow.com kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Robert Alan Byrd
on behalf of Creditor Midland States Bank rab@byrdwiser.com wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Robert Alan Byrd
on behalf of Creditor Keesler Federal Credit Union rab@byrdwiser.com wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Scot P. Goldsholl
on behalf of Creditor Simmons Bank scot.goldsholl@padgettlawgroup.com MLGBK@ecf.courtdrive.com

Sylvie Derdeyn Robinson
on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov

Thomas Carl Rollins, Jr
on behalf of Creditor Aloysius Davis trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Thomas Jackson Schultz
on behalf of Creditor PNC Equipment Finance jschultz@burr.com cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com

Thomas M Hewitt
on behalf of Creditor XTRA Lease LLC thomas.hewitt@butlersnow.com ecf.notices@butlersnow.com,cindy.grantham@butlersnow.com

United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

District/off: 0538-6                    User: mssbad                         Page 3 of 3
Date Rcvd: Mar 26, 2026                 Form ID: pdf012                       Total Noticed: 1

William B. Palmertree
        on behalf of Creditor Tennessee Farmers Mutual Insurance Companies bpalmertree@gpfirm.com
        paralegal@gpfirm.com;reception@gpfirm.com

William P. Wessler
        on behalf of Creditor Crossroads Equipment Lease and Finance william@wesslerbankruptcy.com

Winston Lee
        on behalf of Creditor PNC Equipment Finance wlee@burr.com
        sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

Winston Lee
        on behalf of Creditor PNC Bank  National Association wlee@burr.com,
        sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com


TOTAL: 34

---



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 26, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

---

**AGREED ORDER RESOLVING MOTION BY NAVISTAR FOR RELIEF FROM THE AUTOMATIC STAY AND TO COMPEL ABANDONMENT OR, IN THE ALTERNATIVE, TO COMPEL ADEQUATE PROTECTION, AND FOR RELATED RELIEF**
*[Bkr. Dkt. #140]*

---

**HAVING COME** before the Court on the joint request of Navistar Financial Corporation ("Navistar Financial") and Navistar Leasing Company ("Navistar Leasing" and together with Navistar Financial, collectively, "Navistar"), both of whom are creditors and parties-in-interest in the above-captioned bankruptcy case, and Big Level Trucking, Inc. (the "Debtor" and together with Navistar, collectively, the "Parties") for entry of this Agreed Order resolving all issues raised in the *Motion by Navistar for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection, and for Related Relief* [Bkr. Dkt. #140] (the "Motion"). All capitalized terms used herein, but which are not otherwise defined herein, shall have the meanings ascribed thereto in the Motion.

4936-6512-7828v1
2925354-000013

1

The Court, having duly considered the Parties' joint request and being advised that the Parties agree and stipulate as to all facts, circumstances and relief set forth herein, orders as follows:

**IT IS ORDERED AND ADJUDGED** that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 1409, and that this matter is a core proceeding under 28 U.S.C. § 157(b)(2);

**IT IS FURTHER ORDERED AND ADJUDGED** that the statutory and procedural predicate for the relief sought herein are Sections 105(a), 362(d), 363(e), 554, 506(a), 1123 and 11293 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure, and various orders of reference;

**IT IS FURTHER ORDERED AND ADJUDGED** that notice and opportunity for hearing and objection regarding the Motion were adequate and appropriate under the circumstances;

**IT IS FURTHER ORDERED AND ADJUDGED** that the fourteen (14) year model 2023 International model LT625 tractor units at issue in the Motion (collectively, the "2023 Units") shall be valued at $75,000.00 per unit;

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor shall pay to Navistar the principal amount of $1,050,000.00 (the "2023 Unit Value") as both 11 U.S.C. §363(e) adequate protection and as 11 U.S.C. §1123 plan payments on account of Navistar's interests in the 2023 Units, with interest accruing on the 2023 Unit Value at the rate of 6.00% *per annum*, amortized over 60 months (collectively, the "2023 Unit Allowed Secured Claim"), with Navistar deemed to hold an allowed secured claim pursuant to 11 U.S.C. §506(a)(1) in the amount of the 2023 Unit Allowed Secured Claim;

4936-6512-7828v1
2925354-000013

2

**IT IS FURTHER ORDERED AND ADJUDGED** that beginning April 1, 2026, Debtor shall tender four (4) monthly payments of interest-only calculated on the 2023 Unit Value amortized over 60 months with interest accruing at the rate of 6.00% *per annum*, each such payment being in the amount of $5,178.08, and with all such payments being tendered to Navistar via wire transfer of good and immediately available funds on the first day of each of the months of April, May, June and July, 2026 (collectively, the "2023 Units Interest Payments");

**IT IS FURTHER ORDERED AND ADJUDGED** that beginning August 1, 2026, and continuing thereafter in each successive month for a period of 60 months, Debtor will make payments of interest and principal calculated on the 2023 Unit Value amortized over 60 months with interest accruing at the rate of 6.00% *per annum*, each such payment being in the amount of $20,302.51, and with all such payments being tendered to Navistar via wire transfer of good and immediately available funds on the first day of each month (collectively, the "2023 Units P&I Payments");

**IT IS FURTHER ORDERED AND ADJUDGED** that the fourteen (13) year model 2020 International model LT625 tractor units at issue in the Motion (collectively, the "2020 Units" and together with the 2023 Units, collectively, the "Equipment") shall be valued at $21,000.00 per unit;

