_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: April 1, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## GULFPORT DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BIG LEVEL TRUCKING, INC.** | § | |
| | § | |
| **DEBTOR.** | § | **CASE NO. 25-51204-KMS** |
| | § | |
| **BMO BANK, N.A.,** | § | |
| | § | |
| **MOVANT,** | § | |
| | § | |
| **V.** | § | **CHAPTER 11** |
| | § | |
| **BIG LEVEL TRUCKING, INC.,** | § | |
| | § | |
| **RESPONDENT.** | § | |

### AGREED ORDER BETWEEN DEBTOR AND BMO BANK, N.A. RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY PROVIDING FOR ADEQUATE PROTECTION AND PLAN PAYMENTS [DKT. 312]

This matter came before the Court on the *Motion for Relief from the Automatic Stay* [Dkt. 312] filed by Secured creditor BMO Bank, N.A. ("Bank") and the Debtor's Answer and Response to Bank's Motion for Relief from the Automatic Stay [Dkt. 362] filed by debtor, Big Level Trucking, Inc. ("Debtor or Borrower"). The Debtor and Bank have entered into and agree to the terms of this Order and stipulate as follows:

1

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Mississippi, (this "Bankruptcy Court") has jurisdiction over this Chapter 11 case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

3. The statutory predicates for the relief requested are Sections 361, 362, and 363 of the "Bankruptcy Code" and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A. General Background

4. On August 18, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in this Bankruptcy Court.

5. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### B. The Loan Agreements

6. Debtor and Bank are parties to two (2) loan agreements loan agreements secured by certain collateral. These loans agreements (collectively, the "Loan Agreements") and each corresponding collateral (collectively, the "Collateral") is summarized in the below Table 1. A complete description of these loan agreements is provided further herein.

### Table 1

| Loan No. | Collateral |
|---|---|
| 5001 | • Two (2) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR0PN499635 and 3HSDZAPR9PN499634 |
| 7001 | • Three (3) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR2PN499636, 3HSDZAPR4PN499637, and 3HSDZAPR7PN499633 |

    i.       <u>Loan Agreement No. 5001</u>

7.  On March 16, 2022, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 5001, as amended and modified ("Loan Agreement No. 5001"), pursuant to which Bank agreed to finance Borrower's purchase of two (2) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR0PN499635 and 3HSDZAPR9PN499634 (collectively, the " Loan Agreement No. 5001 Collateral"), in exchange for a total payment of $341,573.60, payable in 48 monthly installments of $5,068.20 each, commencing on May 9, 2022, and one balloon payment in the amount of $98,300.00 due on May 9, 2026.

8.  As consideration for entering into the Loan Agreement No. 5001, Debtor granted Bank a security interest in and to the Loan Agreement No. 5001 Collateral as more fully described in the Loan Agreement No. 5001. See Loan Agreement No. 5001 § 2.1. As evidenced by the Notice of Recorded Lien, Bank perfected its security interest in and to the Loan Agreement No. 5001 Collateral by recording its lien with the State of Mississippi.

    ii.      <u>Loan Agreement No. 7001</u>

9.  On March 10, 2022, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 7001, as amended and modified ("Loan Agreement No. 7001"), pursuant to which Bank agreed to finance Borrower's purchase of three (3) International LT Series:

LT625 6x4 identified by serial numbers 3HSDZAPR2PN499636, 3HSDZAPR4PN499637, and 3HSDZAPR7PN499633 (collectively, the " Loan Agreement No. 7001 Collateral"), in exchange for a total payment of $510,741.36, payable in 48 monthly installments of $7,568.57 each, commencing on April 10, 2022 and one balloon payment in the amount of $147,450.00 due on April 10, 2026.

10. As consideration for entering into the Loan Agreement No. 7001, Debtor granted Bank a security interest in and to the Loan Agreement No. 7001 Collateral as more fully described in the Loan Agreement No. 7001. See Loan Agreement No. 7001 § 2.1. As evidenced by the Notice of Recorded Lien, Bank perfected its security interest in and to the Loan Agreement No. 7001 Collateral by recording its lien with the State of Mississippi.

