

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: April 1, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

BIG LEVEL TRUCKING, INC.,                                    CASE NO. 25-51204-KMS

DEBTOR.                                                               CHAPTER 11


MITSUBISHI HC CAPITAL AMERICA, INC.                                    MOVANT

VS.

BIG LEVEL TRUCKING, INC.                                            RESPONDENT

### AGREED ORDER RESOLVING MOTION FOR ABANDONMENT
### AND RELIEF FROM THE AUTOMATIC STAY,
### OR ALTERNATIVELY, FOR  ADEQUATE PROTECTION *[Dkt. #105]*

THIS MATTER is before the Court on the *Motion for Abandonment and Relief from Automatic Stay or, Alternatively, for Adequate Protection* **[Dkt. #105]** ("Motion") filed by Mitsubishi HC Capital America, Inc. ("Mitsubishi") in the above-referenced chapter 11 proceeding of Big Level Trucking, Inc. ("Debtor") and the Debtor's Answer thereto **[Dkt. #160]**. The Court, being fully advised in the premises, and having been advised that the parties are in agreement that Mitsubishi is entitled to adequate protection, finds that the Motion should be granted as to thAT request and conditionally denied as to the portion of the motion seeking relief from the automatic stay, subject to the conditions set forth herein, as follows:

#111469288v1

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 361, 362, 363, and 554, *et seq.*, and the order granting automatic reference to this Bankruptcy Court.

**Parties**

2.      On or about August 18, 2025, Big Level Trucking, Inc. ("Debtor") filed a petition for relief under Chapter 11.

3.      Mitsubishi is a secured creditor of the Debtor.

**Facts**

4.      On or about February 6, 2024, the Debtor executed a Commercial Finance Agreement ("Finance Agreement") in favor of Mitsubishi in the amount of $287,270.90, granting Mitsubishi a security interest in the following vehicles:

| QUANTITY | COLLATERAL DESCRIPTION | VIN NO. |
|---|---|---|
| 3 | 2019 International - LT625 - Sleeper Tractor (Used) | 3HSDZAPR4KN278922<br>3HSDZAPR6KN278923<br>3HSDZAPR9KN278916 |
| 3 | 2020 International - LT625 - Sleeper Tractor (Used) | 3HSDZAPR3LN374011<br>3HSDZAPR5LN374012<br>3HSDZAPR0LN374015 |

5.      Pursuant to its Correction Amendment ("Amendment") letter to the Debtor dated March 21, 2024, Mitsubishi modified Section 3 of the Finance Agreement to correct inadvertent or typographical errors contained in the original agreement. True and correct copies of the

2

Finance Agreement and the Amendment thereto were attached to the underlying motion as composite Exhibit "1" and are incorporated herein by reference.

6.       The three (3) Used 2019 International LT625 Sleeper Tractors ("2019 Trucks") and the three (3) Used 2020 International LT625 Sleeper Tractors ("2020 Trucks") are hereinafter referred to collectively as "the Collateral."

7.       The terms of the Agreement required the Debtor to pay Mitsubishi the amount of $13,192.55 in principal and interest per month for 24 months.

8.       The Debtor defaulted under the Agreement in April, 2025.  As of the petition date, the payoff on the Collateral was $158,414.71, in unpaid principal, interest due, and outstanding fees.

9.       Mitsubishi properly perfected its first priority security interest in the Collateral by timely filing its UCC-1 financing statement against Debtor and the Collateral.

10.      Mitsubishi and the Debtor agree that Mitsubishi is entitled to adequate protection in the form of regular monthly payments based on a re-amortized debt of $70,000.00, commencing the monthly payment due for March, 2026.

BASED ON THESE REPRESENTATIONS OF THE PARTIES AND THE FINDINGS SET FORTH HEREIN, IT IS HEREBY ORDERED AS FOLLOWS:

1.       The Motion of Mitsubishi is Granted in Part, and Denied in Part, as set forth herein.

2.       The Collateral is hereby valued at $70,000.000 for purposes of this Agreed Order and the Debtor's Chapter 11 Plan of Reorganization. Mitsubishi shall be deemed to have a secured claim in that amount, and an unsecured claim in the amount of $88,414.71.

3.      Debtor shall pay the secured portion of the claim in the amount of $70,000.00 over a period of sixty (60) months, at an interest rate of 6.5% per annum. Total payments per month shall total  no less than $1369.63. Prior to confirmation, Debtor shall make interest-only adequate protection payments in the amount of $380.00 per month, for a period of four months, after which, plan payments shall commence.

