**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

---

**NOTICE OF EVENT OF DEFAULT AND CURE OPPORTUNITY
REGARDING ORDER GRANTING ADEQUATE PROTECTION TO
WELLS FARGO EQUIPMENT FINANCE, INC.**
*[Bkr. Dkt. #440]*

---

**COMES NOW** Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), a secured creditor and party-in-interest in the above-captioned bankruptcy case, and provides notice that an Event of Default has occurred pursuant to the terms and conditions of the *Order on Motion by Wells Fargo Equipment Finance, Inc. for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection* [Brk. Dkt. #440] (the "Adequate Protection Order"). Debtor has failed to tender to Wells Fargo certain monetary payments due and owing pursuant to the Adequate Protection Order, specifically including monetary payments required to be delivered to Wells Fargo by no later than March 6, 2026; March 13, 2026; March 20, 2026; March 25, 2026; and March 27, 2026 (collectively, the "Delinquent Adequate Protection Payments").

Pursuant to the terms and conditions of the Adequate Protection Order, Debtor has five (5) business days from and after the filing of this Notice of Event of Default in which to cure the Delinquent Adequate Payment Protection Payments. Should Debtor fail to timely cure any

1

4909-8539-4077v1
1039341-001047

Event of Default, the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be terminated and annulled as to all of the Loan Collateral (as defined in the Stay Relief Motion [Bkr. Dkt. #197]); the Loan Collateral shall be abandoned to Wells Fargo pursuant to 11 U.S.C. §554(a); and with the 14 day stay of effectiveness provisions under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure being waived, and with such relief being effective immediately upon Wells Fargo's filing of written notice of same (a "Notice of Termination of Automatic Stay") on the docket, all without need for any further action by or order of the Court.

Contemporaneous with the filing of this Notice of Default, a copy of same has been sent by Wells Fargo to Debtor's counsel via e-mail at cmgeno@cmgenolaw.com and csteiskal@cmgenolaw.com and kcarter@cmgenolaw.com).

This, the 2nd day of April, 2026.

WELLS FARGO EQUIPMENT FINANCE, INC.

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

BY:   */s/ Alan L. Smith*
        Alan L. Smith, Esq. (MS Bar No. 10345)

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, PC
Alan Lee Smith, Esq. (MS Bar #10345)
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:     (601) 351-2455
Facsimile:     (601) 427-0050
Email: asmith@bakerdonelson.com

2

4909-8539-4077v1
1039341-001047

## CERTIFICATE OF SERVICE

I, Alan Lee Smith, Esq., do hereby certify that on this day the foregoing paper was filed electronically with the Clerk of the Court using the Court's ECF system, which served a true and correct copy of such paper electronically on all parties enlisted to receive service electronically as of the date hereof, including the following:

Office of the United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Abigail M. Marbury, Esq.
abigail.m.marbury@usdoj.gov

Craig R. Geno, Esq.
cmgeno@cmgenolaw.com

Christopher J. Steiskal, Sr., Esq.
csteiskal@cmgenolaw.com

This, the 2nd day of April, 2026.

/s/ Alan L. Smith
Alan L. Smith, Esq. (MS Bar No. 10345)

3

4909-8539-4077v1
1039341-001047