United States Bankruptcy Court
Southern District of Mississippi

In re:                                                                                          Case No. 25-51204-KMS

Big Level Trucking, Inc.                                                                         Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0538-6 | User: mssbad | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Apr 01, 2026 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol          Definition**

+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 03, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| dbpos | + Big Level Trucking, Inc., P.O. Box 306, Wiggins, MS 39577-0306 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2026                     Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 1, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov |
| Alan Lee Smith | on behalf of Creditor Navistar Financial Corporation asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Banc of America Leasing & Capital  LLC asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Navistar Leasing Company asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Wells Fargo Equipment Finance  Inc. asmith@bakerdonelson.com |
| Andrew R. Wilson | on behalf of Creditor VanPete  LLC awilson@blswlaw.com, blsw@ecf.courtdrive.com |

| | | |
|---|---|---|
| District/off: 0538-6 | User: mssbad | Page 2 of 3 |
| Date Rcvd: Apr 01, 2026 | Form ID: pdf012 | Total Noticed: 1 |

Andrew R. Wilson
on behalf of Creditor M&T Equipment Finance Corporation awilson@blswlaw.com  blsw@ecf.courtdrive.com

Chad J. Hammons
on behalf of Creditor Mitsubishi HC Capital America  Inc. chammons@joneswalker.com,
mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com

Christopher J. Steiskal, Sr.
on behalf of Debtor In Possession Big Level Trucking  Inc. csteiskal@cmgenolaw.com,
kcarter@cmgenolaw.com;csteiskal@ecf.courtdrive.com

Craig M. Geno
on behalf of Debtor In Possession Big Level Trucking  Inc. cmgeno@cmgenolaw.com,
kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Eric T. Ray
on behalf of Creditor Corporate Billing  a Division of SouthState Bank etray@hklaw.com, brooke.freeman@wallerlaw.com

Erin McManus
on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank emcmanus@watkinseager.com,
scook@watkinseager.com

James Haney
on behalf of Creditor Crossroads Equipment Lease and Finance jhaney@wongfleming.com  sfiorentino@wongfleming.com

James A. McCullough, II
on behalf of Creditor Webster Capital Finance jmccullough@brunini.com  jfarmer@brunini.com

Jim F. Spencer, Jr.
on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank jspencer@watkinseager.com,
mryan@watkinseager.com

Joe Stevens
on behalf of Creditor Renasant Bank jds@wisecarter.com

John S. Simpson
on behalf of Creditor H&P Leasing  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

John S. Simpson
on behalf of Creditor Southern States Utility Trailer Sales  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

Justin B. Little
on behalf of Creditor BMO Bank  N.A. jlittle@rrllaw.com, jbrown@rrllaw.com;rdavis@rrllaw.com

Matthew Ward McDade
on behalf of Creditor Chuck Evans mmcdade@balch.com
bmarshall@balch.com;smhollis@balch.com;dguericke@balch.com;ehansen@balch.com

Paul S. Murphy
on behalf of Creditor Bank of Wiggins paul.murphy@butlersnow.com  kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Paul S. Murphy
on behalf of Creditor XTRA Lease LLC paul.murphy@butlersnow.com
kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Robert Alan Byrd
on behalf of Creditor Midland States Bank rab@byrdwiser.com  wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Robert Alan Byrd
on behalf of Creditor Keesler Federal Credit Union rab@byrdwiser.com  wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Scot P. Goldsholl
on behalf of Creditor Simmons Bank scot.goldsholl@padgettlawgroup.com  MLGBK@ecf.courtdrive.com

Sylvie Derdeyn Robinson
on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov

Thomas Carl Rollins, Jr
on behalf of Creditor Aloysius Davis trollins@therollinsfirm.com
jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Thomas Jackson Schultz
on behalf of Creditor PNC Equipment Finance jschultz@burr.com
cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com

Thomas M Hewitt
on behalf of Creditor XTRA Lease LLC thomas.hewitt@butlersnow.com
ecf.notices@butlersnow.com,cindy.grantham@butlersnow.com

United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

District/off: 0538-6                              User: mssbad                                    Page 3 of 3
Date Rcvd: Apr 01, 2026                     Form ID: pdf012                            Total Noticed: 1

William B. Palmertree
                        on behalf of Creditor Tennessee Farmers Mutual Insurance Companies bpalmertree@gpfirm.com
                        paralegal@gpfirm.com;reception@gpfirm.com

