United States Bankruptcy Court
Southern District of Mississippi

In re:                                                                          Case No. 25-51204-KMS

Big Level Trucking, Inc.                                             Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

| District/off: 0538-6 | User: mssbad | Page 1 of 3 |
| --- | --- | --- |
| Date Rcvd: Apr 01, 2026 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol        Definition**

+                    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 03, 2026:**

**Recip ID              Recipient Name and Address**
dbpos              + Big Level Trucking, Inc., P.O. Box 306, Wiggins, MS 39577-0306

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2026                      Signature:              /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 1, 2026 at the address(es) listed below:

**Name                          Email Address**

Abigail M. Marbury
                    on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov

Alan Lee Smith
                    on behalf of Creditor Navistar Financial Corporation asmith@bakerdonelson.com

Alan Lee Smith
                    on behalf of Creditor Banc of America Leasing & Capital  LLC asmith@bakerdonelson.com

Alan Lee Smith
                    on behalf of Creditor Navistar Leasing Company asmith@bakerdonelson.com

Alan Lee Smith
                    on behalf of Creditor Wells Fargo Equipment Finance  Inc. asmith@bakerdonelson.com

Andrew R. Wilson
                    on behalf of Creditor VanPete  LLC awilson@blswlaw.com, blsw@ecf.courtdrive.com

District/off: 0538-6                    User: mssbad                         Page 2 of 3
Date Rcvd: Apr 01, 2026                 Form ID: pdf012                      Total Noticed: 1

Andrew R. Wilson
on behalf of Creditor M&T Equipment Finance Corporation awilson@blswlaw.com  blsw@ecf.courtdrive.com

Chad J. Hammons
on behalf of Creditor Mitsubishi HC Capital America  Inc. chammons@joneswalker.com,
mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com

Christopher J. Steiskal, Sr.
on behalf of Debtor In Possession Big Level Trucking  Inc. csteiskal@cmgenolaw.com,
kcarter@cmgenolaw.com;csteiskal@ecf.courtdrive.com

Craig M. Geno
on behalf of Debtor In Possession Big Level Trucking  Inc. cmgeno@cmgenolaw.com,
kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com

Eric T. Ray
on behalf of Creditor Corporate Billing  a Division of SouthState Bank etray@hklaw.com, brooke.freeman@wallerlaw.com

Erin McManus
on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank emcmanus@watkinseager.com,
scook@watkinseager.com

James Haney
on behalf of Creditor Crossroads Equipment Lease and Finance jhaney@wongfleming.com  sfiorentino@wongfleming.com

James A. McCullough, II
on behalf of Creditor Webster Capital Finance jmccullough@brunini.com  jfarmer@brunini.com

Jim F. Spencer, Jr.
on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank jspencer@watkinseager.com,
mryan@watkinseager.com

Joe Stevens
on behalf of Creditor Renasant Bank jds@wisecarter.com

John S. Simpson
on behalf of Creditor H&P Leasing  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

John S. Simpson
on behalf of Creditor Southern States Utility Trailer Sales  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

Justin B. Little
on behalf of Creditor BMO Bank  N.A. jlittle@rrllaw.com, jbrown@rrllaw.com;rdavis@rrllaw.com

Matthew Ward McDade
on behalf of Creditor Chuck Evans mmcdade@balch.com
bmarshall@balch.com;smhollis@balch.com;dguericke@balch.com;ehansen@balch.com

Paul S. Murphy
on behalf of Creditor Bank of Wiggins paul.murphy@butlersnow.com  kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Paul S. Murphy
on behalf of Creditor XTRA Lease LLC paul.murphy@butlersnow.com
kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Robert Alan Byrd
on behalf of Creditor Midland States Bank rab@byrdwiser.com  wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Robert Alan Byrd
on behalf of Creditor Keesler Federal Credit Union rab@byrdwiser.com  wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Scot P. Goldsholl
on behalf of Creditor Simmons Bank scot.goldsholl@padgettlawgroup.com  MLGBK@ecf.courtdrive.com

Sylvie Derdeyn Robinson
on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov

Thomas Carl Rollins, Jr
on behalf of Creditor Aloysius Davis trollins@therollinsfirm.com
jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;brea
nne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Thomas Jackson Schultz
on behalf of Creditor PNC Equipment Finance jschultz@burr.com
cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com

Thomas M Hewitt
on behalf of Creditor XTRA Lease LLC thomas.hewitt@butlersnow.com
ecf.notices@butlersnow.com,cindy.grantham@butlersnow.com

