

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: April 7, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **IN RE:** | **BIG LEVEL TRUCKING, INC.** | **CHAPTER 11** |
| | **Debtor** | **CASE NO. 25-51204-KMS** |

### <u>ORDER</u>

THIS CAUSE having come on for consideration of the *Omnibus Motion for Authority to Assume Truck/Trailer Leases* (the "Motion") **[DK #414]** filed herein by Big Level Trucking, Inc. (the "Debtor"), and the Court having considered the Motion, and being fully advised in the matter, does hereby find as follows, to-wit:

1.      Notice and a hearing were adequate and appropriate under the circumstances.

2.      On August 18, 2025, the Debtor filed with this Court its original Petition for reorganization under Chapter 11 of the Bankruptcy Code.

3.      This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 365, 541, 1107, related statutes, related rules and various orders of reference.  This is a core proceeding.

4.      The Debtor is the lessee under certain truck/trailer leases (the "Agreements") for the rental of trucks and trailers from various entities.  The Agreements are more fully described as follows:

-2-

| LESSOR NAME/ADDRESS | DESCRIPTION OF LEASE |
|---|---|
| Bank of NY Trust Co. c/o Navistar 2701 Navistar Drive Lisle, IL 60532-3637 | Lease of Trucks |
| H&P Leasing P.O. Box 6257 Jackson, MS 39288 | Lease of Trailers |
| Penske Truck Leasing Co. P.O. Box 827380 Philadelphia, PA 19182 | Lease of Trucks |

5.      The Agreements are assets of significant importance to the Debtor and its estate.

6.      The Debtor's mandate is to exercise its business judgment and ask the Court, pursuant to the Motion, for an order authorizing the assumption by the Debtor of the Agreements.

7.      There are no monetary or non-monetary defaults with respect to the Agreements that need to be cured prior to the assumption.  The vendors were afforded the opportunity to respond to the Motion, setting forth the alleged defaults and the alleged cures (monetary and non-monetary), so as to allow the Debtor to either negotiate and resolve the alleged cures, or in the event of a failure of negotiations to reach a resolution, then the Debtor and the vendors could present those issues to the Court for resolution.  However, no responses were filed to the Motion by the vendors.

8.      Assumption of the Agreements described above is in the best interest of the Debtor, all creditors and all parties-in-interest.

9.      The Court finds that the Motion is well-taken and is hereby granted.  The Debtor is authorized to execute such documents so as to finalize the assumption of the Agreements.

# #  END OF ORDER  # #

-2-

-3-

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Assumption\Order - Omnibus Mot to Assume Truck and Trailer Leases 3-13-26.wpd