**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**BIG LEVEL TRUCKING**                          **CASE NO  25-51204 - KMS**

**DEBTOR**

                                                                        **CHAPTER 11**

**MISSISSIPPI DEPARTMENT OF REVENUE'S**
**OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION**

**COMES NOW**, the Mississippi Department of Revenue ("MDOR"), by and through counsel, and files this *Objection* ("Objection") to the Debtor's *Disclosure Statement* [Dkt. # 420] ("Disclosure Statement) and to confirmation of the Debtor's *Plan of Reorganization* [Dkt. # 421] ("Plan"). In support of this Objection, MDOR would show the Court the following:

**MDOR Claims**

1.      MDOR has filed one pre-petition proof of claim: Claim 30-1 for $27,354.80 in withholding tax liabilities with $24,868.00 classified as priority and the rest classified as general unsecured. MDOR has filed one administrative claim: Claim 58-1 for $8,586.40 in withholding tax penalties, all classified as priority, for August, November, and December 2025. The Debtor also owes the following: Withholding tax penalties for penalties for March 2026; Return and PTE tax liabilities for year ending December 2025; and Fuel tax liabilities (at least $16,769.32) for March 2026. Depending on timing of Confirmation, Debtor may owe returns or applications and/or additional liabilities for periods ending prior to the date of Confirmation.

**Objection to Disclosure Statement**

2.      The Disclosure Statement fails to satisfy the adequate information standard required under 11 U.S.C. Section 1125 because it fails to sufficiently or clearly address how the payments under the Plan will be funded. The one page "annualized budget" in the Disclosure

1

Statement (Exhibit E) does not provide a basis for the estimated number used and does not explain how the projected surplus funds will be applied toward payments under the Plan.

## Objection to Plan

3.     **Administrative Claims.**  The Plan fails to provide MDOR with its statutory protections regarding administrative claims. The Bankruptcy Code makes clear that the entire amount of any debt owed to MDOR for post-petition taxes, including all tax, interest, and penalties accrued through the date of payment, will be without any requirement that MDOR file any claim or request for payment. 11 U.S.C. § 503(b)(1)(B), (C) and (D).  Moreover, the Order (Dkt. 15) filed in this case makes clear that the Debtor "shall timely file tax returns for and pay over withheld or collected post-petition taxes as and when due under the laws of the State of Mississippi…" Thus, the language in this section should state that:

> The Reorganized Debtor/Debtor shall timely submit returns or applications and remit payment, including penalties and interest, for all taxes or fees due or coming due, as required under applicable Mississippi state law and any unpaid taxes or fees, penalties or interest or unfiled returns or applications shall be paid and filed prior to the Confirmation Date. MDOR shall not be required to file any proofs of claim or requests for payment of Administrative Claims for the liabilities described in § 503(1)(B) of the Bankruptcy Code.

4.     **Priority Claims.** The Plan should specify that beginning on the Effective Date MDOR's Priority Claim, plus statutory interest, will be paid in cash in equal monthly installment payments over "a period ending not later than 5 years after" the Petition Date. See 11 U.S.C. 1129(a)(9)(C)(ii). While the Plan refers to a 60-month payment period for Priority Claims (Article II), that 60 month ends five years after the Effective Date, rather than after the Petition Date. This section should state:

> To the extent that MDOR's priority tax claims is not paid in full in cash on the Effective Date, such claim shall, at a minimum, be paid by equal monthly installment payments in cash, beginning on the Effective Date and ending no later than the 60 month anniversary of the date of the order for relief,  along with non-

bankruptcy interest in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code and Mississippi state law.

5.     **Default Language.**  Section 1123(a)(5)(G) of the Bankruptcy Code states that a plan should provide means for its implementation, including the curing of defaults. Without adequate default remedies, the Plan may preclude MDOR from enforcing its rights as a creditor in non-bankruptcy forums. Default remedy language similar to the following has been approved in many bankruptcy cases in this and other districts and should be added to the Plan or Order of Confirmation in this case:

> In the event of a default in the Debtor's obligations with respect to Administrative Claims or Priority Claims, MDOR shall send written notice of default to the Debtor to the address in MDOR's records.  If such default is not cured within 10 business days after such notice of default is mailed, the MDOR may, without notice to or approval of this Court or further notice to Debtor, (a) enforce the entire amount of its claims; (b) proceed with Mississippi state law remedies for collection of any amounts due including filing its statutory liens against the Debtor's assets property, regardless of when acquired, and forcing collections based on those liens and/or (c) seek such relief as may be available from the Court.

> For any and all periods ending after the confirmation of the Plan, the Debtor shall timely submit returns and/or applications and remit payment, including penalties and interest, for all taxes or registration fees due, as required under applicable Mississippi state law. Should the Debtor fail to so timely file and pay, MDOR may immediately proceed with Mississippi state law remedies for collection of any amounts due including filing liens against Debtor's assets and properties, regardless of when acquired, and forcing collections based on those liens without notice to the Debtor or the Court.

6.     **Third Parties.**  While the Plan contains no language that appears to propose a third- party release, because the Debtor's liabilities to MDOR includes unpaid trust fund taxes, the Plan should clearly provide that neither the Plan nor the Chapter 11 Case will inhibit MDOR's ability to transfer unpaid trust fund taxes under its statutory authority or to collect the amounts due from non-Debtor third parties. For that reason, the Plan should state that: Neither

3

this Plan nor the Chapter 11 Case shall have any effect on the MDOR's rights as to non-Debtor third parties.

7.      **Feasibility.** The Plan fails to meet the feasibility requirement under 11 U.S.C. § 1129(a)(11) because the Debtor has not established that this Plan provides a realistic and workable framework for reorganization.

8.      MDOR also objects to the Plan for other reasons to be determined at a hearing set on this matter.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Department of Revenue prays that the Debtor's Plan of Reorganization not be approved unless the provisions set forth in an amended plan or the confirmation order are in accordance with the above-stated objections. Further, Mississippi Department of Revenue prays for general relief.

RESPECTFULLY SUBMITTED this April 30, 2026.

MISSISSIPPI DEPARTMENT OF REVENUE

BY:     Signed:  /s/ *Sylvie D. Robinson*
        Sylvie D. Robinson (MSB # 8931)
        Mississippi Department of Revenue
        Post Office Box 22828
        Jackson, MS 39225
        601-923-7412

4

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was filed through the Court's electronic document filing system which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date hereof or by regular U.S. Mail, postage pre-paid.

By US Mail
Debtor In Possession
Big Level Trucking, Inc.
P.O. Box 306
Wiggins, MS 39577

By ECF

Debtor's Attorneys
Craig Geno
cmgeno@cmgenolaw.com
Christopher J. Steiskal, Sr.
csteiskal@cmgenolaw.com

U.S. Trustee
USTPRegion05.JA.ECF@usdoj.gov

Counsel for U.S. Trustee
abigail.m.marbury@usdoj.gov
steven.usry@usdoj.gov

SO CERTIFIED, this April 30, 2026                    /s/Sylvie D. Robinson

5