

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: May 7, 2026**

The Order of the Court is set forth below. The docket reflects the date entered.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## GULFPORT DIVISION

**IN RE:   BIG LEVEL TRUCKING, INC.        CASE NO.  25-51204-KMS**

| | |
|---|---|
| **SIMMONS BANK** | **MOVANT** |
| **VS.** | |
| **BIG LEVEL TRUCKING, INC.** | **RESPONDENT** |

## AGREED ORDER RESOLVING MOTION TO ABANDON COLLATERAL AND LIFT STAY, OR ALTERNATIVELY FOR ADEQUATE PROTECTION *[Dkt. #215]*

THIS MATTER is before the Court on the *Motion for Abandonment and Relief from Automatic Stay or, Alternatively, for Adequate Protection* **[Dkt. #215]** ("Motion") filed by Simmons Bank ("Simmons") in the above-referenced Chapter 11 proceeding of Big Level Trucking, Inc. ("Debtor") and the Debtor's Answer thereto **[Dkt. #270]**.  The Court, being fully advised in the premises, and having been advised that the parties are in agreement that Simmons is entitled to adequate protection, finds that the Motion should be granted as to that request and conditionally denied as to the portion of the motion seeking relief from the automatic stay, subject to the conditions set forth herein, as follows:

1. Big Level Trucking, Inc. filed a Petition under Chapter 11 of the United States Bankruptcy Code on or about August 18, 2025.

2. Simmons is a secured creditor of the Debtor and this bankruptcy estate holding a claim in the amount of $30,602.03 secured by the Debtor's interest in a 2020 Intl LT625 Tractor with VIN 3HSDZAPR2LN813013 and a 2020 Intl LT625 Tractor with VIN 3HSDZAPR2LN813014 ("the Collateral").

3. Big Level Trucking Inc. executed a Promissory Note, and a Security Agreement dated December 27, 2024, in favor of Simmons Bank in the original principal sum of $43,365.97.

4. As of the petition date, the payoff on the Collateral was $30,602.03, in unpaid principal, interest due, and outstanding fees.

 BASED ON THESE REPRESENTATIONS OF THE PARTIES AND THE FINDINGS SET FORTH HEREIN, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion of Simmons is Granted in Part, and Denied in Part, as set forth herein.

2. Simmons shall be deemed to have a secured claim in the amount of $30,602.03 per Proof of Claim 6.

3. Debtor shall pay the claim in the amount of $30,602.03 over a period of forty-eight (48) months, at an interest rate of 5.0% per annum. Total payments per month shall total no less than $563.83.

4. Simmons shall retain its lien on the Collateral, with the priority thereof as existing on the Petition Date, until its Claim is paid in full.  The Debtor assumes all pre-petition contractual provisions contained in the Loan Documents between Wilmington and Debtor for this Claim, including, without limitation, requirements for insurance, payment of taxes and requirements for ongoing financial disclosures required by Debtor and any and all co-debtors and guarantors.  Further, the Debtor will allow reasonable inspections, including, without limitation, appraisals of the Collateral.

5. The Debtor accepts Simmons Proof of Claim filed in this bankruptcy case *[Court Claim Register #6-1]* and agrees that no objection will be made to the Proof of Claim filed by Simmons in this bankruptcy case concerning this Claim.

6. Debtor will include the agreed treatment in the plan of reorganization. With that language included, Simmons bank will vote in favor of the plan.

7. Any Order confirming a Chapter 11 Plan in this bankruptcy case shall incorporate the provisions of this Agreed Order.  To the extent that the provisions of any Order confirming a Chapter 11 Plan in this bankruptcy case are inconsistent with the provisions of this Agreed Order, with respect to Simmons, this Agreed Order shall control.

8. Except as set forth herein, nothing in this Agreed Order shall be construed as a waiver of Simmons', and/or its successors' and/or assigns', rights as a creditor in this bankruptcy case.  Specifically, Simmons expressly reserves all rights afforded to it pursuant to Title 11 U.S.C. and applicable non-bankruptcy law.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the agreement of the parties herein shall be and hereby is APPROVED as an Order of the Court.

**\*\*\*END OF ORDER\*\*\***

PREPARED AND SUBMITTED BY:

*/s/ Sarah Dunagan Labosier*
SARAH DUNAGAN LABOSIER
MS Bar No. 103522
Attorney for Creditor
PADGETT LAW GROUP
6267 Old Water Oak Road, Ste. 203
Tallahassee, FL 32312
(850) 422-2520
Email: Sarah.Labosier@padgettlawgroup.com

AGREED AND APPROVED:

*/s/ Craig M. Geno*
Craig M. Geno, MSB #4793
LAW OFFICES OF GENO &
STEISKAL, PLLC  601 Renaissance
Way, Suite A
Ridgeland, Mississippi  39157
Telephone  (601) 427-0048
Telecopy  (601) 427-0050
Email  cmgeno@cmgenolaw.com
*Counsel for Debtor*