_____



SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: May 8, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BIG LEVEL TRUCKING, INC. | ) | Case No. 25-51204-KMS |
| | ) | Chapter 11 |
| Debtor. | ) | |

## ORDER

THIS CAUSE having come on for consideration of the *Motion to Approve Assumption of Contract of Love's Travel Stops as Critical Vendor* (the "Motion") **[DK #458]** filed herein by Big Level Trucking, Inc. (the "Debtor" or "Movant"), and the Court having considered the motion, does hereby find, order and adjudicate as follows, to-wit:

1.     Notice and a hearing were adequate and appropriate under the circumstances.

2.     On August 18, 2025 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.  The Movant is the Debtor

1

and Debtor-in-Possession in this Chapter 11 case, and remains in possession of its assets and properties as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.     This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 364, 365, 541, 1107, 1109, related statutes, related rules and various orders of reference.  This is a core proceeding.

4.     Prior to the filing of the Petition herein, Movant entered into a transaction with Love's Travel Stops and Country Stores, Inc. ("Love's") for providing, among other things, truck maintenance services to the Debtor's fleet of trucks and trailers.  A copy of that certain executory contract titled "Diesel Fuel Discount Master Agreement" between Movant and Love's dated January 29, 2019 and modified by "Amendment No. 018" dated November 25, 2025, was attached to the Motion as Exhibit "A" and is incorporated herein by reference (the "Contract").

5.     The documents attached to the Motion as Exhibit "A" reflect an agreement under which Love's established a line of credit for the Movant in order to assist Movant with payment for maintenance, supplies and related support items in connection with the Movant's overland trucking operation.

6.     These transactions directly supply parts and related support goods, and have allowed the Movant to continue to obtain parts and services for its trucking fleet and to keep its trucks and trailers properly maintained.  Obviously, without proper maintenance and without related support goods and services, Movant would cease operations.

7.     Love's is well suited to provide maintenance services to Movant due to Love's extensive geographic footprint of truck maintenance facilities, which overlaps with the Debtor's business service area.  At the Petition Date, Movant owed Love's approximately $270,000 for maintenance services.  Love's has agreed to continue providing maintenance services to the Debtor, provided the Debtor assumes the Contract with Love's, pays weekly for maintenance

services post-petition and cures the pre-petition arrearage by making payments to Love's of $25,000 per week. Movant's post-petition maintenance purchased from Love's has varied, ranging from $5,000 per week to as much as $48,000 a week. Further, Love's has agreed to support any plan of reorganization filed by the Debtor which incorporates these terms.

8.      Without the services provided by Love's, Movant's drivers would be unable to obtain vehicle-related goods and services and Movant's business would likely grind to a literal halt. Since the filing of the Petition, Love's has graciously accommodated Movant and continued to provide critical maintenance services to Movant's fleet of trucks and trailers, as long as Movant provided (a) "good" funds weekly for such purposes in amounts equal to or in excess of the expenditures estimated to be incurred by Movant, and (b) that Movant seek authorization for Love's to apply post-petition payments by Movant in satisfaction of the pre-petition debt owed to Love's, as well as seeking contract assumption on the terms stated herein. This arrangement allowed Movant to pay for critical maintenance and support goods and services it needs to operate. Movant had/has no readily available source of funds otherwise. Moreover, the continuation of Love's maintenance services enabled Movant's drivers to efficiently and reliably obtain tires and other parts and supplies as well as maintenance services from Love's in the ordinary course, consistent with pre-petition practices, where drivers may have been unable to do so without the financing advanced by Love's and therefore, has been instrumental in ensuring no interruption in the operation of Movant's business.

9.      The cost of maintenance and vehicle-related goods and services from Love's since the filing of the Petition are and would be administrative expense claims. Accordingly, payments made to Love's by the Movant in respect of those expenditures were either made in the ordinary course of business or were for administrative services.

10. Movant's business would suffer greatly and the success of this Chapter 11 proceeding would be jeopardized if the Debtor was forced to find another truck maintenance vendor. Securing a maintenance vendor other than Love's would not be cost effective, given the reasonable prices charged by Love's as well as the broad geographic availability of Love's services. In the exercise of the Debtor's reasonable business judgment, it is in the best interest of the Debtor and its bankruptcy estate to assume the Contract on the terms agreed with Love's as stated hereinabove. Substantial performance remains for both the Debtor and for Love's under the terms of Exhibit "A" to the Motion.

11. Shortly after the filing of the Petition, Movant obtained authority of the Court to continue its factoring with Corporate Billing, a Division of SouthState Bank, N.A. in order to provide working capital and cash for Movant to continue its operations. Included in the budget approved by the Court were line items for parts, repairs, services and related support goods and services in connection with Movant's overland trucking operations, which expenses include the amounts paid to Love's post-petition.

12. In light of the contract performance Love's has extended to Movant, Love's has allowed Movant to continue to purchase needed maintenance services, parts and related support goods and services and has been a financial accommodation for the payment of administrative expenses consistent with the interim order authorizing the Debtor to continue its factoring and financing arrangements with Corporate Billing.

13. It is essential for Movant to assume its contract with Love's and to cure its pre-petition arrearage in connection with the assumption of the executory Contract, and to have the Court approve the form and content of all of the Movant/Love's transactions that have occurred or are expected to occur by, between and among Movant and Love's thus far, including, without limitation, (i) Movant's weekly deposits of cash equal to, or in excess of, expenditures estimated

4

to be incurred by Movant and (ii) the application by Love's of post-petition payments made by Movant in satisfaction of the pre-petition arrearage as well as expenses incurred after the filing of the Petition in accordance with the Contract.

14.     Love's and Movant will continue with the "arrangements" they have made with the Court's approval.

15.     But for the financial accommodations extended by Love's, Movant would not have been able to purchase critical maintenance services and related support goods and this case would have been over literally before it could begin.  Likewise, the continuation of Love's provision of maintenance services in accordance with the Contract is critical to ensure that there is no cessation of services and Movant is able to continue to operate its business smoothly.

16.     This Order is in the best interests of the Debtor, all creditors and all parties-in-interest in that it allows for uninterrupted continued maintenance of the Debtor's truck fleet.

17.     Accordingly, the Court hereby grants the Motion, and the Debtor is authorized to assume the Contract of Love's.  In addition, the form and content of all of the Movant/Love's transactions that have occurred or are expected to occur by, between and among Movant and Love's thus far, including, without limitation, (i) Movant's weekly deposits of cash equal to, or in excess of, expenditures estimated to be incurred by Movant and (ii) the application by Love's of post-petition payments made by Movant in satisfaction of the pre-petition arrearage as well as expenses incurred after the filing of the Petition in accordance with the Contract are approved.

18.     This is a final order as contemplated by the applicable Bankruptcy Rules.

## END OF ORDER ##

5

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 – Telephone
6k01-427-0050 – Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com