IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     BIG LEVEL TRUCKING, INC.                        CHAPTER 11
           Debtor                                   CASE NO. 25-51204-KMS

## MOTION TO ENFORCE PRIOR COURT ORDER

COMES NOW Big Level Trucking, Inc. (the "Debtor" or "Movant"), and files this its *Motion to Enforce Prior Court Order* (the "Motion"), and in support thereof, would respectfully show as follows, to-wit:

1.     Notice and a hearing were adequate and appropriate under the circumstances.

2.     On August 18, 2025 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code.

3.     This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 364, 541, 1107, 1109, related statutes, related rules and various orders of reference.  This is a core proceeding.

4.     Prior to the filing of the Motion, the Debtor obtained an Order of the Court granting an Emergency Motion for Authority to Incur Debt and Grant Security Therefor (the "Financing Order") [DK #274], and a copy of the Financing Order is attached, incorporated by reference and marked as **Exhibit "A"**.

5.     While Exhibit "A" speaks for itself, it provides, in essence, that David Johns, Joey Ferguson and Sam McClendon (the "Lenders") agreed to advance funds to the Debtor for interim working capital, along with the additional terms of the loan, repayment thereof and collateral granted to the Lenders.  While certain advances were contributed to equally by all the Lenders, additional advances have not been contributed, in their pro rata share, by Joey Ferguson ("Mr. Ferguson").

6. The Financing Order, in paragraph 16, provides that the Court incorporated its bench opinion rendered at the conclusion of the evidence on January 6, 2026 at a hearing on the motion. The Financing Order provides that the underlying transaction was agreed to by the Lenders on December 18, 2025, and, while the loan was not to be funded in its entirety, the Debtor could "draw" specific sums from the loan to be made (emphasis added) by the Lenders to be used to pay costs and expenses.

7. The transactions underlying the Financing Order were agreed to by the Lenders, without exception, and without any reason to refuse to make the draws/loans.

8. Those absolute obligations were incorporated within the Court's Financing Order, which essentially serves as a contract, by, between and among the Debtor and the Lenders. The Financing Order serves as the document memorializing incorporated the terms and conditions of the borrowing transaction.

9. Mr. Ferguson, for whatever reason, has declined to participate and to add his pro rata share to the funds that were, or perhaps are, to be loaned to the Debtor and thus, not only has he breached his agreement with the Debtor (and his fellow shareholders) he is in violation of the Court's Financing Order that directed and approved the underlying lending transactions.

10. In addition, Mr. Ferguson, in his capacity as a shareholder/insider, is not merely a disinterested third-party lender - he is an owner of the very company he has agreed to loan money to and now has breached that promise that he made.

11. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its order enforcing its Financing Order by requiring Mr. Ferguson to comply with the terms and conditions of the Financing Order and the underlying

-3-

agreement that he entered into with his fellow shareholders and the Debtor by loaning his pro rata share of the funds advanced, and to be advanced, by the shareholders. Debtor prays for general relief.

THIS, the \_\_\_11th\_\_\_ day of May, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Mot to Enforce Prior Court Order dk 274 - 5-09-26.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail,  postage prepaid, a true and correct copy of the above and foregoing to the following:

Joey Ferguson
1538 MS-15
Houston, MS 38851
joey.ferguson@longleafforestproducts.com

Joey Ferguson
159 CR 43
Houston, MS 38851

Abigail M. Marbury, Esq.
Assistant United States Trustee
abigail.m.marbury@usdoj.gov

THIS, the _____ day of May, 2026.

_____
Craig M. Geno



SO ORDERED,

*Katharin M. Samson*

Judge Katharine M. Samson
United States Bankruptcy Judge
Date Signed: January 7, 2026

**The Order of the Court is set forth below. The docket reflects the date entered.**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        **BIG LEVEL TRUCKING, INC.**            **CHAPTER 11**
              **Debtor**                              **CASE NO. 25-51204-KMS**

### ORDER

THIS CAUSE having come on for hearing on the *Emergency Motion for Authority to Incur Debt and Grant Security Therefor* (the "Motion") **[DK #245]** filed herein by Big Level Trucking, Inc. (the "Debtor"), and the *Limited Objection* **[DK #261]** thereto filed by XTRA Lease LLC ("XTRA"), and the *Objection* **[DK #262]** thereto filed by Bank of Wiggins (the "Bank"), the Court having heard and considered the Motion, having heard and considered testimony in support of the Motion, arguments of counsel in support of, and in opposition to, the Motion, does hereby find as follows, to-wit:

1.      Notice and a hearing were adequate and appropriate under the circumstances.

2.      On August 18, 2025 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code.

3.      This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 364, 541, 1107, 1109, related statutes, related rules and various orders of reference.  This is a core proceeding.

