_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: May 28, 2026**

_____
**The Order of the Court is set forth below. The docket reflects the date entered.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**IN RE:**

**BIG LEVEL TRUCKING, INC.**                    **CASE NO: 25-51204-KMS**

**Debtor**                                                      **Chapter 11**

## <u>AGREED ORDER BETWEEN DEBTOR AND BANK OF WIGGINS RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY OF THE ESTATE OR ALTERNATIVELY FOR ADEQUATE PROTECTION</u>

This matter came before the Court on the *Motion for Relief from the Automatic Stay and Abandonment of Property of the Estate or Alternatively for Adequate Protection* [Dkt. 340] (the "Motion for Relief") filed by Creditor Bank of Wiggins ("BOW") and *Debtor's Answer and Response to Bank of Wiggins' Motion for Relief from the Automatic Stay and Abandonment of Property of the Estate or Alternatively for Adequate Protection* [Dkt. 392] filed by Big Level Trucking, Inc. ("Debtor").  The Debtor and BOW have entered into and agree to the terms of this Order and stipulate as follows:

1.      This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      On August 18, 2025, (the "Petition Date"), Big Level Trucking, Inc (the Debtor" or "BLT") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division (the "Bankruptcy Court").  No Trustee or unsecured creditors' committee has been appointed, and the Debtor continues to operate as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code.

3.      On July 30, 2025, the Debtor was indebted to BOW in the amount of One Million Five Hundred Twenty-Four Thousand Four Hundred Ninety-Eight and 51/100 Dollars ($1,524,498.51) (the "Indebtedness") and, being so indebted, executed a Promissory Note (the "Note") for account number xxxx5100 in that amount dated July 30, 2025, by which the Debtor promised to repay the Indebtedness to BOW.  The Note states, *inter alia*, as follows:

> **PROMISE TO PAY.  BIG LEVEL TRUCKING, INC. ("Borrower") promises to pay the Bank of Wiggins ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Million Five Hundred Twenty-four Thousand Four Hundred Ninety-eight & 51/100 Dollars ($1,524,498.51) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 9.000%.  Interest shall be calculated from the date of each advance until repayment of each advance.  The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.**
>
> \* \* \*
>
> **PAYMENT.** Borrower will pay this loan in one payment of all outstanding principal plus all unaccrued interest on July 30, 2026. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning August 30, 2025, with all subsequent interest payments to be due on the same day of each month after that.
>
> \*\*\*
>
> **DEFAULT.**  Each of the following shall constitute an event of default ("Event of Default") under this Note:
>
> \* \* \*
>
> **Insolvency.**  The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of

creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

\* \* \*

A true and correct copy of the Note is attached to the Motion for Relief Exhibit "A."

4.      Also on July 30, 2025, and as security for the Note, the Debtor executed a Commercial Security Agreement (the "CSA"), granting BOW a first-priority security interest in, and lien upon, seventy-seven (77) units including Dump Trailers, Flatbed Trailers, Curtain Side Trailers, Bulk Trailers, Lowboy Trailers, Van Trailers, Cattle Trailers, Peterbilt Trucks and International Trucks (the "Vehicular Collateral").  The CSA includes an itemized list identifying each unit of the Vehicular Collateral by Year, Make/Model and VIN.  In addition, the Debtor's CSA granted BOW a security interest in the following:

(A)  All attachments, accessories, replacements of and additions to any of the collateral described herein, whether added now or later;
(B)  All products and produce of any of the property described in this collateral section;
(C)  All accounts, general intangibles, instruments, rents, monies, payments and all other rights arising out of a sale, lease, consignment or other disposition of any of the property described in this collateral section;
(D)  All proceeds (including insurance proceeds) from the sale, destruction, loss or other disposition of any of the property described in this collateral section, and sums due from a third party who has damaged or destroyed the collateral or from that third party's insurer, whether due to judgment, settlement or other process;
(E)  All records and data relating to any of the property described in this collateral section . . . .

The above along with the Vehicular Collateral is collectively the "Collateral".

5.      BOW perfected its security interest in and lien upon the Collateral by having its interest noted on the Certificates of Title for the Vehicular Collateral.  A true and correct copy of the CSA is attached hereto as Exhibit "B." True and Correct copies of the Certificates of Title are attached to the Motion for Relief as Exhibit "C".

