---



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 5, 2026**

---

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BIG LEVEL TRUCKING, INC. | ) | Case No. 25-51204-KMS |
| | ) | Chapter 11 |
| Debtor. | ) | |

## <u>AGREED ORDER ESTABLISHING TREATMENT OF PNC BANK, NATIONAL ASSOCIATIONS'S SECURED CLAIM AND GRANTING RELATED RELIEF</u>

This matter comes before the Court on the agreement of the above-captioned debtor, Big Level Trucking, Inc. (the "Debtor") and PNC Bank, National Association ("PNC" or "Creditor," collectively with the Debtor, the "Parties") concerning the Debtor's continued possession and use of certain collateral of the Creditor and treatment of PNC's claim in the Debtor's Chapter 11 Plan of Reorganization (Dkt. # 421) (the "Plan"). The Court, being advised that PNC and the Debtor are agreeable to the relief below and finding that said agreement is fair, reasonable, and appropriate under the circumstances, orders as follows:

1. On or around March 21, 2022, the Debtor entered into a Loan and Security Agreement ("Agreement 1") with PNC Equipment Finance, LLC ("PNCEF") to finance the purchase of (a) a 2019 International LT625 Truck, serial number 3HSDZAPR5KN454327 ("Truck 1") and (b) a 2019 International LT625 Truck, serial number 3HSDZAPR3KN357837 ("Truck 2").On or around April 18, 2022, the Debtor entered into a Loan and Security Agreement

1

("Agreement 2" and together with Agreement 1, the "Agreements") with PNCEF to finance the purchase of (a) a 2019 International LT625 Truck, serial number 3HSDZAPR0KN355141 ("Truck 3"), (b) a 2019 International LT625 Truck, serial number 3HSDZAPR9KN456985 ("Truck 4"), and (c) a 2019 International LT625 Truck, serial number 3HSDZAPR0KN418349 ("Truck 5" and together with Truck 1, Truck 2, Truck 3, and Truck 4, the "Trucks," and each individually, a "Truck").

2.     PNC is the successor-in-interest to PNCEF and is the current holder of the Agreements.

3.     On August 18, 2025 (the "Petition Date"), the Debtor filed the above-captioned chapter 11 bankruptcy case (Dkt. # 1).

4.     As of the entry of this Agreed Order, the Debtor has not paid any adequate protection to PNC since the Petition Date.

5.     On March 2, 2026, the Court entered that certain Agreed Order PNC Bank, National Associations' Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362 (Dkt. # 221) (Dkt. # 389).

6.     The Debtor now wishes to retain and use the Trucks in exchange for the treatment afforded to the Creditor under the Plan, subject to the terms and conditions fully negotiated and agreed to between the Parties as more particularly set forth herein.

**IT IS THEREFORE ORDERED** that within five (5) days of entry of this Agreed Order, the Debtor shall remit to Creditor the sum of $10,000 as an adequate protection payment on account of the Debtor's post-petition use of the Trucks and the absence of prior adequate protection payments since the Petition Date (the "Lump Sum Payment").

2

**IT IS FURTHER ORDERED** that for purposes of treatment under the Debtor's Plan, the parties stipulate and agree that the value of each Truck is $32,000 for a total collateral value and secured claim in the aggregate principal amount of $160,000, which shall accrue interest at the fixed rate of 5.5% per annum and shall be amortized over a period of sixty (60) months, with monthly amortized payments of $3,056.19, to be paid in weekly payments of $764.05 made the first Friday following the effective date of the Plan and continuing each Friday thereafter (the "Secured Treatment"). Each set of four (4) consecutive weekly payments shall constitute the equivalent of one thirty-day monthly installment payment.  The remaining balance of Creditor's claim in the amount of $125,486.16 shall be treated as general unsecured debt pursuant to the Plan.

