United States Bankruptcy Court
Southern District of Mississippi

In re:                                                                      Case No. 25-51204-KMS

Big Level Trucking, Inc.                                                     Chapter 11
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-6                    User: mssbad                         Page 1 of 3

Date Rcvd: Jun 05, 2026                 Form ID: pdf012                      Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol        Definition**

+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 07, 2026:**

**Recip ID              Recipient Name and Address**
dbpos           +  Big Level Trucking, Inc., P.O. Box 306, Wiggins, MS 39577-0306

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2026                      Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 5, 2026 at the address(es) listed below:

**Name                    Email Address**

Abigail M. Marbury
                        on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov

Alan Lee Smith
                        on behalf of Creditor Wells Fargo Equipment Finance  Inc. asmith@bakerdonelson.com

Alan Lee Smith
                        on behalf of Creditor Navistar Financial Corporation asmith@bakerdonelson.com

Alan Lee Smith
                        on behalf of Creditor Banc of America Leasing & Capital  LLC asmith@bakerdonelson.com

Alan Lee Smith
                        on behalf of Creditor Navistar Leasing Company asmith@bakerdonelson.com

Andrew R. Wilson
                        on behalf of Creditor VanPete  LLC awilson@blswlaw.com, blsw@ecf.courtdrive.com

District/off: 0538-6                     User: mssbad                              Page 2 of 3
Date Rcvd: Jun 05, 2026                  Form ID: pdf012                           Total Noticed: 1

Andrew R. Wilson
                    on behalf of Creditor M&T Equipment Finance Corporation awilson@blswlaw.com  blsw@ecf.courtdrive.com

Chad J. Hammons
                    on behalf of Creditor Mitsubishi HC Capital America  Inc. chammons@joneswalker.com,
                    mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com

Christopher J. Steiskal, Sr.
                    on behalf of Debtor In Possession Big Level Trucking  Inc. csteiskal@cmgenolaw.com,
                    kcarter@cmgenolaw.com;csteiskal@ecf.courtdrive.com

Craig M. Geno
                    on behalf of Debtor In Possession Big Level Trucking  Inc. cmgeno@cmgenolaw.com,
                    kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com,amolpus@cmgenolaw.com

Eric T. Ray
                    on behalf of Creditor Corporate Billing  a Division of SouthState Bank etray@hklaw.com, brooke.freeman@wallerlaw.com

Erin McManus Best
                    on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank ebest@watkinseager.com,
                    ldeford@watkinseager.com

James Haney
                    on behalf of Creditor Crossroads Equipment Lease and Finance jhaney@wongfleming.com  sfiorentino@wongfleming.com

James A. McCullough, II
                    on behalf of Creditor Webster Capital Finance jmccullough@brunini.com  jfarmer@brunini.com

Jim F. Spencer, Jr.
                    on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank jspencer@watkinseager.com,
                    mryan@watkinseager.com

Joe Stevens
                    on behalf of Creditor Renasant Bank jds@wisecarter.com

John S. Simpson
                    on behalf of Creditor H&P Leasing  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

John S. Simpson
                    on behalf of Creditor Southern States Utility Trailer Sales  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

Justin B. Little
                    on behalf of Creditor BMO Bank  N.A. jlittle@rrllaw.com, jbrown@rrllaw.com;rdavis@rrllaw.com

Matthew Ward McDade
                    on behalf of Creditor Chuck Evans mmcdade@balch.com
                    bmarshall@balch.com;smhollis@balch.com;dguericke@balch.com;ehansen@balch.com

Nicholas T Grillo
                    on behalf of Creditor Lloyd Justin Anderson grillolawms@gmail.com  GrilloLawFirm@jubileebk.net

Nicholas T Grillo
                    on behalf of Creditor Keisha Jackson Anderson grillolawms@gmail.com  GrilloLawFirm@jubileebk.net

Paul S. Murphy
                    on behalf of Creditor Bank of Wiggins paul.murphy@butlersnow.com  kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Paul S. Murphy
                    on behalf of Creditor XTRA Lease LLC paul.murphy@butlersnow.com
                    kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Robert Alan Byrd
                    on behalf of Creditor Midland States Bank rab@byrd-wiser.com  wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Robert Alan Byrd
                    on behalf of Creditor Keesler Federal Credit Union rab@byrd-wiser.com  wrs@byrdwiser.com;WandaRitaStanovich@gmail.com

Scot P. Goldsholl
                    on behalf of Creditor Simmons Bank scot.goldsholl@padgettlawgroup.com  MLGBK@ecf.courtdrive.com

Steven Usry
                    on behalf of U.S. Trustee United States Trustee steven.usry@usdoj.gov

Sylvie Derdeyn Robinson
                    on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov

