## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

---

### NOTICE OF WITHDRAWAL OF NOTICE OF SECOND EVENT OF DEFAULT
### REGARDING ORDER GRANTING ADEQUATE PROTECTION TO
### WELLS FARGO EQUIPMENT FINANCE, INC.
### *[Bkr. Dkt. #510]*

_____

**COMES NOW** Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), a secured creditor and party-in-interest in the above-captioned bankruptcy case and provides notice (the "Notice of Withdrawal") that its *Notice of Second Event of Default and Cure Opportunity Regarding Order on Granting Adequate Protection to Wells Fargo Equipment Finance, Inc.* [Bkr. Dkt. #510] (the "Second Notice of Event of Default") was filed based on a mistaken factual belief and that, based on the terms and conditions of the *Order on Motion by Wells Fargo Equipment Finance, Inc. for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection* [Bkr. Dkt. #440] (the "Adequate Protection Order"), should be deemed withdrawn and to be of no force or effect.

Subsequent to the May 15, 2026 filing, Wells Fargo ascertained that the May 1, 2026 ($595.00) and May 8, 2026 ($595.00) weekly adequate protection payments identified as past-due in the Second Notice of Event of Default had in fact been timely delivered by Debtor to Wells Fargo. When submitted by Debtor to Wells Fargo, these payments were not accompanied

1

4932-5371-6661v1
1039341-001047

by Debtor's Customer Number (xxxx6291). In the absence of a Customer Number associated with the payments, as of the filing of the Second Notice of Event of Default, the May 1, 2026 and May 8, 2026 weekly payments had not yet been credited to Debtor's account and remained in "unapplied suspense" within Wells Fargo's records. Thus, at the time of filing the Second Notice of Event of Default, it appeared in Wells Fargo's records for Debtor's account that these payments had not been tendered.

Wells Fargo thereafter discovered the situation and advised Debtor's counsel of same and, further, has requested that all future payment tenders include the Debtor's Customer Number to aid in facilitating timely crediting of Debtor's account for each payment received. In light of the factual clarification that has transpired in this matter, Wells Fargo is of the position that the Second Notice of Event of Default should be deemed withdrawn and to be of no force or effect.

This, the 16th day of June, 2026.

WELLS FARGO EQUIPMENT FINANCE, INC.

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

BY: */s/ Alan L. Smith*
Alan L. Smith, Esq. (MS Bar No. 10345)

4932-5371-6661v1
1039341-001047

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, PC
Alan Lee Smith, Esq. (MS Bar #10345)
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:     (601) 351-2455
Facsimile:      (601) 427-0050
Email: asmith@bakerdonelson.com

3

4932-5371-6661v1
1039341-001047

## CERTIFICATE OF SERVICE

I, Alan Lee Smith, Esq., do hereby certify that on this day the foregoing paper was filed electronically with the Clerk of the Court using the Court's ECF system, which served a true and correct copy of such paper electronically on all parties enlisted to receive service electronically as of the date hereof, including the following:

Office of the United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Abigail M. Marbury, Esq.
abigail.m.marbury@usdoj.gov

Craig R. Geno, Esq.
cmgeno@cmgenolaw.com

Christopher J. Steiskal, Sr., Esq.
csteiskal@cmgenolaw.com

This, the 16th day of June, 2026.

/s/ Alan L. Smith
Alan L. Smith, Esq. (MS Bar No. 10345)

4

4932-5371-6661v1
1039341-001047