_____



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: June 18, 2026**

_____
**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      **BIG LEVEL TRUCKING, INC.**                                **CHAPTER 11**
**Debtor**                                                      **CASE NO. 25-51204-KMS**

### <u>ORDER</u>

THIS CAUSE having come on for consideration of the *Motion to Enforce Prior Court Order* (the "Motion") **[DK #504]** filed herein by Big Level Trucking, Inc. (the "Debtor"), the Court notes that no objections were filed to the Motion, however, based upon representations of Debtor's counsel, cause has been shown for this Order to be entered which is at variance, technically, with the Motion, but the substantive result remains the same.  Accordingly, the Court does hereby order, adjudicate and find as follows, to-wit:

1.      Notice and a hearing were adequate and appropriate under the circumstances.

2.      On August 18, 2025 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code.

3.      This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 364, 541, 1107, 1109, related statutes, related rules and various orders of reference.  This is a core proceeding.

4.      Prior to the filing of the Motion, the Debtor obtained an Order of the Court granting an Emergency Motion for Authority to Incur Debt and Grant Security Therefor (the "Financing

-2-

Order") **[DK #274],** and a copy of the Financing Order was attached to the Motion as Exhibit "A" and is incorporated herein by reference.

5.      While Exhibit "A" to the Motion speaks for itself, it provides, in essence, that David Johns, Joey Ferguson and Sam McClendon (the "Lenders") agreed to advance funds to the Debtor for interim working capital, along with the additional terms of the loan, repayment thereof and collateral granted to the Lenders.  While certain advances were contributed to equally by all the Lenders, additional advances have not been contributed, in their pro rata share, by Joey Ferguson ("Mr. Ferguson").

6.      The Financing Order, in paragraph 16, provides that the Court incorporated its bench opinion rendered at the conclusion of the evidence on January 6, 2026, at a hearing on the motion. The Financing Order provides that the underlying transaction was agreed to by the Lenders on December 18, 2025, and, while the loan was not to be funded in its entirety, the Debtor could "draw" specific sums from the loan to be used to pay costs and expenses.

7.      Mr. Ferguson apparently misunderstood communications he received from the Debtor's insurance platform and that misunderstanding and miscommunication caused him to decline to engage in further financing.

8.      Mr. Ferguson currently assists the Debtor with providing equipment for owner operators to utilize in their relationship with the Debtor and he has indicated he is willing to supply additional equipment for other owner operators in the immediate future.  The Debtor's owner operator program is profitable.

9.      In consideration of Mr. Ferguson providing additional equipment for the Debtor's owner operator program, David Johns ("Mr. Johns"), one of the Debtor's shareholders and a member of the Lenders, has agreed to replace Mr. Ferguson with respect to loan advances that are owed by

-2-

-3-

Mr. Ferguson and any loan advances that Mr. Ferguson's position would be required to make in the future.  For avoidance of double, Mr. Ferguson is not relinquishing the claims he has in connection with his membership in the Lenders.  But, he will simply be replaced by Mr. Johns, who has agreed to stand in the shoes of Mr. Ferguson with respect to current lending obligations, and any future lending obligations, consistent with the Financing Order.

10.     Based upon the representation of Debtor's counsel, then, at the hearing on this matter on June 4, 2026, the Motion is granted.  Mr. Ferguson has agreed to provide additional equipment for the Debtor's owner operator program.  Mr. Johns will replace Mr. Ferguson's "share" as a member of the Lenders with respect to any current lending obligations Mr. Ferguson has, and with respect to any future lending obligations Mr. Ferguson has.

11.     While the procedural mechanisms and obligations of Mr. Ferguson/Mr. Johns have changed, the net result of these changes that were entered into subsequent to the filing of the Motion do not require additional notice and a hearing.  Accordingly, the Motion is granted, with the changes noted herein for the substitution of Mr. Ferguson's current, and future, lending obligations, which are being assumed by Mr. Johns, who will carry out not only his obligations under the Financing Order but he will assume the current financing obligations of Mr. Ferguson, and future lending obligations, of Mr. Ferguson under the Financing Order.

# #  END OF ORDER  # #

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Order - Mot to Enforce Prior Court Order 6-4-26.wpd