## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  **BIG LEVEL TRUCKING, INC.**  **CHAPTER 11**

  **Debtor**  **CASE NO. 25-51204-KMS**

## NOTICE

NOTICE IS HEREBY GIVEN that the Debtor herein has filed its *Rule 9019 Motion to Settle and Compromise Disputed Claims with American Express* (the "Motion"), a copy of which is attached, incorporated by reference and marked as Exhibit "A."

PLEASE TAKE FURTHER NOTICE that all creditors and parties-in-interest wishing to object to the Motion must file a written objection or other responsive pleading within **twenty-one (21) days** from and after the date of this Notice, with the Clerk of the Court, Mr. Danny L. Miller, the Clerk of the U. S. Bankruptcy Court, Southern District of Mississippi, Dan M. Russell, Jr. U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, and a copy of any objection must be served upon Craig M. Geno, Esq., and Christopher J. Steiskal, Sr., Esq., Law Offices of Geno and Steiskal, PLLC, counsel for the Debtor, at 601 Renaissance Way, Suite A, Ridgeland, MS 39157. Attorneys and other registered users of the Case Management/Electronic Case Filing (CM/ECF) system shall file any such objection electronically.  In the event an objection to the Motion is filed, it will be scheduled for hearing in due course.

DATED, this the 26th day of June, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
  Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Notice - 9019 Mot to Settle - AmEx 6-26-26.wpd

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**        **BIG LEVEL TRUCKING, INC.**                                    **CHAPTER 11**

            **DEBTOR(S)**                                                **CASE NO. 25-51204-KMS**

---

### RULE 9019 MOTION TO SETTLE AND COMPROMISE
### DISPUTED CLAIMS WITH AMERICAN EXPRESS

---

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor"), by and through undersigned counsel, and files this its *Rule 9019 Motion to Settle and Compromise Disputed Claims with American Express* (the "Motion"), and in support thereof, would respectfully show as follows, to-wit:

1.      On August 18, 2025, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

2.      This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 1107, 1109, related statutes, related rules, and various orders of reference.  This is a core proceeding.

3.      Within the ninety (90) days prior to the filing of the Petition herein, the Debtor made certain payments or transfers of funds to creditors in which the aggregate value of the property transfers exceeded $8,575.  American Express was one of the creditors in which the Debtor made certain payments or transfers of funds within the 90-day period prior to the filing of the Petition.

4.      On May 20, 2026, the Debtor informally contacted American Express asserting claims against American Express to avoid and recover the certain alleged fraudulent transfers totaling $90,398.31 made by the Debtor.

## EXHIBIT "A"

5.      On June 18, 2026, counsel for American Express responded to Debtor's demand and asserted various defenses, including significant new value advances, and denied liability for the Debtor's claims against them.

6.      The parties, having informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, are desirous of compromising and settling the Debtor's claims against American Express in their entirety, in order to avoid the expenses and risks of litigation. The parties entered into a series of extensive negotiations that produced a settlement and compromise of numerous issues along with related relief (the "Settlement").

7.      American Express has agreed to the pay the sum of $25,000.00 to the Debtor in full and final settlement of all claims the Debtor may have against American Express, plus the retention of American Express's previously filed proof of claim and the right to amend to include the settlement amount pursuant to 11 U.S.C. § 502(h).

8.      The Debtor has considered the settlement possibilities when compared to litigation possibilities.  The Debtor is of the opinion that, because of the additional costs and expenses of litigating these matters through trial, combined with the ultimate outcome possibilities, the settlement is fair and reasonable and provides benefit to the estate.

9.      The Settlement provides finality to the Debtor regarding this matter, it avoids a lengthy, expensive, and time-consuming trial in this dispute, and it ends any possibility of appeals and resolves difficult issues without the necessity of a trial.

10.     Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") authorizes the Court to approve the compromise and settlement of claims and causes of action in a bankruptcy case after appropriate notice and an opportunity for a hearing.

-2-

11.     Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow (In re Fishell)*, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019 to resolve disputes. See, e.g., *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Patel*, 43 B.R. 500, 504 (Bankr. N.D. Ill. 1984); see also, *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug 21, 1996); *In re Check Reporting Servs., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).

12.     A compromise or proposed settlement should be approved where such settlement is in the best interests of the bankruptcy estate and is fair and reasonable under the circumstances. *In re Griffin Trading Co.*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). More specifically, "[t]his determination requires a comparison of the settlement's terms with the litigation's probably costs and probable benefits." *In re Miller*, 148 B.R. at 516 (citing *In re American Reserve Corp.*, 841 F.2d at 161). Furthermore, "[i]n making this comparison the bankruptcy judge should consider the litigation's probable costs and probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay." *Id.*

13.     Settlements in bankruptcy cases are, of course, encouraged and favored.

14.     A basic policy in bankruptcy cases is that settlement is favored. 10 *Collier on Bankruptcy* ¶ 9019.01 at 9019-2 (15th Ed. Revised 1997). Courts have built on this policy by

adopting the standards set forth in the U.S. Supreme Court decision *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that:

> A compromise would be approved by the bankruptcy court only after it apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

15. The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

(1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;

(2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and

(3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997). These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

16. In this case, the Settlement is reasonable, fair and equitable.

17. The Debtor is of the opinion that litigation of the issues in this action would not produce a better result than has been agreed to already.

-4-

18.     The costs, expenses, and delay of litigation would not justify litigating any of the issues in this matter, and the Debtor is of the opinion that the Settlement is reasonable, justified and fair.

19.     Accordingly, the Debtor respectfully requests that the Court and the creditors approve the Settlement that has been reached.  The Debtor requests that it be authorized to execute such release, or settlement and compromise agreements and any other commercially reasonable documents necessary to implement the terms of the Settlement to the extent any are necessary in addition to an order of the Court granting the Motion.

20.     Other grounds to be assigned upon a hearing hereof if necessary.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its order granting the Motion.  The Debtor also prays for all general relief.

THIS, the 26th day of June, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____

Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF CRAIG M. GENO, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com

N: Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\9019 Mot to Settle and Compromise Disputed Claims - American Express Pmts - 6-25-26.wpd

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served this date, via electronic filing transmission and/or United States Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Steven Usry, Esq.                          Kenneth W. Kleppinger, Esq.
Office of the United States Trustee        kkleppinger@becket-lee.com
steven.usry@usdoj.gov

THIS, the 26th day of June, 2026.

_____
Craig M. Geno

-6-