**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

**LIMITED OBJECTION BY BANC OF AMERICA LEASING & CAPITAL, LLC TO**
**FIRST ADDENDUM TO DISCLOSURE STATEMENT**
*[Dkt. #525]*

**COMES NOW** Banc of America Leasing & Capital, LLC ("BAL"), a creditor and party-in-interest in the above-captioned bankruptcy case, and submits this its limited objection to the *First Addendum to Disclosure Statement* [Dkt. #525] (the "First Addendum") filed by Debtor.

**I.        Summary of Limited Objection.**

BAL believes that the First Addendum to the *Disclosure Statement* [Dkt. #420] (the "Original Disclosure Statement") fails to contain adequate information that is material, important and necessary for BAL to be able to make a reasonably informed decision regarding voting on the proposed *Plan of Reorganization* [Dkt. #421] (the "Plan").   Thus, BAL believes that, in order to satisfy the Section 1125(b) "adequate information" requirements, the Original Disclosure Statement must be supplemented as to the Debtor's proposed treatment of BAL's claims.  In the absence of such supplementation, the Original Disclosure Statement should not be approved.

4920-8553-7978v1
2812712-000168

**II.      Section 1125(b) Requirements.**

A disclosure statement is "the primary source of information creditors and other parties in interest rely on in making informed decision about a debtor's plan of reorganization." *In re Tex. Extrusion*, 844 F.2d 1142, 1157 (5th Cir. 1988).  The purpose of a hearing on a disclosure statement "is to determine whether that statement contains 'adequate information.'" *In re Sanders*, 2015 WL 7568469, at *4 (Bkr. S.D. Miss. November 23, 2015).  The Code defines "adequate information" as information "of a kind, and in sufficient detail, given the nature and history of the debtor and the condition of the debtor's financial records, that will enable the debtor's creditors and investors to make an informed judgment about the plan." *In re Sanders*, 2015 WL 7568469, at *4.  A determination of what constitutes adequate information "is made on a case-by-case basis under the facts and circumstances presented." *Id.* (citing *In re: Cajun Elec. Power Co-op, Inc.*, 150 F.3d, 518 (5th Cir. 1998)).

**III.      Inadequate Information re: Class 3 Agreed Secured Claim Treatment.**

The Disclosure Statement as to the Class 3 secured claims of BAL is accurate in its representation that BAL and Debtor have reached agreed terms for Plan treatment of BAL's allowed secured claims (the "Agreed Plan Treatment").  Such Agreed Plan Treatment is found in that certain *Agreed Order Resolving Motion by Banc of America Leasing & Capital, LLC for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection, and for Related Relief* [Dkt. #438] (the "Agreed Order").

The Plan Disclosures (as amended), however, fail to clearly express that the terms and conditions stated in the Agreed Order are fully incorporated into the Plan.  Among other provisions,

-2-

it is important to BAL that the Plan be very clear that all of the provisions of the Agreed Order, including but not limited to provisions for insurance (and verification of same), the monitoring of collateral, and the "Drop Dead" procedures for stay relief, are all carried over into the Plan.  As the matter currently stands, neither the Original Plan Disclosures nor the First Addendum make clear that the terms and conditions of the Agreed Order are fully incorporated into the Plan.

## IV.    Conclusion.

Based on the foregoing facts and law, BAL respectfully submits that for the Plan disclosures to satisfy the Section 1125(b) "adequate information" requirements as to the proposed Plan treatment of BAL's allowed secured claims, the Disclosure Statement must be amended to reflect that the terms and conditions of the Agreed Order [Dkt. #441] are fully incorporated by reference into the Plan, and operate in connection with the other Class 12 and 13 Plan treatment terms and conditions found in the Original Plan Disclosures and the First Addendum.

This, the 1st day of July, 2026.

Respectfully submitted,

BANC OF AMERICA LEASING & CAPITAL, LLC

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

BY:    */s/ Alan L. Smith*
        Alan L. Smith, Esq. (MS Bar No. 10345)

-3-

4920-8553-7978v1
2812712-000168

**OF COUNSEL:**

Alan L. Smith, Esq. (MS Bar No. 10345)
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:  (601) 351-8932
Facsimile:   (601) 974-8932
asmith@bakerdonelson.com

4920-8553-7978v1
2812712-000168

## <u>CERTIFICATE OF SERVICE</u>

I, Alan Lee Smith, Esq., do hereby certify that on this day the foregoing paper was filed electronically with the Clerk of the Court using the Court's ECF system, which served a true and correct copy of such paper electronically on all parties enlisted to receive service electronically as of the date hereof, including the following:

Office of the United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Sammye S. Tharp, Esq.
sammye.s.tharp@doj.gov

Craig M. Geno, Esq.
cmgeno@cmgenolaw.com

This, the 1st day of July, 2026.

*/s/ Alan L. Smith*
Alan L. Smith, Esq. (MS Bar No. 10345)

4920-8553-7978v1
2812712-000168