**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

**LIMITED OBJECTION BY WELLS FARGO EQUIPMENT FINANCE, INC. TO**
**FIRST ADDENDUM TO DISCLOSURE STATEMENT**
*[Dkt. #525]*

**COMES NOW** Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), a creditor and party-in-interest in the above-captioned bankruptcy case, and submits this its limited objection to the *First Addendum to Disclosure Statement* [Dkt. #525] (the "First Addendum") filed by Debtor.

**I.      Summary of Limited Objection.**

Wells Fargo believes that the First Addendum to the *Disclosure Statement* [Dkt. #420] (the "Original Disclosure Statement") fails to contain adequate information that is material, important and necessary for Wells Fargo to be able to make a reasonably informed decision regarding voting on the proposed *Plan of Reorganization* [Dkt. #421] (the "Plan"). Thus, Wells Fargo believes that, in order to satisfy the Section 1125(b) "adequate information" requirements, the Original Disclosure Statement must be supplemented as to the Debtor's proposed treatment of Wells Fargo's claims. In the absence of such supplementation, the Original Disclosure Statement should not be approved.

-1-

4912-3206-2906v1
1039341-001047

**II.**      <u>**Section 1125(b) Requirements.**</u>

A disclosure statement is "the primary source of information creditors and other parties in interest rely on in making informed decision about a debtor's plan of reorganization." *In re Tex. Extrusion*, 844 F.2d 1142, 1157 (5th Cir. 1988).  The purpose of a hearing on a disclosure statement "is to determine whether that statement contains 'adequate information.'"  *In re Sanders*, 2015 WL 7568469, at *4 (Bkr. S.D. Miss. November 23, 2015).  The Code defines "adequate information" as information "of a kind, and in sufficient detail, given the nature and history of the debtor and the condition of the debtor's financial records, that will enable the debtor's creditors and investors to make an informed judgment about the plan."  *In re Sanders*, 2015 WL 7568469, at *4.  A determination of what constitutes adequate information "is made on a case-by-case basis under the facts and circumstances presented."  *Id.* (citing *In re: Cajun Elec. Power Co-op, Inc.*, 150 F.3d, 518 (5th Cir. 1998)).

**III.**     <u>**Inadequate Information re: Class 23 Agreed Secured Claim Treatment.**</u>

The Disclosure Statement as to the Class 23 secured claims of Wells Fargo is accurate in its representation that Wells Fargo and Debtor have reached agreed terms for Plan treatment of Wells Fargo's allowed secured claims (the "<u>Agreed Plan Treatment</u>").  Such Agreed Plan Treatment is, however, not found in any Order that is of record in this Court.  The findings and rulings contained in that certain *Order on Motion by Wells Fargo Equipment Finance, Inc. for Relief from the Automatic Stay and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection, and for Related Relief* [Dkt. #440] (the "<u>Adequate Protection Order</u>") do not reflect an agreement by and between Debtor and Wells Fargo.

Rather, the Adequate Protection Order reflects the Court's findings and ruling based on a

-2-

4912-3206-2906v1
1039341-001047

contested evidentiary hearing [Bkr. Dkt. #366] held on February 10, 2026. Further, the Court's rulings in the Adequate Protection Order are limited to mandating payment of Section 363(e) adequate protection payments, and make no findings regarding how Wells Fargo's interests in Debtor's equipment are to be treated in the proposed Plan. Accordingly, the Plan Disclosures (as amended) fail to express the terms and conditions that have been agreed upon for Plan treatment of Wells Fargo's allowed secured claims.

## IV.     Conclusion.

Based on the foregoing facts and law, Wells Fargo respectfully submits that for the Plan disclosures to satisfy the Section 1125(b) "adequate information" requirements as to the proposed Plan treatment of Wells Fargo's allowed secured claims, the Disclosure Statement must be amended to reflect the terms and conditions that have been agreed upon by and between Wells Fargo and the Debtor.

This, the 1st day of July, 2026.

Respectfully submitted,

BANC OF AMERICA LEASING & CAPITAL, LLC

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

BY:     */s/ Alan L. Smith*
        Alan L. Smith, Esq. (MS Bar No. 10345)

4912-3206-2906v1
1039341-001047

**OF COUNSEL:**

Alan L. Smith, Esq. (MS Bar No. 10345)
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:  (601) 351-8932
Facsimile:   (601) 974-8932
asmith@bakerdonelson.com

4912-3206-2906v1
1039341-001047

## CERTIFICATE OF SERVICE

I, Alan Lee Smith, Esq., do hereby certify that on this day the foregoing paper was filed electronically with the Clerk of the Court using the Court's ECF system, which served a true and correct copy of such paper electronically on all parties enlisted to receive service electronically as of the date hereof, including the following:

Office of the United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Sammye S. Tharp, Esq.
sammye.s.tharp@doj.gov

Craig M. Geno, Esq.
cmgeno@cmgenolaw.com

This, the 1st day of July, 2026.

/s/ Alan L. Smith
Alan L. Smith, Esq. (MS Bar No. 10345)

4912-3206-2906v1
1039341-001047