**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BIG LEVEL TRUCKING, INC. | ) | Case No. 25-51204-KMS |
| | ) | Chapter 11 |
| Debtor. | ) | |

**PNC BANK, NATIONAL ASSOCIATION'S LIMITED OBJECTION TO DEBTOR'S**
**FIRST ADDENDUM TO DISCLOSURE STATEMENT**

PNC Bank, National Association ("PNC") by and through undersigned counsel, files this Limited Objection (the "Limited Objection") to the First Addendum to Disclosure Statement (the "Addendum") (Dkt. # 525) filed by Big Level Trucking, Inc. (the "Debtor") on June 8, 2026, and in support thereof, states as follows:

**BACKGROUND**

1. On or around March 21, 2022, the Debtor entered into a Loan and Security Agreement ("Agreement 1") with PNC Equipment Finance, LLC ("PNCEF") to finance the purchase of (a) a 2019 International LT625 Truck, serial number 3HSDZAPR5KN454327 ("Truck 1") and (b) a 2019 International LT625 Truck, serial number 3HSDZAPR3KN357837 ("Truck 2").

2. On or around April 18, 2022, the Debtor entered into a Loan and Security Agreement ("Agreement 2" and together with Agreement 1, the "Agreements") with PNCEF to finance the purchase of (a) a 2019 International LT625 Truck, serial number 3HSDZAPR0KN355141 ("Truck 3"), (b) a 2019 International LT625 Truck, serial number 3HSDZAPR9KN456985 ("Truck 4"), and (c) a 2019 International LT625 Truck, serial number

69329955 v2

3HSDZAPR0KN418349 ("Truck 5" and together with Truck 1, Truck 2, Truck 3, and Truck 4, the "Trucks," and each individually, a "Truck").

3.   PNC is the successor-in-interest to PNCEF and is the current holder of the Agreements.

4.   On August 18, 2025 (the "Petition Date"), the Debtor filed the above-captioned chapter 11 bankruptcy case (Dkt. # 1).

5.   On August 18, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition").

6.   On March 2, 2026, the Court entered that certain Agreed Order PNC Bank, National Associations' Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362 (Dkt. # 221) (Dkt. # 389) (the "Stay Relief Order")

7.   After entry of the Stay Relief Order, the Debtor determined that it preferred to retain and use the Trucks in exchange for certain treatment afforded to PNC under the Debtor's Chapter 11 Plan of Reorganization (Dkt. # 421) (the "Plan").

8.   On June 5, 2026, the Court entered an Agreed Order between the Debtor and PNC (Dkt. # 522) (the "Plan Treatment Agreed Order"), which ordered, among other things, that:

> for purposes of treatment under the Debtor's Plan, the parties stipulate and agree that the value of each Truck is $32,000 for a total collateral value and secured claim in the aggregate principal amount of $160,000, which shall accrue interest at the fixed rate of 5.5% per annum and shall be amortized over a period of sixty (60) months, with monthly amortized payments of $3,056.19, to be paid in weekly payments of $764.05 made the first Friday following the effective date of the Plan and continuing each Friday thereafter (the "Secured Treatment"). Each set of four (4) consecutive weekly payments shall constitute the equivalent of one thirty-day monthly installment payment. The remaining balance of Creditor's claim in the amount of $125,486.16 shall be treated as general unsecured debt pursuant to the Plan.

> [and]

2

beginning on the first Friday following entry of this Agreed Order, and continuing each Friday thereafter until the effective date of the Plan, the Debtor shall make payments to Creditor of $764.05 (the "Weekly Adequate Protection Payments"). Each set of four (4) consecutive Weekly Adequate Protection Payments shall constitute the equivalent of one thirty-day monthly installment payment. For the avoidance of doubt, any Weekly Adequate Protection Payments made prior to the effective date of the Plan shall be credited against the sixty (60) month amortization term of the Secured Treatment such that the sixty (60) month amortization term begins on the date of the first Weekly Adequate Protection Payment made pursuant to this paragraph. For the avoidance of doubt, the Lump Sum Payment shall not be credited against the sixty (60) month amortization term of the Secured Treatment.

(Dkt. # 522, p. 2).

