

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: July 22, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **IN RE:** | **BIG LEVEL TRUCKING, INC.** | **CHAPTER 11** |
| | **Debtor** | **CASE NO. 25-51204-KMS** |

## <u>ORDER</u>

THIS CAUSE having come on for consideration of the *Rule 9019 Motion to Settle and Compromise Disputed Claims with American Express* (the "Motion") **[DK #534]** filed herein by Big Level Trucking, Inc. (the "Debtor"), and the Court having considered the Motion, does hereby find as follows, to-wit:

1.      Notice and a hearing were adequate and appropriate under the circumstances.

2.      On August 18, 2025, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

3.      This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 1107, 1109, related statutes, related rules, and various orders of reference.  This is a core proceeding.

4.      Within the ninety (90) days prior to the filing of the Petition herein, the Debtor made certain payments or transfers of funds to creditors in which the aggregate value of the property transfers exceeded $8,575.  American Express was one of the creditors in which the Debtor made certain payments or transfers of funds within the 90-day period prior to the filing of the Petition.

-2-

5.     On May 20, 2026, the Debtor informally contacted American Express asserting claims against American Express to avoid and recover the certain alleged fraudulent transfers totaling $90,398.31 made by the Debtor.

6.     On June 18, 2026, counsel for American Express responded to Debtor's demand and asserted various defenses, including significant new value advances, and denied liability for the Debtor's claims against them.

7.     The parties, having informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, are desirous of compromising and settling the Debtor's claims against American Express in their entirety, in order to avoid the expenses and risks of litigation. The parties entered into a series of extensive negotiations that produced a settlement and compromise of numerous issues along with related relief (the "Settlement").

8.     American Express has agreed to the pay the sum of $25,000.00 to the Debtor in full and final settlement of all claims the Debtor may have against American Express, plus the retention of American Express's previously filed proof of claim and the right to amend to include the settlement amount pursuant to 11 U.S.C. § 502(h).

9.     The Debtor has considered the settlement possibilities when compared to litigation possibilities.  The Debtor is of the opinion that, because of the additional costs and expenses of litigating these matters through trial, combined with the ultimate outcome possibilities, the settlement is fair and reasonable and provides benefit to the estate.

10.     The Settlement provides finality to the Debtor regarding this matter, it avoids a lengthy, expensive, and time-consuming trial in this dispute, and it ends any possibility of appeals and resolves difficult issues without the necessity of a trial.

-3-

11.     Settlements in bankruptcy cases are, of course, encouraged and favored.

12.     The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

> (1)     [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2)     [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>
> (3)     [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997).   These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT,* 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

13.     In this case, the Settlement is reasonable, fair and equitable.

14.     The Debtor is of the opinion that litigation of the issues in this action would not produce a better result than has been agreed to already.

15.     The costs, expenses, and delay of litigation would not justify litigating any of the issues in this matter, and the Court finds that the Settlement is reasonable, justified and fair.

16.     Accordingly, the Court hereby grants the Motion and approves the Settlement and its terms that are set forth in Paragraph 8 above.  The Debtor is authorized to execute such release, or settlement and compromise agreements and any other commercially reasonable documents necessary to implement the terms of the Settlement to the extent any are necessary.

17.     This is a final judgment as contemplated by the applicable Bankruptcy Rules.

**# #  END OF ORDER  # #**

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Order - 9019 Mot to Settle - AmEx 6-26-26.wpd