United States Bankruptcy Court
Southern District of Mississippi

In re:                                                                                                    Case No. 25-51204-KMS

Big Level Trucking, Inc.                                                                    Chapter 11
         Debtor

# CERTIFICATE OF NOTICE

| District/off: 0538-6 | User: mssbad | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Jul 22, 2026 | Form ID: pdf012 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 24, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| dbpos | + Big Level Trucking, Inc., P.O. Box 306, Wiggins, MS 39577-0306 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 5570077 | Email/PDF: bncnotices@becket-lee.com | Jul 22 2026 20:09:46 | American Express, P.O. Box 981535, El Paso, TX 79998-1535 |
| 5578122 | Email/PDF: bncnotices@becket-lee.com | Jul 22 2026 20:09:39 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 24, 2026                          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 22, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov |
| Alan Lee Smith | on behalf of Creditor Wells Fargo Equipment Finance  Inc. asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Navistar Financial Corporation asmith@bakerdonelson.com |

| District/off: 0538-6 | User: mssbad | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jul 22, 2026 | Form ID: pdf012 | Total Noticed: 3 |

Alan Lee Smith
on behalf of Creditor Banc of America Leasing & Capital  LLC asmith@bakerdonelson.com

Alan Lee Smith
on behalf of Creditor Navistar Leasing Company asmith@bakerdonelson.com

Andrew R. Wilson
on behalf of Creditor VanPete  LLC awilson@blswlaw.com, blsw@ecf.courtdrive.com

Andrew R. Wilson
on behalf of Creditor M&T Equipment Finance Corporation awilson@blswlaw.com  blsw@ecf.courtdrive.com

Chad J. Hammons
on behalf of Creditor Mitsubishi HC Capital America  Inc. chammons@joneswalker.com, mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com

Christopher J. Steiskal, Sr.
on behalf of Debtor In Possession Big Level Trucking  Inc. csteiskal@cmgenolaw.com, kcarter@cmgenolaw.com;csteiskal@ecf.courtdrive.com

Craig M. Geno
on behalf of Debtor In Possession Big Level Trucking  Inc. cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com,amolpus@cmgenolaw.com

Eric T. Ray
on behalf of Creditor Corporate Billing  a Division of SouthState Bank etray@hklaw.com, brooke.freeman@wallerlaw.com

Erin McManus Best
on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank ebest@watkinseager.com, ldeford@watkinseager.com

James Haney
on behalf of Creditor Crossroads Equipment Lease and Finance jhaney@wongfleming.com  sfiorentino@wongfleming.com

James A. McCullough, II
on behalf of Creditor Webster Capital Finance jmccullough@brunini.com  jfarmer@brunini.com

Jim F. Spencer, Jr.
on behalf of Creditor Trustmark Bank  successor in interest to Trustmark National Bank jspencer@watkinseager.com, mryan@watkinseager.com

Joe Stevens
on behalf of Creditor Renasant Bank jds@wisecarter.com

John S. Simpson
on behalf of Creditor H&P Leasing  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

John S. Simpson
on behalf of Creditor Southern States Utility Trailer Sales  Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net

Justin B. Little
on behalf of Creditor BMO Bank  N.A. jlittle@rrllaw.com, jbrown@rrllaw.com;rdavis@rrllaw.com

Matthew Ward McDade
on behalf of Creditor Chuck Evans mmcdade@balch.com bmarshall@balch.com;smhollis@balch.com;dguericke@balch.com;ehansen@balch.com

Nicholas T Grillo
on behalf of Creditor Lloyd Justin Anderson grillolawms@gmail.com  GrilloLawFirm@jubileebk.net

Nicholas T Grillo
on behalf of Creditor Keisha Jackson Anderson grillolawms@gmail.com  GrilloLawFirm@jubileebk.net

Paul S. Murphy
on behalf of Creditor Bank of Wiggins paul.murphy@butlersnow.com  kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Paul S. Murphy
on behalf of Creditor XTRA Lease LLC paul.murphy@butlersnow.com kitty.logan@butlersnow.com;ecf.notices@butlersnow.com

Robert Alan Byrd
on behalf of Creditor Midland States Bank rab@byrd-wiser.com  wrs@byrd-wiser.com;WandaRitaStanovich@gmail.com

Robert Alan Byrd
on behalf of Creditor Keesler Federal Credit Union rab@byrd-wiser.com  wrs@byrd-wiser.com;WandaRitaStanovich@gmail.com

Scot P. Goldsholl
on behalf of Creditor Simmons Bank scot.goldsholl@padgettlawgroup.com  MLGBK@ecf.courtdrive.com

