_____



SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: August 12, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| BIG LEVEL TRUCKING, INC., | § | Case No.: 25-51204-KMS |
| | § | |
| Debtor. | § | |

_____

**AGREED ORDER RESOLVING LIMITED OBJECTION BY WELLS FARGO
EQUIPMENT FINANCE, INC. TO FIRST ADDENDUM TO DISCLOSURE
STATEMENT, AND AMENDING EXISTING ORDER REGARDING
ADEQUATE PROTECTION PAYMENTS**
*[Bkr. Dkt. #'s 440 & 541]*
_____

**HAVING COME** before the Court on the joint request of Wells Fargo Equipment

Finance, Inc. ("Wells Fargo"), a creditor and party-in-interest in the above-captioned bankruptcy

case, and submits, and Big Level Trucking, Inc. (the "Debtor" and together with Wells Fargo,

collectively, the "Parties") for entry of this Agreed Order resolving all issues raised in the

*Limited Objection by Wells Fargo Equipment Finance, Inc. to First Addendum to Disclosure

Statement* [Bkr. Dkt. #541] (the "Limited Objection").  All capitalized terms used herein, but

which are not otherwise defined herein, shall have the meanings ascribed thereto in that certain

*Order on Motion by Wells Fargo Equipment Finance, Inc. for Relief from the Automatic Stay

and to Compel Abandonment or, in the Alternative, to Compel Adequate Protection* [Bkr. Dkt.

#440] (the "Adequate Protection Order").

4898-0741-5997v3
1039341-001047

1

The Court, having duly considered the Parties' joint request and being advised that the Parties agree and stipulate as to all facts, circumstances and relief set forth herein, orders as follows:

**IT IS ORDERED AND ADJUDGED** that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 1409, and that this matter is a core proceeding under 28 U.S.C. § 157(b)(2);

**IT IS FURTHER ORDERED AND ADJUDGED** that the statutory and procedural predicate for the relief sought herein are Sections 105(a), 362(d), 363(e), 554, 506(a), 1123 and 11293 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure, and various orders of reference;

**IT IS FURTHER ORDERED AND ADJUDGED** that notice and opportunity for hearing and objection were adequate and appropriate under the circumstances;

**IT IS FURTHER ORDERED AND ADJUDGED** that the eighteen (18) year-model 2020 Utility VS2DX trailers pledged by Debtor as collateral for its obligations owed to Wells Fargo (collectively, the "Equipment") shall be valued at a total of $241,939.84, for purposes of a Wells Fargo allowed secured claim pursuant to 11 U.S.C. §506(a)(1);

**IT IS FURTHER ORDERED AND ADJUDGED** that Debtor shall pay to Wells Fargo the principal amount of $241,939.84 (the "Principal Balance") as 11 U.S.C. §1123 plan payments on account of the value of Wells Fargo's interests in the Equipment, with interest accruing on the Principal Balance at the rate of 6.00% *per annum*, to be amortized over 60 months (collectively, the "Allowed Secured Claim"), with Wells Fargo deemed to hold an allowed secured claim pursuant to 11 U.S.C. §506(a)(1) in the amount of the Allowed Secured Claim;

**IT IS FURTHER ORDERED AND ADJUDGED** that through and including July 31, 2026, Debtor shall timely remit all payments in the amounts and by the due dates set forth in the Adequate Protection Order (collectively, the "Adequate Protection Payments");

**IT IS FURTHER ORDERED AND ADJUDGED** that all Adequate Protection Payments received by Wells Fargo, as of July 31, 2026, shall be treated as payments of principal to reduce the $241,939.84 Principal Balance, and with such as-reduced principal amount being referred to as the "Revised Principal Balance";

**IT IS FURTHER ORDERED AND ADJUDGED** that by no later than Friday of each week beginning on August 7, 2026, and continuing thereafter in each successive month for a period of 60 months, Debtor shall make equal weekly payments of interest and principal calculated on the Revised Principal Balance[1], with interest accruing on the Revised Principal Balance at the rate of 6.00% *per annum* amortized over 60 months, and each such weekly payment being in the amount of $985.24, and with all such payments being tendered to Wells Fargo via wire transfer of good and immediately available funds (collectively, the "Principal and Interest Payments" and together with the Adequate Protection Payments, collectively, the "Payments");

**IT IS FURTHER ORDERED AND ADJUDGED** that beginning August 7, 2026, the Principal and Interest Payments shall replace and serve in lieu of the Adequate Protection Payments, with the Adequate Protection Order being fully incorporated herein by reference and otherwise remaining in full force and effect, modified only as provided herein;

---

[1] After crediting Debtor for all Adequate Protection Payments received by Wells Fargo (as of 7/31/26), the Revised Principal Balance is $221,199.84.

4898-0741-5997v3
1039341-001047

3

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtor's *Disclosure Statement* [Bkr. Dkt. #420] (as now existing and/or hereafter amended, collectively, the "Disclosure Statement") together with the Debtor's *Plan of Reorganization* [Bkr. Dkt. #421] (as now existing and/or hereafter amended, collectively, the "Proposed Plan" and together with the Disclosure Statement, collectively, the "Plan") shall be deemed to fully incorporate by reference this Agreed Order; [2] and,

**IT IS, THEREFORE, FURTHER ORDERED AND ADJUDGED** that this Agreed Order is entered without prejudice to Wells Fargo's right to seek any other, additional and/or alternative relief to which it may be entitled at law or in equity.

**##END OF ORDER##**

---

[2] The provisions regarding "Events of Default" and cure opportunity for same as set forth in the Adequate Protection Order are cumulative, and include any Events of Default and/or "cured Events of Default" that may now exist as well as any Events of Default or cure that may occur subsequent to entry of this Agreed Order, including any Events of Default and/or cure of Events of Default that may occur regarding Payments required by the Plan.

4898-0741-5997v3
1039341-001047

**AGREED AND SUBMITTED BY:**

*/s/ Alan L. Smith*
Alan L. Smith, Esq. (MS Bar No.10345)
BAKER, DONELSON, BEARMAN,
      CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:    (601) 351-8932
E-Mail:       asmith@bakerdonelson.com

***ATTORNEYS FOR WELLS FARGO EQUIPMENT FINANCE, INC.***

*/s/ Craig M. Geno*
Craig M. Geno, Esq. (MS Bar No. 4793)
GENO and STEISKAL, PLLC
601 Renaissance Way – Suite A
Ridgeland, Mississippi 39157
Telephone:    (601) 427-0048
Facsimile:    (601) 427-0050
E-Mail:       cmgeno@cmgenolaw.com

***ATTORNEYS FOR BIG LEVEL TRUCKING, INC.***