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor shall pay to Navistar the principal amount of $273,000.00 (the "2020 Unit Value") as both 11 U.S.C. §363(e) adequate protection and as 11 U.S.C. §1123 plan payments on account of Navistar's interests in the 2020 Units, with interest accruing on the 2020 Unit Value at the rate of 7.500% *per annum*, amortized over 36 months (collectively, the "2020 Unit Allowed Secured Claim"), with Navistar deemed to hold an allowed secured claim pursuant to 11 U.S.C. §506(a)(1) in the amount of the 2020 Unit

Allowed Secured Claim;

**IT IS FURTHER ORDERED AND ADJUDGED** that beginning March 9, 2026 and continuing thereafter in each successive month for a period of 36 months, Debtor will make payments of interest and principal calculated on the 2020 Unit Value amortized over 36 months with interest accruing at the rate of 7.50% *per annum*, each such payment being in the amount of $8,490.12, and with all such payments being tendered to Navistar via wire transfer of good and immediately available funds on the first day of each month (collectively, the "2020 Units P&I Payments" and together with the 2023 Units P&I Payments, collectively, the "Payments");

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor shall at all times keep the Equipment insured according to the terms and conditions of the Financing Documents (the "Insurance Requirement"), and within five (5) business days of a written request by Navistar being sent to Debtor's counsel via e-mail (at cmgeno@cmgenolaw.com and csteiskal@cmgenolaw.com and kcarter@cmgenolaw.com), Debtor shall provide Navistar with documentation evidencing that the Equipment is currently insured in compliance with the Insurance Requirement;

**IT IS FURTHER ORDERED AND ADJUDGED** that in the event Debtor shall fail to timely render any performance due under this Order, including but not limited to failing to tender any Payment when due or failure to satisfy the Insurance Requirement (an "Event of Default"), Debtor shall have five (5) working days from the date upon which Navistar files a written notice of such Event of Default on the docket (a "Notice of Default") in which to cure the Event of Default.  Contemporaneous with the filing of a Notice of Default, a copy of the Notice of Default shall be sent by Navistar to Debtor's counsel via e-mail cmgeno@cmgenolaw.com and csteiskal@cmgenolaw.com and kcarter@cmgenolaw.com).  Should Debtor fail to timely cure

4936-6512-7828v1
2925354-000013

4

any Event of Default, the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be terminated and annulled as to all of the Equipment; the Equipment shall be abandoned to Navistar pursuant to 11 U.S.C. §554(a); and with the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure being waived, and with such relief being effective immediately upon Navistar's filing of written notice of same (a "Notice of Termination of Automatic Stay") on the docket, all without need for any further action by or order of the Court.

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that if more than three (3) cured Events of Default have occurred, then there shall be no further cure opportunity and the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be terminated and annulled as to all of the Equipment; the Equipment abandoned to Navistar pursuant to 11 U.S.C. §554(a); and with the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure being waived, and with such relief being effective immediately upon Navistar's filing of a Notice of Termination of Automatic Stay on the docket, all without need for any further action by or order of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor expressly authorizes Navistar to use any and all GPS, telematics, or other electronic geolocational technologies (collectively, "Telematics") available to it to locate the Equipment at any time, with Debtor agreeing that it will not interfere with the operation of any such Telematics system and that Navistar may monitor or access the movable item utilization, location and/or other information or reports contained in and/or generated by any such Telematics system to ensure compliance with any agreement between Navistar and Debtor, or for any other lawful purpose, and may use any Telematics system or information generated by the Telematics system in locating the Tractor

Units for purposes of effecting any provision of this Order.

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that in the event Debtor fails to confirm a Plan pursuant to 11 U.S.C. §1129 or this case is dismissed or converted to a case under Chapter 7, then all post-Petition payments received by Navistar shall be applied in accordance with the terms and conditions of the Financing Documents, and any alterations to the terms and conditions of the Financing Documents effected by this Order shall be null and void;

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that except as expressly modified by this Order, the terms and conditions of the Financing Documents shall remain unaltered and shall continue to govern and control the dealings among the Parties, and that nothing in this Order shall be construed as a waiver of any right Navistar has against (or deemed a cure of any default by) Debtor or any Guarantor;

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that this Order is entered without prejudice to Navistar's right to seek any other, additional and/or alternative relief to which it may be entitled at law or in equity.

**##END OF ORDER##**

4936-6512-7828v1
2925354-000013

6

**AGREED AND SUBMITTED BY:**


*/s/ Alan L. Smith*
Alan L. Smith, Esq. (MS Bar No.10345)
BAKER, DONELSON, BEARMAN,
      CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:    (601) 351-8932
E-Mail:       asmith@bakerdonelson.com

***ATTORNEYS FOR NAVISTAR FINANCIAL CORPORATION
and NAVISTAR LEASING COMPANY***




*/s/ Christopher J. Steiskal, Sr.*
Christopher J. Steiskal, Sr., Esq. (MS Bar No. 101654)
GENO and STEISKAL, PLLC
601 Renaissance Way – Suite A
Ridgeland, Mississippi 39157
Telephone:    (601) 427-0048
Facsimile:    (601) 427-0050
E-Mail:       csteiskal@cmgenolaw.com

***ATTORNEY FOR BIG LEVEL TRUCKING, INC.***

4936-6512-7828v1
2925354-000013