C. **The Payment Defaults**

11. Pursuant to the Loan Agreements, an Event of Default shall occur if, inter alia, borrower fails to pay when due any amount owed to Bank under the Loan Agreements.

12. Debtor is in default under the terms and conditions of the Loan Agreements, having failed to make payments when due thereunder.

13. As of August 28, 2025, Debtor is obligated to Bank under the Loan Agreements in an aggregate amount not less than $403,611.51 representing all principal, interest, taxes due and late fees as follows:

    a.      the balance due under the Loan Agreement No. 5001 was not less than $164,304.52 as of the Petition Date;  and

    b.      the balance due under the Loan Agreement No. 7001 was not less than $239,306.99  as of the Petition Date.

14. Upon information and belief an based on Blackbook valuation, and for purposes of this Motion only, the aggregate value of the Collateral $227,500.00. Accordingly, Bank is undersecured. Notwithstanding the foregoing, Bank is informed and believes that the Debtor continues to use and operate the Collateral, thereby further depreciating the same and reducing its value.

15. On or about January 16, 2026, Bank filed a Motion for Relief from Stay [Dkt. 312].

16. On or about February 10, 2026, Debtor filed an Answer to Motion for Relief from Stay [Dkt. 362].

17. To avoid litigation regarding appropriate adequate protection or relief from the automatic stay and the cost of pursuing such litigation, and to allow for the continued operation of the Debtor's business and use of the Collateral subject to the agreements and terms of the Order. Bank and the Debtor have stipulated and agreed to the terms and conditions set forth herein.

IT IS, THEREFORE, STIPULATED, ORDERED AND ADJUDGED AS FOLLOWS:

A.  The Motion is granted as set forth herein.

B.  Bank is entitled to adequate protection payment and plan payments as follows:

    i.  The Debtor agrees that is shall pay Bank the principal amount of $250,000.00 (the "Agreed Payment") as both adequate protection and as plan payments with interest accruing at the rate of five percent (5.00%). All adequate protection and Agreed Payments shall be made by wire transfer or ACH to Bank.

    ii.  The Agreed Payment shall be fully amortized over a five (5) year period and at the conclusion of the sixty-month period, Debtor shall make one payment to fully payoff the remaining balance on the Agreed Payment.

iii.   Debtor shall make interest only payments in connection with Agreed Payment for the first four (4) months in the amount of $1041.67 per month (the "Interest Only Period) commencing on March 1, 2026 and making subsequent interest-only payments on April 1, 2026, May 1, 2026, and June 1, 2026.

iv.   At the conclusion of the Interest Only Period, Debtor shall make fifty-six monthly payments of principal and interest in the amount of $4,717.81 per month. On the fifty-seventh (57th) month, the Debtor shall pay the remaining ballon balance to Bank, if any.

C.  The Debtor shall keep the Collateral insured according to the levels specified in the Loan Agreements and properly maintain the condition of all Collateral.

D.  In the event that the Debtor defaults in making any payment under the Agreed Payment or keeping the Collateral insured, Bank shall provide notice to the Debtor by emailing Debtor's counsel at cmgeno@cmgenolaw.com and the Debtor shall have ten (10) days to cure such default. Absent such cure, Bank may at its option declare a default, and immediately file an Affidavit of Noncompliance with this Order on the docket, at which point Debtor will surrender the Collateral immediately and Bank shall be entitled to proceed with its state court remedies against the Collateral as permitted pursuant to the Loan Agreements, at law or in equity, without further order of this Court.  `6nm,

E.  Notwithstanding Bankruptcy Rule 4001(a)(3), this Order shall be immediately effective and enforceable upon entry.

F.  This Court shall retain jurisdiction to enforce the provisions of this Order, to the extent allowed by law.

### END OF ORDER ###

AGREED TO BY:

/s/ *Justin B. Little*
Justin B. Little, Attorney for BMO Bank, N.A
REYNOLDS, REYNOLDS & LITTLE, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403-2863
Telephone:  205-391-0073
Facsimile:  205-391-0911
Email:  jlittle@rrllaw.com
Our File No. 3805.0004

/s/ *Craig M. Geno*
Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
601 Renaissance Way, Suite A
Ridgeland, Mississippi 39157
Telephone: 601-427-0048
cmgeno@cmgenolaw.com