4.      All payments shall be transmitted via wire transfer to the account previously designated by Mitsubishi to Debtor. Time is of the essence in the payment of adequate protection and plan payments. As set forth above, following confirmation of the Plan, payments may be made on a monthly basis in the amount of $1,369.63, with all post-confirmation payments to be made by the fifteenth (15th) day of each month over the plan period, until the $70,000.00 secured claim is paid in full, at the agreed rate of interest.

5.      Mitsubishi shall retain its security interest in the Collateral until the secured claim is paid in full as described herein. The unsecured portion of Mitsubishi's claim shall be paid in accordance with the Plan.

6.      All personal property taxes  and any other taxes, assessments, or fees associated with the Collateral shall be paid by Debtor and shall be the full responsibility of the Debtor, and shall be paid in a timely manner.

7.      The Debtor shall keep the Collateral in good and reasonable condition and shall perform regular maintenance on same in accordance with commercially reasonable maintenance standards for such Collateral as required by the Agreement.  Mitsubishi shall be provided access to inspect the Collateral as required by the Agreement.

8.      The Debtor warrants that the Collateral is presently insured and shall remain insured, and such insurance reflects the interests of Mitsubishi in the Collateral. The Debtor

agrees to provide evidence of effective insurance to Mitsubishi within three (3) business days of any request for production of any such evidence of effective insurance.

9. To the extent there is an Event of Default as defined herein below, and such default has continued for three (3) business days after service of written notice of default by Mitsubishi via email to Debtor's counsel at cmgeno@cmgenolaw.com or csteiskal@cmgeno.com, (the "Default Notice"), the automatic stay imposed by 11 U.S.C. §362 shall terminate as to the Collateral without further Order of the Court if the Debtor fails to timely cure the default and Mitsubishi files its Notice of Termination of Stay concerning the Collateral.

10. The occurrence of any one or more of the following events shall constitute an event of default ("Event of Default") under this Agreed Order:

a. The entry of an Order converting the case to a case under Chapter 7 of the Bankruptcy Code, or dismissing this bankruptcy case, or any order which explicitly terminates this Agreed Order;

b. The termination, expiration, lapse, or reduction of insurance coverage on the Collateral which results in the insurance coverage being less than the outstanding balance of the debt owed to Mitsubishi;

c. Failure to pay any payment required by this Agreed Order when due; and

d. Failure by the Debtor to comply with any term of this Agreed Order or failure by the Debtor to comply with any material term of the Agreement, not modified by this Agreed Order, if such default or violation continues for three (3) business days after written notification thereof has been transmitted to counsel for the Debtor.

5

11.    In the event the Debtor fails to make any payment required under this Agreed Order, Mitsubishi is entitled to file a claim under Section 507(b) with priority as set forth under Sections 503 and 507 of the Bankruptcy Code for any missed post-petition payments.

12.    All other terms and conditions of any agreements between the Debtor and Mitsubishi shall remain in full force and effect.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the agreement of the parties herein shall be and hereby is APPROVED as an Order of the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the automatic stay of Section 362(a) and the stay afforded by Bankruptcy Rule 4001(a)(3) shall be and hereby are modified to permit Mitsubishi to exercise its state court remedies concerning the Collateral upon an event of default and appropriate notice as set forth herein.

IT IS FURTHER ORDERED that the fourteen (14) day stay of execution under Fed. R. Bankr. Proc. 4001(a)(3) is waived.

**\*\*\*END OF ORDER\*\*\***

PREPARED AND SUBMITTED BY:

*/s/ Chad J. Hammons*
Chad J. Hammons, MSB #10419
JONES WALKER LLP
3100 North State Street, Suite 300 (39216)
Post Office Box 427
Jackson, Mississippi  39205-0427
Telephone  (601) 949-4975
Telecopy  (601) 949-4804
chammons@joneswalker.com

*Counsel for Mitsubishi HC Capital America, Inc.*

#111469288v1                                    6

AGREED AND APPROVED:

*/s/ Craig M. Geno*
Craig M. Geno, MSB #4793
LAW OFFICES OF GENO & STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, Mississippi  39157
Telephone  (601) 427-0048
Telecopy  (601) 427-0050
Email  cmgeno@cmgenolaw.com

*Counsel for Debtor*