William P. Wessler
                        on behalf of Creditor Crossroads Equipment Lease and Finance william@wesslerbankruptcy.com

Winston Lee
                        on behalf of Creditor PNC Equipment Finance wlee@burr.com
                        sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

Winston Lee
                        on behalf of Creditor PNC Bank  National Association wlee@burr.com,
                        sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com


TOTAL: 34

_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: April 1, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BIG LEVEL TRUCKING, INC.** | § | |
| | § | |
| DEBTOR. | § | **CASE NO. 25-51204**-KMS |
| | § | |
| **BMO BANK, N.A.,** | § | |
| | § | |
| MOVANT, | § | |
| | § | |
| V. | § | **CHAPTER 11** |
| | § | |
| **BIG LEVEL TRUCKING, INC.,** | § | |
| | § | |
| RESPONDENT. | § | |

**AGREED ORDER BETWEEN DEBTOR AND BMO BANK, N.A. RESOLVING**
**MOTION FOR RELIEF FROM AUTOMATIC STAY PROVIDING FOR ADEQUATE**
**PROTECTION AND PLAN PAYMENTS [DKT. 312]**

This matter came before the Court on the *Motion for Relief from the Automatic Stay* [Dkt. 312] filed by Secured creditor BMO Bank, N.A. ("Bank") and the Debtor's Answer and Response to Bank's Motion for Relief from the Automatic Stay [Dkt. 362] filed by debtor, Big Level Trucking, Inc. ("Debtor or Borrower"). The Debtor and Bank have entered into and agree to the terms of this Order and stipulate as follows:

1

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of Mississippi, (this "Bankruptcy Court") has jurisdiction over this Chapter 11 case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

3. The statutory predicates for the relief requested are Sections 361, 362, and 363 of the "Bankruptcy Code" and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

A. **General Background**

4. On August 18, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in this Bankruptcy Court.

5. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. **The Loan Agreements**

6. Debtor and Bank are parties to two (2) loan agreements loan agreements secured by certain collateral. These loans agreements (collectively, the "Loan Agreements") and each corresponding collateral (collectively, the "Collateral") is summarized in the below Table 1.  A complete description of these loan agreements is provided further herein.

**Table 1**

2

| Loan No. | Collateral |
|---|---|
| 5001 | • Two (2) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR0PN499635 and 3HSDZAPR9PN499634 |
| 7001 | • Three (3) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR2PN499636, 3HSDZAPR4PN499637, and 3HSDZAPR7PN499633 |

    i.       <u>Loan Agreement No. 5001</u>

7. On March 16, 2022, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 5001, as amended and modified ("Loan Agreement No. 5001"), pursuant to which Bank agreed to finance Borrower's purchase of two (2) International LT Series: LT625 6x4 identified by serial numbers 3HSDZAPR0PN499635 and 3HSDZAPR9PN499634 (collectively, the " Loan Agreement No. 5001 Collateral"), in exchange for a total payment of $341,573.60, payable in 48 monthly installments of $5,068.20 each, commencing on May 9, 2022, and one balloon payment in the amount of $98,300.00 due on May 9, 2026.

8. As consideration for entering into the Loan Agreement No. 5001, Debtor granted Bank a security interest in and to the Loan Agreement No. 5001 Collateral as more fully described in the Loan Agreement No. 5001. See Loan Agreement No. 5001 § 2.1. As evidenced by the Notice of Recorded Lien, Bank perfected its security interest in and to the Loan Agreement No. 5001 Collateral by recording its lien with the State of Mississippi.

    ii.      <u>Loan Agreement No. 7001</u>

9. On March 10, 2022, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 7001, as amended and modified ("Loan Agreement No. 7001"), pursuant to which Bank agreed to finance Borrower's purchase of three (3) International LT Series:

LT625 6x4 identified by serial numbers 3HSDZAPR2PN499636, 3HSDZAPR4PN499637, and 3HSDZAPR7PN499633 (collectively, the " Loan Agreement No. 7001 Collateral"), in exchange for a total payment of $510,741.36, payable in 48 monthly installments of $7,568.57 each, commencing on April 10, 2022 and one balloon payment in the amount of $147,450.00 due on April 10, 2026.

10. As consideration for entering into the Loan Agreement No. 7001, Debtor granted Bank a security interest in and to the Loan Agreement No. 7001 Collateral as more fully described in the Loan Agreement No. 7001. See Loan Agreement No. 7001 § 2.1. As evidenced by the Notice of Recorded Lien, Bank perfected its security interest in and to the Loan Agreement No. 7001 Collateral by recording its lien with the State of Mississippi.