United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

District/off: 0538-6        User: mssbad        Page 3 of 3

Date Rcvd: Apr 01, 2026        Form ID: pdf012        Total Noticed: 1

William B. Palmertree

on behalf of Creditor Tennessee Farmers Mutual Insurance Companies bpalmertree@gpfirm.com
paralegal@gpfirm.com;reception@gpfirm.com

William P. Wessler

on behalf of Creditor Crossroads Equipment Lease and Finance william@wesslerbankruptcy.com

Winston Lee

on behalf of Creditor PNC Equipment Finance wlee@burr.com
sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

Winston Lee

on behalf of Creditor PNC Bank  National Association wlee@burr.com,
sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

TOTAL: 34



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: April 1, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

BIG LEVEL TRUCKING, INC.,                                    CASE NO. 25-51204-KMS

  DEBTOR.                                                               CHAPTER 11


MITSUBISHI HC CAPITAL AMERICA, INC.                          MOVANT

VS.

BIG LEVEL TRUCKING, INC.                                     RESPONDENT


### AGREED ORDER RESOLVING MOTION FOR ABANDONMENT AND RELIEF FROM THE AUTOMATIC STAY, OR ALTERNATIVELY, FOR  ADEQUATE PROTECTION *[Dkt. #105]*

THIS MATTER is before the Court on the *Motion for Abandonment and Relief from Automatic Stay or, Alternatively, for Adequate Protection* **[Dkt. #105]** ("Motion") filed by Mitsubishi HC Capital America, Inc. ("Mitsubishi") in the above-referenced chapter 11 proceeding of Big Level Trucking, Inc. ("Debtor") and the Debtor's Answer thereto **[Dkt. #160]**. The Court, being fully advised in the premises, and having been advised that the parties are in agreement that Mitsubishi is entitled to adequate protection, finds that the Motion should be granted as to thAT request and conditionally denied as to the portion of the motion seeking relief from the automatic stay, subject to the conditions set forth herein, as follows:

#111469288v1

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 361, 362, 363, and 554, *et seq.*, and the order granting automatic reference to this Bankruptcy Court.

**Parties**

2. On or about August 18, 2025, Big Level Trucking, Inc. ("Debtor") filed a petition for relief under Chapter 11.

3. Mitsubishi is a secured creditor of the Debtor.

**Facts**

4. On or about February 6, 2024, the Debtor executed a Commercial Finance Agreement ("Finance Agreement") in favor of Mitsubishi in the amount of $287,270.90, granting Mitsubishi a security interest in the following vehicles:

| QUANTITY | COLLATERAL DESCRIPTION | VIN NO. |
|---|---|---|
| 3 | 2019 International - LT625 - Sleeper Tractor (Used) | 3HSDZAPR4KN278922<br>3HSDZAPR6KN278923<br>3HSDZAPR9KN278916 |
| 3 | 2020 International - LT625 - Sleeper Tractor (Used) | 3HSDZAPR3LN374011<br>3HSDZAPR5LN374012<br>3HSDZAPR0LN374015 |

5. Pursuant to its Correction Amendment ("Amendment") letter to the Debtor dated March 21, 2024, Mitsubishi modified Section 3 of the Finance Agreement to correct inadvertent or typographical errors contained in the original agreement. True and correct copies of the

#111469288v1

Finance Agreement and the Amendment thereto were attached to the underlying motion as composite Exhibit "1" and are incorporated herein by reference.

6.     The three (3) Used 2019 International LT625 Sleeper Tractors ("2019 Trucks") and the three (3) Used 2020 International LT625 Sleeper Tractors ("2020 Trucks") are hereinafter referred to collectively as "the Collateral."

7.     The terms of the Agreement required the Debtor to pay Mitsubishi the amount of $13,192.55 in principal and interest per month for 24 months.

8.     The Debtor defaulted under the Agreement in April, 2025.  As of the petition date, the payoff on the Collateral was $158,414.71, in unpaid principal, interest due, and outstanding fees.

9.     Mitsubishi properly perfected its first priority security interest in the Collateral by timely filing its UCC-1 financing statement against Debtor and the Collateral.

10.     Mitsubishi and the Debtor agree that Mitsubishi is entitled to adequate protection in the form of regular monthly payments based on a re-amortized debt of $70,000.00, commencing the monthly payment due for March, 2026.

BASED ON THESE REPRESENTATIONS OF THE PARTIES AND THE FINDINGS SET FORTH HEREIN, IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Motion of Mitsubishi is Granted in Part, and Denied in Part, as set forth herein.

2.     The Collateral is hereby valued at $70,000.000 for purposes of this Agreed Order and the Debtor's Chapter 11 Plan of Reorganization. Mitsubishi shall be deemed to have a secured claim in that amount, and an unsecured claim in the amount of $88,414.71.