4.      Debtor is a transportation and logistics company, serving its customers across the

## EXHIBIT "A"

country in transportation of goods for rates.

5.    Debtor is in need of an emergency infusion of cash in order to meet its obligations during this period of time when its revenues are decreased.

6.    Certain of the Debtor's equity security holders have agreed to provide a minimum of $450,000, with the possibility of loaning up to $600,000 total, for an emergency loan (the "Loan") in order to assist the Debtor in getting over the holiday and weather down time and decrease in revenue.

7.    The equity security holders are David Johns, Joey Ferguson and Sam McClendon (the "Lenders").

8.    The terms of the Loan are:

    a.    The principal amount of the Loan is $450,000, but can be increased to $600,000 (total) at the Lenders' discretion;

    b.    The collateral for the Loan shall be any distributions or funds the Debtor may receive, at some point in the future (and that date is not known) from its Olympus Insurance Group "insurance program" (discussed below);

    c.    The Loan bears interest at 12%;

    d.    The Loan will be repaid from distributions received from the insurance program, whenever that may be, and payments are to be made annually for a three (3) year term. The first payment would be due one year from the date of the order granting the Motion;

    e.    Insurance distributions shall be paid directly from Olympus Insurance Group/the insurance program to the Lenders (as directed by the Lenders) as such other payment distributions as may be required;

f.     No prepayment penalty; and

g.     All Olympus Insurance Group dividends or distributions shall be paid to the Lenders until the Loan is fully paid.

9.     The Debtor is in need of these funds on an emergency basis, and the Loan terms were only agreed to on December 18, 2025, and thus the Debtor sought an emergency hearing during the very early days of 2026.

10.     These funds are absolutely necessary for the payment of ongoing costs and overhead of the Debtor, and subject to the Debtor's budget approved by the Court.

11.     The Debtor is unable to obtain loans or credit on more favorable terms (or any terms for that matter).

12.     The terms and conditions of the Loan are fair and reasonable under the circumstances.

13.     The Debtor's "insurance program" is, to an extent, a self-insurance program.

14.     The insurance program may (or may not) provide dividends or distributions to the Debtor at some point. Debtor has pressed for a date upon which distributions under the program will be made, but it cannot get any real assurance of when that may occur.

15.     As noted, the terms, conditions and provisions of the Loan transaction contemplated by the Motion are fair and reasonable under the circumstances, especially considering the unknown and speculative nature of when the Loan might be repaid from distributions from the insurance program. The Debtor's equity security holders have acted in good faith in negotiating the terms and conditions of the Loan and they are good faith lenders.

16.     The Court incorporates its bench opinion rendered at the conclusion of the evidence on January 6, 2026. The Loan is not to be funded in its entirety, but the Debtor may, from time to time as needed, "draw" specific sums from the Loan to be made by the Lenders to be used to pay

ordinary, reasonable and necessary operating expenses and administrative expense claims. When the Debtor obtains a "draw" upon the Loan, it shall notify all creditors and parties-in-interest having entered an appearance herein, the five (5) largest unsecured creditors, all government creditors and parties-in-interest by the filing of a notice with the Clerk of the Court, noting the amount of the draw request and Loan funding. In addition, every **thirty (30) days,** the Debtor shall file a report with respect to the use of the "drawn" funds.

17.  The Limited Objection of XTRA and the Objection of the Bank are overruled.

18.  Accordingly, the Motion is hereby granted and the Debtor is authorized to incur debt and grant security to the equity security holders in connection with the Loan as set forth herein.

**# # END OF ORDER # #**

APPROVED AS TO FORM:

Craig M. Geno
Counsel for Big Level Trucking, Inc.

*/s/ Paul S. Murphy*   [WITH PERMISSION]
Paul S. Murphy
Counsel for Bank of Wiggins and
XTRA Lease LLC

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Order - Em Mot to Incur Debt 12-18-25.wpd