3

6. The Debtor made no payments to BOW on the Note. Less than a month after securing the loan from BOW, the Debtor filed its Voluntary Chapter 11 petition. The Debtor has made no post-petition payments to BOW on the Note.

7. As of the Petition Date, the outstanding balance on the Note was not less than $1,524,498.10 plus interest, attorneys' fees, costs and expenses. (the "Prepetition Indebtedness").

8. As of the Petition Date, the Debtor was in default of its obligations to BOW under the Note and related Loan Documents.

9. BOW is the legal and rightful owner of the Note, the CSA and other applicable loan documents, and BOW has performed all of its obligations and conditions precedent to enforce the Note, the CSA and other applicable Loan Documents.

10. On or about February 3, 2026, BOW filed a *Motion for Relief from the Automatic Stay and Abandonment of Property of the Estate or Alternatively for Adequate Protection* [Dkt. 340].

11. On or about March 4, 2026, Debtor filed an Answer to the Motion for Relief [Dkt. 392].

12. A hearing was held on the Motion for Relief on May 7, 2026.

13. On or about May 8, 2026, the Court entered a Minute Entry relating to BOW's Motion for Relief to submit an Agreed Order on, or by May 21, 2026 [Dkt. 497].

14. To avoid litigation regarding appropriate adequate protection or relief from the automatic stay and the costs of pursuing such litigation, and to allow for the continued operation of the Debtor's business and use of the Collateral subject to the agreements and terms of this Order, BOW and the Debtor have stipulated and agreed to the terms and conditions set forth herein.

**IT IS, THEREFORE, STIPULATED, ORDERED AND ADJUDGED AS FOLLOWS:**

A.      The Motion for Relief is granted as set forth herein.

B.      BOW is entitled to 11 U.S.C. § 361 adequate protection payments as follows:

   i.      The Debtor agrees that it shall pay BOW interim adequate protection payments calculated on the Debtor's asserted, but contested, value of the collateral at the time of the petition, (which amount is $1,087,500) at 6% amortized over 15 years, resulting in a weekly payment of $2,115.25 (the "Agreed Interim Adequate Protection Payment").  All Agreed Adequate Protection Payments shall be made by wire transfer to BOW.

   ii.      The Debtor shall commence making the Agreed Interim Adequate Protection Payments before the Close of Business on Friday, May 22, 2026, and continue making the weekly Agreed Interim Adequate Protection Payments before the Close of Business on each consecutive Friday thereafter, until otherwise ordered by this Bankruptcy Court.

C.      The Debtor shall keep the Vehicular Collateral insured according to the levels specified in the Loan Documents and properly maintain the condition of all Vehicular Equipment.

D.      In the event that the Debtor defaults in making any Agreed Interim Adequate Protection Payment, or fails to keep the Vehicular Collateral insured and maintained as per the terms of the Loan Documents, BOW shall provide notice to the Debtor by emailing Debtor's counsel at cmgeno@cmgenolaw.com and the Debtor shall have five (5) days to cure such default. Absent such cure, BOW may at its option declare a default, and immediately file an Affidavit of Noncompliance with this Order on the docket, at which point Debtor will surrender the Vehicular Collateral immediately and BOW shall be entitled to proceed with its state court remedies against

the Vehicular Collateral as permitted pursuant to the Loan Documents, at law or in equity, without further order of this Court.

     E.     Notwithstanding Bankruptcy Rule 4001(a)(3), this Order shall be immediately effective and enforceable upon entry.

     F.     This Court shall retain jurisdiction to enforce the provisions of this Order, to the extent allowed by law.

### END OF ORDER ###

AGREED TO BY:

| | |
|---|---|
| _/s/ Paul S. Murphy_ | _/s/ Craig M. Geno_ |
| Paul S. Murphy, Esq. | Carig M. Geno, Esq. |
| Butler Snow LLP | Law Offices of Craig M. Geno, PLLC |
| P.O. Drawer 4248 | 601 Renaissance Way, Suite A |
| Gulfport, MS  39502 | Ridgeland, MS  39157 |
| (228) 575-3033 | (601) 427-0048 |
| paul.murphy@butlersnow.com | cmgeno@cmgenolaw.com |
| | |
| *Counsel for Bank of Wiggins* | *Counsel for Big Level Trucking, Inc.* |