**IT IS FURTHER ORDERED** that beginning on the first Friday following entry of this Agreed Order, and continuing each Friday thereafter until the effective date of the Plan, the Debtor shall make payments to Creditor of $764.05 (the "Weekly Adequate Protection Payments"). Each set of four (4) consecutive Weekly Adequate Protection Payments shall constitute the equivalent of one thirty-day monthly installment payment. For the avoidance of doubt, any Weekly Adequate Protection Payments made prior to the effective date of the Plan shall be credited against the sixty (60) month amortization term of the Secured Treatment such that the sixty (60) month amortization term begins on the date of the first Weekly Adequate Protection Payment made pursuant to this paragraph. For the avoidance of doubt, the Lump Sum Payment shall not be credited against the sixty (60) month amortization term of the Secured Treatment.

**IT IS FURTHER ORDERED** that the Debtor shall continuously maintain insurance coverage on the Trucks, with coverage limits and terms customary for similarly situated collateral and as required by the Agreements. The Debtor shall name Creditor as lender loss payee and additional insured. Upon request, the Debtor shall provide proof of such insurance to Creditor.

PPAB 13795623v2

**IT IS FURTHER ORDERED** that the Debtor must perform all of its obligations under the Agreements including, without limitation, the Debtor's obligation to perform all maintenance on the Trucks to keep the Trucks in good working order.

**IT IS FURTHER ORDERED** that adequate protection payments must be made by the Debtor to Creditor, if not by wire transfer, by mail, overnight delivery service, or other method acceptable to Creditor so that each payment is received by Creditor on or before the payment due date.

**IT IS FURTHER ORDERED** that the Debtor shall provide Creditor with the location(s) of the Trucks within two (2) days of any written request of such location(s) by Creditor.

**IT IS FURTHER ORDERED** that in the event the Debtor fails to timely make any payment required under this Agreed Order, fails to maintain required insurance coverage, or otherwise defaults under the terms of this Agreed Order, Creditor shall provide written notice of default to the Debtor's counsel. If the default is not cured within 7 days after service of such notice, then the automatic stay of 11 U.S.C. § 362 shall immediately lift without further notice, hearing, or order of the Court and Creditor shall be permitted to exercise its rights and remedies with respect to the collateral under applicable nonbankruptcy law, and upon the entry of an order lifting the automatic stay under this paragraph, the Debtor must immediately afford agents for and employees of Creditor reasonable access to the Debtor's premises to facilitate the recovery by Creditor or Creditor's agents of the Trucks and must reasonably cooperate with, consult with, and provide to such persons all information, including locations of the Trucks, as may be reasonably requested to effect the recovery of the Trucks.

**IT IS FURTHER ORDERED** that in the event that this case is converted to a case under Chapter 7 at any time, the automatic stay of 11 U.S.C. § 362 shall immediately lift without further

4

notice, hearing, or order of the Court and Creditor shall be permitted to exercise its rights and remedies with respect to the collateral under applicable nonbankruptcy law, unless prior to a date thirty (30) days after entry of an order converting the case to Chapter 7, the United States Trustee or Chapter 7 trustee objects to the enforcement of this paragraph.  Upon application of the relief provided in this paragraph, the Chapter 7 trustee must immediately afford agents for and employees of Creditor reasonable access to the Debtor's premises to facilitate the recovery by Creditor or Creditor's agents of the Trucks and must reasonably cooperate with, consult with, and provide to such persons all information, including locations of the Trucks, as may be reasonably requested to effect the recovery of the Trucks.

**IT IS FURTHER ORDERED** that the treatment set forth in this Agreed Order shall be incorporated into and made part of the Debtor's currently pending Plan (Dkt. # 421) and any amended, modified, or subsequently filed Chapter 11 plan proposed by the Debtor in this case. No Plan shall be confirmed which provides treatment to Creditor materially inconsistent with the terms of this Agreed Order absent Creditor's prior written consent or further order of the Court.

**## END OF DOCUMENT ##**

Approved and Agreed:

*/s/ T. Jack Schultz*
T. Jack Schultz
Counsel for PNC Bank, National Association


*/s/ Craig M. Geno*
Craig M. Geno (MSB 4793)
Counsel for Big Level Trucking, Inc.

5

Order submitted by:

**BURR & FORMAN LLP**

T. Jack Schultz (MSB 106153)
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
(601) 355-3434
jschultz@burr.com
*Counsel for PNC Bank, National Association*

6