Thomas Carl Rollins, Jr
                    on behalf of Creditor Aloysius Davis trollins@therollinsfirm.com
                    jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;brea
                    nne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Thomas Jackson Schultz
                    on behalf of Creditor PNC Equipment Finance jschultz@burr.com

District/off: 0538-6                         User: mssbad                              Page 3 of 3
Date Rcvd: Jun 05, 2026                      Form ID: pdf012                       Total Noticed: 1

cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com

Thomas M Hewitt

on behalf of Creditor XTRA Lease LLC thomas.hewitt@butlersnow.com
ecf.notices@butlersnow.com,cindy.grantham@butlersnow.com

United States Trustee

USTPRegion05.JA.ECF@usdoj.gov

William B. Palmertree

on behalf of Creditor Tennessee Farmers Mutual Insurance Companies bpalmertree@gpfirm.com
paralegal@gpfirm.com;reception@gpfirm.com

William P. Wessler

on behalf of Creditor Crossroads Equipment Lease and Finance william@wesslerbankruptcy.com

Winston Lee

on behalf of Creditor PNC Equipment Finance wlee@burr.com
sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

Winston Lee

on behalf of Creditor PNC Bank  National Association wlee@burr.com,
sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

TOTAL: 37



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 5, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

In re:                                    )
                                          )
BIG LEVEL TRUCKING, INC.        )          Case No. 25-51204-KMS
                                          )          Chapter 11
                Debtor.              )

### AGREED ORDER ESTABLISHING TREATMENT OF PNC BANK, NATIONAL ASSOCIATIONS'S SECURED CLAIM AND GRANTING RELATED RELIEF

This matter comes before the Court on the agreement of the above-captioned debtor, Big Level Trucking, Inc. (the "Debtor") and PNC Bank, National Association ("PNC" or "Creditor," collectively with the Debtor, the "Parties") concerning the Debtor's continued possession and use of certain collateral of the Creditor and treatment of PNC's claim in the Debtor's Chapter 11 Plan of Reorganization (Dkt. # 421) (the "Plan"). The Court, being advised that PNC and the Debtor are agreeable to the relief below and finding that said agreement is fair, reasonable, and appropriate under the circumstances, orders as follows:

1.      On or around March 21, 2022, the Debtor entered into a Loan and Security Agreement ("Agreement 1") with PNC Equipment Finance, LLC ("PNCEF") to finance the purchase of (a) a 2019 International LT625 Truck, serial number 3HSDZAPR5KN454327 ("Truck 1") and (b) a 2019 International LT625 Truck, serial number 3HSDZAPR3KN357837 ("Truck 2").On or around April 18, 2022, the Debtor entered into a Loan and Security Agreement

1

PPAB 13795623v2

("Agreement 2" and together with Agreement 1, the "Agreements") with PNCEF to finance the purchase of (a) a 2019 International LT625 Truck, serial number 3HSDZAPR0KN355141 ("Truck 3"), (b) a 2019 International LT625 Truck, serial number 3HSDZAPR9KN456985 ("Truck 4"), and (c) a 2019 International LT625 Truck, serial number 3HSDZAPR0KN418349 ("Truck 5" and together with Truck 1, Truck 2, Truck 3, and Truck 4, the "Trucks," and each individually, a "Truck").

2.      PNC is the successor-in-interest to PNCEF and is the current holder of the Agreements.

3.      On August 18, 2025 (the "Petition Date"), the Debtor filed the above-captioned chapter 11 bankruptcy case (Dkt. # 1).

4.      As of the entry of this Agreed Order, the Debtor has not paid any adequate protection to PNC since the Petition Date.

5.      On March 2, 2026, the Court entered that certain Agreed Order PNC Bank, National Associations' Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362 (Dkt. # 221) (Dkt. # 389).

6.      The Debtor now wishes to retain and use the Trucks in exchange for the treatment afforded to the Creditor under the Plan, subject to the terms and conditions fully negotiated and agreed to between the Parties as more particularly set forth herein.

**IT IS THEREFORE ORDERED** that within five (5) days of entry of this Agreed Order, the Debtor shall remit to Creditor the sum of $10,000 as an adequate protection payment on account of the Debtor's post-petition use of the Trucks and the absence of prior adequate protection payments since the Petition Date (the "Lump Sum Payment").

PPAB 13795623v2

**IT IS FURTHER ORDERED** that for purposes of treatment under the Debtor's Plan, the parties stipulate and agree that the value of each Truck is $32,000 for a total collateral value and secured claim in the aggregate principal amount of $160,000, which shall accrue interest at the fixed rate of 5.5% per annum and shall be amortized over a period of sixty (60) months, with monthly amortized payments of $3,056.19, to be paid in weekly payments of $764.05 made the first Friday following the effective date of the Plan and continuing each Friday thereafter (the "Secured Treatment"). Each set of four (4) consecutive weekly payments shall constitute the equivalent of one thirty-day monthly installment payment.  The remaining balance of Creditor's claim in the amount of $125,486.16 shall be treated as general unsecured debt pursuant to the Plan.