9.      The Plan Treatment Agreed Order further ordered that:

the treatment set forth in this Agreed Order shall be incorporated into and made part of the Debtor's currently pending Plan (Dkt. # 421) and any amended, modified, or subsequently filed Chapter 11 plan proposed by the Debtor in this case. No Plan shall be confirmed which provides treatment to Creditor materially inconsistent with the terms of this Agreed Order absent Creditor's prior written consent or further order of the Court.

*Id.* at p. 5.

10.     On June 8, 2026, the Debtor subsequently filed the Addendum, which contains two errors with respect to PNC's claim. PNC files this Limited Objection to address each error.

## LIMITED OBJECTION

11.     The cash flow projection attached to the Addendum as Exhibit "A" lists payments to PNC of $661.19 per week, $2,865.16 per month, and $34,381.88 per year. These figures do not reflect the Secured Treatment established by the Agreed Order (Dkt. # 522), which requires weekly payments of $764.05, monthly equivalent payments of $3,056.19, and corresponding annual payments of approximately $36,674.28.

12.     Second, the Addendum describes "some orders that have restructured secured claims for the duration of this Chapter 11 case" and references docket entry "389 (PNC Equipment Finance)," as one of those orders. Dkt. # 389 is the Stay Relief Order, not the Plan Treatment

3

69329955 v2

Agreed Order (Dkt. # 522) that establishes the current and controlling treatment of PNC's secured claim. The Stay Relief Order was effectively superseded by the Plan Treatment Agreed Order, which returned the Trucks to the Debtor's estate and established PNC's Secured Treatment under the Plan and any amended, modified, or subsequently files Chapter 11 plan.

13.     PNC does not object to the Addendum in its entirety or to the approval of the Disclosure Statement except that PNC respectfully requests that the Court incorporate the Secured Treatment and other rights of PNC as provided by the Plan Treatment Agreed Order in into the Addendum and preserve PNC's rights to have the Secured Treatment incorporated in the Debtor's currently pending Plan (Dkt. # 421) and any amended, modified, or subsequently filed Chapter 11 plan proposed by the Debtor in this case.

### RESERVATION OF RIGHTS

14.     PNC expressly reserves all of its rights, claims, and defenses under the Plan Treatment Agreed Order (Dkt. # 522), including without limitation all payments required therein and its right to enforce the requirement that no plan may be confirmed which provides treatment to PNC materially inconsistent with the terms of the Plan Treatment Agreed Order absent PNC's prior written consent or further order of the Court.

15.     Nothing in this Limited Objection shall be deemed a waiver of any of PNC's rights, claims, or defenses, whether arising under the Plan Treatment Agreed Order, applicable law, or otherwise.

**WHEREFORE**, PNC Bank, National Association respectfully requests that the Court (a) take notice of the inaccuracies in the Addendum and Exhibit "A" with respect to the treatment of PNC's secured claim; (b) incorporate the Secured Treatment pursuant to the Plan Treatment Agreed Order into the Addendum, the cash flow statement attached thereto, and the Disclosure

4

Statement (Dkt. # 420); (c) preserve PNC's rights to have the terms of the Plan Treatment Agreed Order incorporated in the Debtor's currently pending Plan (Dkt. # 421) and any amended, modified, or subsequently filed Chapter 11 plan proposed by the Debtor in this case; and (d) grant such other and further relief as the Court deems just and proper.

This the 2nd day of July, 2026.

Respectfully submitted,

**PNC BANK, NATIONAL ASSOCIATION, as successor to PNC EQUIPMENT FINANCE, LLC**

By:*/s/ T. Jack Schultz*_____
    T. Jack Schultz (MSB No. 106153)

*Counsel for PNC Bank, National Association, as successor to PNC Equipment Finance, LLC*

BURR & FORMAN LLP
190 E. Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone:  (601) 355-3434
Facsimile:   (601) 355-5150
Email: jschultz@burr.com

5

69329955 v2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been served on this, the 2nd day

of July, 2026 either by electronic transmission or by U.S. First Class Mail postage prepaid to the

following:

Craig M. Geno
Law offices of Geno and Steiskal, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS  39157
Email:  cmgeno@cmgenolaw.com

Abigail M. Marbury
Office of the U.S. Trustee
501 E Court Street Suite 6-430
Jackson, MS  39201-5002
Email:  Abigail.m.marbury@usdoj.gov

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201
(601) 965-5241
Email: USTPRegion05.JA.ECF@usdoj.gov

*/s/ T. Jack Schultz*
OF COUNSEL

6

69329955 v2