Steven Usry
on behalf of U.S. Trustee United States Trustee steven.usry@usdoj.gov

Sylvie Derdeyn Robinson

| District/off: 0538-6 | User: mssbad | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Jul 22, 2026 | Form ID: pdf012 | Total Noticed: 3 |

on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov

Thomas Carl Rollins, Jr

on behalf of Creditor Aloysius Davis trollins@therollinsfirm.com
jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Thomas Jackson Schultz

on behalf of Creditor PNC Equipment Finance jschultz@burr.com
cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com

Thomas Jackson Schultz

on behalf of Creditor PNC Bank  National Association jschultz@burr.com,
cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com

Thomas M Hewitt

on behalf of Creditor XTRA Lease LLC thomas.hewitt@butlersnow.com
ecf.notices@butlersnow.com,cindy.grantham@butlersnow.com

United States Trustee

USTPRegion05.JA.ECF@usdoj.gov

William B. Palmertree

on behalf of Creditor Tennessee Farmers Mutual Insurance Companies bpalmertree@gpfirm.com
paralegal@gpfirm.com;reception@gpfirm.com

William P. Wessler

on behalf of Creditor Crossroads Equipment Lease and Finance william@wesslerbankruptcy.com

Winston Lee

on behalf of Creditor PNC Bank  National Association wlee@burr.com,
sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

Winston Lee

on behalf of Creditor PNC Equipment Finance wlee@burr.com
sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com

TOTAL: 38

---



**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: July 22, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  **BIG LEVEL TRUCKING, INC.**  **CHAPTER 11**
  Debtor  **CASE NO. 25-51204-KMS**

## ORDER

THIS CAUSE having come on for consideration of the *Rule 9019 Motion to Settle and Compromise Disputed Claims with American Express* (the "Motion") **[DK #534]** filed herein by Big Level Trucking, Inc. (the "Debtor"), and the Court having considered the Motion, does hereby find as follows, to-wit:

1. Notice and a hearing were adequate and appropriate under the circumstances.

2. On August 18, 2025, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

3. This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 1107, 1109, related statutes, related rules, and various orders of reference. This is a core proceeding.

4. Within the ninety (90) days prior to the filing of the Petition herein, the Debtor made certain payments or transfers of funds to creditors in which the aggregate value of the property transfers exceeded $8,575. American Express was one of the creditors in which the Debtor made certain payments or transfers of funds within the 90-day period prior to the filing of the Petition.

5. On May 20, 2026, the Debtor informally contacted American Express asserting claims against American Express to avoid and recover the certain alleged fraudulent transfers totaling $90,398.31 made by the Debtor.

6. On June 18, 2026, counsel for American Express responded to Debtor's demand and asserted various defenses, including significant new value advances, and denied liability for the Debtor's claims against them.

7. The parties, having informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, are desirous of compromising and settling the Debtor's claims against American Express in their entirety, in order to avoid the expenses and risks of litigation. The parties entered into a series of extensive negotiations that produced a settlement and compromise of numerous issues along with related relief (the "Settlement").

8. American Express has agreed to the pay the sum of $25,000.00 to the Debtor in full and final settlement of all claims the Debtor may have against American Express, plus the retention of American Express's previously filed proof of claim and the right to amend to include the settlement amount pursuant to 11 U.S.C. § 502(h).

9. The Debtor has considered the settlement possibilities when compared to litigation possibilities. The Debtor is of the opinion that, because of the additional costs and expenses of litigating these matters through trial, combined with the ultimate outcome possibilities, the settlement is fair and reasonable and provides benefit to the estate.

10. The Settlement provides finality to the Debtor regarding this matter, it avoids a lengthy, expensive, and time-consuming trial in this dispute, and it ends any possibility of appeals and resolves difficult issues without the necessity of a trial.

11. Settlements in bankruptcy cases are, of course, encouraged and favored.

12. The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

> (1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>
> (3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997). These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT,* 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

13. In this case, the Settlement is reasonable, fair and equitable.

14. The Debtor is of the opinion that litigation of the issues in this action would not produce a better result than has been agreed to already.

15. The costs, expenses, and delay of litigation would not justify litigating any of the issues in this matter, and the Court finds that the Settlement is reasonable, justified and fair.

16. Accordingly, the Court hereby grants the Motion and approves the Settlement and its terms that are set forth in Paragraph 8 above. The Debtor is authorized to execute such release, or settlement and compromise agreements and any other commercially reasonable documents necessary to implement the terms of the Settlement to the extent any are necessary.

17. This is a final judgment as contemplated by the applicable Bankruptcy Rules.

**# # END OF ORDER # #**

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Order - 9019 Mot to Settle - AmEx 6-26-26.wpd