C. **The Payment Defaults**

11. Pursuant to the Loan Agreements, an Event of Default shall occur if, inter alia, borrower fails to pay when due any amount owed to Bank under the Loan Agreements.

12. Debtor is in default under the terms and conditions of the Loan Agreements, having failed to make payments when due thereunder.

13. As of August 28, 2025, Debtor is obligated to Bank under the Loan Agreements in an aggregate amount not less than $403,611.51 representing all principal, interest, taxes due and late fees as follows:

    a.    the balance due under the Loan Agreement No. 5001 was not less than $164,304.52 as of the Petition Date;  and

    b.    the balance due under the Loan Agreement No. 7001 was not less than $239,306.99  as of the Petition Date.

14. Upon information and belief an based on Blackbook valuation, and for purposes of this Motion only, the aggregate value of the Collateral $227,500.00. Accordingly, Bank is undersecured. Notwithstanding the foregoing, Bank is informed and believes that the Debtor continues to use and operate the Collateral, thereby further depreciating the same and reducing its value.

15. On or about January 16, 2026, Bank filed a Motion for Relief from Stay [Dkt. 312].

16. On or about February 10, 2026, Debtor filed an Answer to Motion for Relief from Stay [Dkt. 362].

17. To avoid litigation regarding appropriate adequate protection or relief from the automatic stay and the cost of pursuing such litigation, and to allow for the continued operation of the Debtor's business and use of the Collateral subject to the agreements and terms of the Order. Bank and the Debtor have stipulated and agreed to the terms and conditions set forth herein.

IT IS, THEREFORE, STIPULATED, ORDERED AND ADJUDGED AS FOLLOWS:

A.  The Motion is granted as set forth herein.

B.  Bank is entitled to adequate protection payment and plan payments as follows:

i.  The Debtor agrees that is shall pay Bank the principal amount of $250,000.00 (the "Agreed Payment") as both adequate protection and as plan payments with interest accruing at the rate of five percent (5.00%). All adequate protection and Agreed Payments shall be made by wire transfer or ACH to Bank.

ii.  The Agreed Payment shall be fully amortized over a five (5) year period and at the conclusion of the sixty-month period, Debtor shall make one payment to fully payoff the remaining balance on the Agreed Payment.

iii. Debtor shall make interest only payments in connection with Agreed Payment for the first four (4) months in the amount of $1041.67 per month (the "Interest Only Period) commencing on March 1, 2026 and making subsequent interest-only payments on April 1, 2026, May 1, 2026, and June 1, 2026.

iv. At the conclusion of the Interest Only Period, Debtor shall make fifty-six monthly payments of principal and interest in the amount of $4,717.81 per month. On the fifty-seventh (57th) month, the Debtor shall pay the remaining ballon balance to Bank, if any.

C. The Debtor shall keep the Collateral insured according to the levels specified in the Loan Agreements and properly maintain the condition of all Collateral.

D. In the event that the Debtor defaults in making any payment under the Agreed Payment or keeping the Collateral insured, Bank shall provide notice to the Debtor by emailing Debtor's counsel at cmgeno@cmgenolaw.com and the Debtor shall have ten (10) days to cure such default. Absent such cure, Bank may at its option declare a default, and immediately file an Affidavit of Noncompliance with this Order on the docket, at which point Debtor will surrender the Collateral immediately and Bank shall be entitled to proceed with its state court remedies against the Collateral as permitted pursuant to the Loan Agreements, at law or in equity, without further order of this Court. `6nm,

E. Notwithstanding Bankruptcy Rule 4001(a)(3), this Order shall be immediately effective and enforceable upon entry.

F. This Court shall retain jurisdiction to enforce the provisions of this Order, to the extent allowed by law.

### END OF ORDER ###

AGREED TO BY:

/s/ *Justin B. Little*
Justin B. Little, Attorney for BMO Bank, N.A
REYNOLDS, REYNOLDS & LITTLE, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403-2863
Telephone:  205-391-0073
Facsimile:  205-391-0911
Email:  jlittle@rrllaw.com
Our File No. 3805.0004

/s/ *Craig M. Geno*
Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
601 Renaissance Way, Suite A
Ridgeland, Mississippi 39157
Telephone: 601-427-0048
cmgeno@cmgenolaw.com

7