3.      Debtor shall pay the secured portion of the claim in the amount of $70,000.00 over a period of sixty (60) months, at an interest rate of 6.5% per annum. Total payments per month shall total  no less than $1369.63. Prior to confirmation, Debtor shall make interest-only adequate protection payments in the amount of $380.00 per month, for a period of four months, after which, plan payments shall commence.

4.      All payments shall be transmitted via wire transfer to the account previously designated by Mitsubishi to Debtor. Time is of the essence in the payment of adequate protection and plan payments. As set forth above, following confirmation of the Plan, payments may be made on a monthly basis in the amount of $1,369.63, with all post-confirmation payments to be made by the fifteenth (15th) day of each month over the plan period, until the $70,000.00 secured claim is paid in full, at the agreed rate of interest.

5.      Mitsubishi shall retain its security interest in the Collateral until the secured claim is paid in full as described herein. The unsecured portion of Mitsubishi's claim shall be paid in accordance with the Plan.

6.      All personal property taxes  and any other taxes, assessments, or fees associated with the Collateral shall be paid by Debtor and shall be the full responsibility of the Debtor, and shall be paid in a timely manner.

7.      The Debtor shall keep the Collateral in good and reasonable condition and shall perform regular maintenance on same in accordance with commercially reasonable maintenance standards for such Collateral as required by the Agreement.  Mitsubishi shall be provided access to inspect the Collateral as required by the Agreement.

8.      The Debtor warrants that the Collateral is presently insured and shall remain insured, and such insurance reflects the interests of Mitsubishi in the Collateral. The Debtor

4

agrees to provide evidence of effective insurance to Mitsubishi within three (3) business days of any request for production of any such evidence of effective insurance.

9.      To the extent there is an Event of Default as defined herein below, and such default has continued for three (3) business days after service of written notice of default by Mitsubishi via email to Debtor's counsel at cmgeno@cmgenolaw.com or csteiskal@cmgeno.com, (the "Default Notice"), the automatic stay imposed by 11 U.S.C. §362 shall terminate as to the Collateral without further Order of the Court if the Debtor fails to timely cure the default and Mitsubishi files its Notice of Termination of Stay concerning the Collateral.

10.     The occurrence of any one or more of the following events shall constitute an event of default ("Event of Default") under this Agreed Order:

    a.    The entry of an Order converting the case to a case under Chapter 7 of the Bankruptcy Code, or dismissing this bankruptcy case, or any order which explicitly terminates this Agreed Order;

    b.    The termination, expiration, lapse, or reduction of insurance coverage on the Collateral which results in the insurance coverage being less than the outstanding balance of the debt owed to Mitsubishi;

    c.    Failure to pay any payment required by this Agreed Order when due; and

    d.    Failure by the Debtor to comply with any term of this Agreed Order or failure by the Debtor to comply with any material term of the Agreement, not modified by this Agreed Order, if such default or violation continues for three (3) business days after written notification thereof has been transmitted to counsel for the Debtor.

11.     In the event the Debtor fails to make any payment required under this Agreed Order, Mitsubishi is entitled to file a claim under Section 507(b) with priority as set forth under Sections 503 and 507 of the Bankruptcy Code for any missed post-petition payments.

12.     All other terms and conditions of any agreements between the Debtor and Mitsubishi shall remain in full force and effect.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the agreement of the parties herein shall be and hereby is APPROVED as an Order of the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the automatic stay of Section 362(a) and the stay afforded by Bankruptcy Rule 4001(a)(3) shall be and hereby are modified to permit Mitsubishi to exercise its state court remedies concerning the Collateral upon an event of default and appropriate notice as set forth herein.

IT IS FURTHER ORDERED that the fourteen (14) day stay of execution under Fed. R. Bankr. Proc. 4001(a)(3) is waived.

***END OF ORDER***

PREPARED AND SUBMITTED BY:

*/s/ Chad J. Hammons*
Chad J. Hammons, MSB #10419
JONES WALKER LLP
3100 North State Street, Suite 300 (39216)
Post Office Box 427
Jackson, Mississippi  39205-0427
Telephone  (601) 949-4975
Telecopy  (601) 949-4804
chammons@joneswalker.com

*Counsel for Mitsubishi HC Capital America, Inc.*

AGREED AND APPROVED:

*/s/ Craig M. Geno*
Craig M. Geno, MSB #4793
LAW OFFICES OF GENO & STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, Mississippi  39157
Telephone  (601) 427-0048
Telecopy  (601) 427-0050
Email  cmgeno@cmgenolaw.com

*Counsel for Debtor*