**IT IS FURTHER ORDERED** that beginning on the first Friday following entry of this Agreed Order, and continuing each Friday thereafter until the effective date of the Plan, the Debtor shall make payments to Creditor of $764.05 (the "Weekly Adequate Protection Payments"). Each set of four (4) consecutive Weekly Adequate Protection Payments shall constitute the equivalent of one thirty-day monthly installment payment. For the avoidance of doubt, any Weekly Adequate Protection Payments made prior to the effective date of the Plan shall be credited against the sixty (60) month amortization term of the Secured Treatment such that the sixty (60) month amortization term begins on the date of the first Weekly Adequate Protection Payment made pursuant to this paragraph. For the avoidance of doubt, the Lump Sum Payment shall not be credited against the sixty (60) month amortization term of the Secured Treatment.

**IT IS FURTHER ORDERED** that the Debtor shall continuously maintain insurance coverage on the Trucks, with coverage limits and terms customary for similarly situated collateral and as required by the Agreements. The Debtor shall name Creditor as lender loss payee and additional insured. Upon request, the Debtor shall provide proof of such insurance to Creditor.

3

**IT IS FURTHER ORDERED** that the Debtor must perform all of its obligations under the Agreements including, without limitation, the Debtor's obligation to perform all maintenance on the Trucks to keep the Trucks in good working order.

**IT IS FURTHER ORDERED** that adequate protection payments must be made by the Debtor to Creditor, if not by wire transfer, by mail, overnight delivery service, or other method acceptable to Creditor so that each payment is received by Creditor on or before the payment due date.

**IT IS FURTHER ORDERED** that the Debtor shall provide Creditor with the location(s) of the Trucks within two (2) days of any written request of such location(s) by Creditor.

**IT IS FURTHER ORDERED** that in the event the Debtor fails to timely make any payment required under this Agreed Order, fails to maintain required insurance coverage, or otherwise defaults under the terms of this Agreed Order, Creditor shall provide written notice of default to the Debtor's counsel. If the default is not cured within 7 days after service of such notice, then the automatic stay of 11 U.S.C. § 362 shall immediately lift without further notice, hearing, or order of the Court and Creditor shall be permitted to exercise its rights and remedies with respect to the collateral under applicable nonbankruptcy law, and upon the entry of an order lifting the automatic stay under this paragraph, the Debtor must immediately afford agents for and employees of Creditor reasonable access to the Debtor's premises to facilitate the recovery by Creditor or Creditor's agents of the Trucks and must reasonably cooperate with, consult with, and provide to such persons all information, including locations of the Trucks, as may be reasonably requested to effect the recovery of the Trucks.

**IT IS FURTHER ORDERED** that in the event that this case is converted to a case under Chapter 7 at any time, the automatic stay of 11 U.S.C. § 362 shall immediately lift without further

4

notice, hearing, or order of the Court and Creditor shall be permitted to exercise its rights and remedies with respect to the collateral under applicable nonbankruptcy law, unless prior to a date thirty (30) days after entry of an order converting the case to Chapter 7, the United States Trustee or Chapter 7 trustee objects to the enforcement of this paragraph.  Upon application of the relief provided in this paragraph, the Chapter 7 trustee must immediately afford agents for and employees of Creditor reasonable access to the Debtor's premises to facilitate the recovery by Creditor or Creditor's agents of the Trucks and must reasonably cooperate with, consult with, and provide to such persons all information, including locations of the Trucks, as may be reasonably requested to effect the recovery of the Trucks.

**IT IS FURTHER ORDERED** that the treatment set forth in this Agreed Order shall be incorporated into and made part of the Debtor's currently pending Plan (Dkt. # 421) and any amended, modified, or subsequently filed Chapter 11 plan proposed by the Debtor in this case. No Plan shall be confirmed which provides treatment to Creditor materially inconsistent with the terms of this Agreed Order absent Creditor's prior written consent or further order of the Court.

## END OF DOCUMENT ##

Approved and Agreed:

*/s/ T. Jack Schultz*
T. Jack Schultz
Counsel for PNC Bank, National Association

*/s/ Craig M. Geno*
Craig M. Geno (MSB 4793)
Counsel for Big Level Trucking, Inc.

5

PPAB 13795623v2

Order submitted by:


**BURR & FORMAN LLP**

T. Jack Schultz (MSB 106153)
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
(601) 355-3434
jschultz@burr.com
*Counsel for PNC Bank, National Association*

6

PPAB 13795623v2