**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: BIG LEVEL TRUCKING, INC.** **CHAPTER 11**

**DEBTOR(S)** **CASE NO. 25-51204-KMS**

---

# RULE 9019 MOTION TO SETTLE AND COMPROMISE DISPUTED CLAIMS

---

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor"), by and through undersinged counsel, and files this its *Rule 9019 Motion to Settle and Compromise Disputed Claims* (the "Motion"), and in support thereof, would respectfully show unto this Honorable Court as follows, to-wit:

1. On August 18, 2025, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 1107, 1109, related statutes, related rules, and various orders of reference. This is a core proceeding.

3. Prior to the filing of the Petition herein, one of the Debtor's vehicles was involved in a motor vehicle accident that involved injuries to a minor child who was a passenger in another vehicle involved in the accident. The minor child received medical care for injuries sustained in the accident. At the time of motor vehicle accident, the minor child was not covered by any health insurance policy.

4. On June 6, 2024, the minor's parent, on behalf of the minor child, filed a lawsuit against the Debtor and the Debtor's vehicle driver for the minor's claims arising from the motor vehicle accident. The lawsuit was filed in the Circuit Court of Stone County, Mississippi, and is

styled as *Edwin Arevalo, et al. v. Jackie Ray Knight and Big Level Trucking, Inc.*, Cause Number 66CI1:24-cv-00137.

5. In Mississippi chancery court, the minor child's natural parent was appointed as conservator of the minor. The conservatorship was filed in the Chancery Court of Covington County, Mississippi, (the "Arevalo Conservatorship"), and styled *In the Matter of David Arevalo, a Minor by and through Anna Hernandez Arevalo, Natural Parent and Adult Next Friend*, Cause No. 25-cv-00069-DS.

6. After the filing of the Petition herein, the Debtor and the other litigation parties entered into a series of extensive negotiations that produced a settlement and compromise of numerous issues along with related relief (the "Settlement").

7. The Debtor's portion of the Settlement will be paid by the Debtor's insurer, so there will be no impact on the Debtor's creditors.

8. The Settlement is pervasive and obviously speaks for itself. A copy of the *Order Appointing Conservator of Minor and Authorizing Settlement of Contingent Unliquidated Claim of Minor* is attached, incorporated by reference, and marked hereto as **Exhibit "A"**. As a summary, the Debtor submits that the Settlement resolves difficult and unsettled issues with respect to the minor child's injuries sustained in the motor vehicle accident against the Debtor and the Debtor's driver. In exchange for the payment to the minor of $25,000.00, and the payment of $4,500.00 to HMR Servicing, LLC, for outstanding medical bills, the Conservator for the minor child agrees to grant the Debtor and the Debtor's driver a full and final release and discharge from all claims, demands, and civil actions for all the minor's claims from the injuries sustained in the subject motor vehicle accident.

9. The Settlement provides finality to the Debtor regarding this matter, avoids a lengthy, expensive, and time-consuming trial in this wrongful death dispute, ends any possibility of appeals and resolves difficult issues without the necessity of a trial.

10. Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") authorizes the Court to approve the compromise and settlement of claims and causes of action in a bankruptcy case after appropriate notice and an opportunity for a hearing.

11. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow* (*In re Fishell*), 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019 to resolve disputes. See, e.g., *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Patel*, 43 B.R. 500, 504 (Bankr. N.D. Ill. 1984); see also, *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug 21, 1996); *In re Check Reporting Servs., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).

12. A compromise or proposed settlement should be approved where such settlement is in the best interests of the bankruptcy estate and is fair and reasonable under the circumstances. *In re Griffin Trading Co.*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). More specifically, "[t]his determination requires a comparison of the settlement's terms with the litigation's probably costs and probable benefits." *In re Miller*, 148 B.R. at 516 (citing *In re American Reserve*

*Corp.*, 841 F.2d at 161). Furthermore, "[i]n making this comparison the bankruptcy judge should consider the litigation's probable costs and probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay." *Id.*

13. Settlements in bankruptcy cases are, of course, encouraged and favored.

14. A basic policy in bankruptcy cases is that settlement is favored. 10 *Collier on Bankruptcy* ¶ 9019.01 at 9019-2 (15th ed. rev. 1997). Courts have built on this policy by adopting the standards set forth in the United States Supreme Court decision *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that:

> A compromise would be approved by the bankruptcy court only after it apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

15. The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

> (1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>
> (3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997). These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT,* 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

16. In this case, the Settlement is reasonable, fair, and equitable.

17. The Debtor is of the opinion that litigation of the issues in this action would not produce a better result than has been agreed to already.

18. The costs, expenses, and delay of litigation would not justify litigating any of the issues in this matter, and the Debtor is of the opinion that the Settlement is reasonable, justified, and fair.

19. Accordingly, the Debtor respectfully requests that the Court and the creditors approve the Settlement that has been reached. The Debtor requests that it be authorized to execute such release, or settlement and compromise agreements and any other commercially reasonable documents necessary to implement the terms of the Settlement to the extent any are necessary in addition to an order of the Court granting the Motion.

20. Other grounds to be assigned upon a hearing hereof if necessary.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its order granting the Motion. Debtor prays for general relief.

THIS, the 27th day of August, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\9019 Mot to Settle and Compromise Disputed Claims - Arevalo Minor Settlement - 2026-08-21.wpd

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.
Assistant U.S. Trustee
abigail.m.marbury@usdoj.gov

THIS, the 27th day of August, 2026.

Craig M. Geno

FILED MB PAGE
AUG 18 2026
GUY EASTERLING, CHANCERY CLERK
BY ______________ D.C.

**IN THE CHANCERY COURT OF COVINGTON COUNTY, MISSISSIPPI**

**IN THE MATTER OF DAVID AREVALO, A MINOR BY AND THROUGH ANNA HERNANDEZ AREVALO, NATURAL PARENT AND ADULT NEXT FRIEND**

**CAUSE NO. 25-cv-00069-DS**

**ORDER APPOINTING CONSERVATOR OF MINOR AND AUTHORIZING SETTLEMENT OF CONTINGENT UNLIQUIDATED CLAIM OF MINOR**

THIS CAUSE came before the Court for hearing on the Amended Petition for Appointment as Conservator for Minor and for Authority to Settle and Compromise Contingent Unliquidated Claim of Minor, filed by the Petitioner, **ANNA HERNANDEZ AREVALO** ("the Petitioner"), natural parent and adult next friend of **DAVID AREVALO**, a minor ("the Minor"), and joined by Edwin Arevalo, natural father of the Minor, and the Court, having heard and considered the testimony and reviewed and considered the pleadings, and being fully advised in the premises, hereby finds as follows:

1. That this Court holds jurisdiction over the parties and subject matter of this action, as concerns the estate of a minor who is present within and a resident of Covington County, Mississippi pursuant to provisions of the Mississippi GAP Act, Miss. Code Ann. § 93-20-101 *et seq.* (rev. 2021), and specifically holds a property interest accruing within Covington County, Mississippi as referred herein.

2. That the Petitioner is an adult resident of Covington County, Mississippi, who resides at 1000 S. Arrington Avenue, Collins, Mississippi 39428. Petitioner is the natural mother of the Minor born on April 22, 2011, who resides with the Petitioner and under her care as referenced herein.

3. That Edwin Arevalo, the spouse of the Petitioner, and who resides with the Petitioner and the Minor, and is the natural father of the Minor, is a necessary party to these proceedings. Edwin Arevalo fully joins in the Amended Petition [8] and the request for relief

 **EXHIBIT "A"**

therein as evidenced by his sworn signature affixed to the Amended Petition [8].

4. That the Petitioner seeks appointment as conservator for her natural son, the Minor, born on April 2, 2011. The Minor, now over the age of fourteen, fully joins in the Amended Petition [8] and the request for relief therein and consents to the appointment of the Petitioner as his Conservator as evidenced by his sworn signature affixed to the Amended Petition [8].

5. That there are no other parties who are necessary to this action.

6. That the Petitioner is represented and advised in this matter by her undersigned attorneys of record, John B. Hunt, IV, Hunt Law Firm, PLLC, 1640 Lelia Drive, Suite 105, Jackson, Mississippi 39216, and Mike Saltaformaggio, Maggio Law Group, PLLC, 1227 E. Fortification Street, Jackson, Mississippi 39201.

7. That the Minor presently holds a separate estate consisting of personal effects of *de minimis*, value; however, pursuant to the subject incident referenced in the Amended Petition [8], David Arevalo holds a contingent unliquidated claim for injuries and damages with a proposed value at or exceeding $25,000. It is accordingly necessary for the Court to appoint a conservator for the minor pursuant to Miss. Code Ann. § 93-20-431 (rev. 2021) and other relevant provisions of the laws of the State of Mississippi in order that some competent person may be granted authority to settle and compromise the claims of the minor and in order that the estate of the minor be properly preserved and managed.

8. That the Petitioner has shown that she is a fit and proper person to represent the interests of the Minor as his conservator. The Petitioner has never been a debtor in a bankruptcy, insolvency, or receivership proceeding nor been convicted of a felony, a crime involving dishonesty, neglect, violence, or use of physical force, or any other crime relevant to the functions she would assume as conservator for the Minor. The Petitioner likewise is over the age of twenty-one and is under no other disability that would disqualify her from appointment as conservator.

9. That as the Minor holds assets of *de minimis* value other than the proposed settlement of contingent unliquidated claims referenced herein, the Petitioner respectfully requests that this Court waive bond and other surety, inventory, and accounting. That further, the Petitioner respectfully requests that this Court waive the requirement of well-being reports and the submission of a conservator plan, as the proceeds of the proposed settlement are contemplated to be placed into a restricted account for the future exclusive use and benefit of the Minor pursuant to Miss. Code Ann. § 93-20-416 (rev. 2020).

10. That the Minor is not entitled to any benefit, estate, or income paid or payable by or through the Veteran's Administration nor any notice to said agency is required.

11. That the Petitioner has shown that the Minor is seized of a contingent unliquidated claim arising from an automotive accident occurring on or about April 20, 2023, that is the subject of a proposed offer of settlement and compromise that is contingent on this Court's approval as the Court of competent jurisdiction.

12. That on or about April 20, 2023, the Minor was a passenger in a vehicle owned and operated by Edwin Arevalo, when Edwin Arevalo's vehicle collided with a vehicle owned by Big Level Trucking, Inc. and operated by Jackie Ray Knight ("the subject incident") on Highway 49 in Rankin County, Mississippi. As a result of the subject incident, the Petitioner contends the Minor suffered injuries ("the subject injuries").

13. That as a result of the subject incident and subject injuries, the Minor received medical treatment at Southeast Mississippi Rural Health on May 3, 2023, where he received medical evaluation and treatment, including various routine tests and he was released from the clinic the same day. The Minor received follow-up treatment at Paradigm Health System.

14. That on the Minor's behalf, the Petitioner incurred the following medical expenses for treatment of the subject injuries that are related to the subject incident:

| | | |
|---|---|---|
| a. | Southeast Mississippi Rural Health | $100.00 |
| b. | Paradigm Health System | $5,191.00 |
| | Total | $5,291.00 |

15. That at the time of the subject incident, the Minor was not covered by any health insurance policy. The attorneys for the Petitioner and the Minor have negotiated a reduction on behalf of the Petitioner of the outstanding medical bills to the sum of a one-time payment of $4,500 to HMR Servicing, LLC.

16. That the Minor has recovered from the injuries from the subject incident, has not required any additional medical treatment for the injuries from the subject incident since October 11, 2023, has not suffered any permanent injury, and it is not foreseen that the Minor will suffer any future injury or incur any further medical treatment as a result of the subject incident.

17. That on the Minor's behalf, the Petitioner has investigated the facts surrounding the subject incident and has pursued recovery of the Minor's claims. That on behalf of the Minor, the Petitioner entered an agreement with 'Maggio Law Group, PLLC to pursue the Minor's claims in a legal action. Pursuant to this agreement, the 'Maggio Law Group, PLLC is entitled to recover attorneys' fees at a rate of 40% of the total recovery for the Minor's claims as well as reimbursement for all costs incurred. Having said that, 'Maggio Law Group, PLLC has agreed to voluntarily reduce its attorneys' fees to 25%. 'Maggio Law Group, PLLC is also seeking reimbursement of $173.39 for actual costs incurred.

18. That on June 6, 2024, the Petitioner, on behalf of the Minor, and the Petitioner individually filed suit against Jackie Ray Knight and Big Level Trucking, Inc. in Cause Number 2024-cv-137, filed in the Circuit Court of Stone County, Mississippi, wherein the Petitioner asserted claims for damages against Jackie Ray Knight and Big Level Trucking, Inc. for the Minor's claims arising from the subject incident and subject injuries.

19. That the Petitioner has shown that the parties in the above-referenced cause have reached a settlement as to the subject incident and subject injuries.

20. That as a result of negotiations between Big Level Trucking, Inc. and the Petitioner, on behalf of the Minor, Big Level Trucking, Inc. has offered to pay the sum of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) unto the Minor, plus payment of the sum of four thousand five hundred ($4,500.00) to HMR Servicing, LLC as a resolution of the outstanding medical bills accruing to the Petitioner as the responsible parent, in consideration for a full and final release and discharge of Big Level Trucking, Inc. and Jackie Ray Knight from all claims, demands, and civil actions for all the Minor's claims from the subject incident and the subject injuries.

21. That the Petitioner avers and believes and has shown unto the Court that the acceptance of the proposed settlement herein is in the best interest of the Minor, that said settlement is fair and reasonable, and accordingly respectfully requests that this Court approve and ratify said settlement.

22. That the Petitioner has been advised and understands that she has the right to pursue a civil action for the Minor's claims arising from the subject incident and subject injuries, and that the fact-finder in such an action may award the Minor more or less money than the amounts offered in settlement by Big Level Trucking, Inc., or no money at all, but the Petitioner has chosen to dismiss the pending civil action, with prejudice, upon finalization of this settlement. The Petitioner has been advised that, as part of this proposed settlement, she is waving any right the Minor may have to file any such action against Big Level Trucking, Inc. for the Minor's claims arising from the subject incident and subject injuries.

23. That the Petitioner accordingly respectfully requests that this Court approve and ratify the proposed offer of settlement and compromise; and that the Petitioner, as conservator for

the Minor, be authorized and directed to accept the proposed settlement of $25,000.00, plus the payment of $4,500.00 directly to HMR Servicing, LLC in resolution of the outstanding demands for payment, under such terms and conditions as the Court may deem proper and appropriate. The Petitioner acknowledges and agrees that she shall remain amenable to the Court for the disposition of the funds as the fiduciary for the Minor.

24. That the Petitioner further would respectfully show that 'Maggio Law Group, PLLC, has rendered good and valuable services to the Minor and that said settlement would not have been attained but for the efforts of her attorneys. The Petitioner accordingly respectfully requests that this Court approve and ratify the representation agreement between the Petitioner and her attorneys, and that she be authorized and directed to pay the sum of $6,250.00, representing 25% of the recovery accruing to the Minor, from the proceeds of the proposed settlement.

25. That the Petitioner further respectfully requests that this Court authorize and direct her to reimburse her attorneys the sum of $173.39, representing necessary costs and expenses advanced by her attorneys on behalf of the Minor, from the proceeds of her proposed settlement.

26. That the Petitioner further would show that her undersigned counsel, John B. Hunt, IV, Hunt Law Firm, PLLC, has rendered good and valuable services in the course of representation in this action, and pursuant to the agreement of Petitioner, the law firm of 'Maggio Law Group, PLLC, and Hunt Law Firm, PLLC, undersigned counsel shall be compensated from the attorney's fees paid to 'Maggio Law Group, PLLC for said attorneys' efforts in establishing this conservatorship and seeking the approval of the Court of the proposed settlement herein; however, that any further attorney's fees and expenses incurred in the future shall be submitted to this Court for approval as a necessary cost of the administration of the estate of the Minor.

IT IS, THEREFORE, ORDERED AND ADJUDGED that conservatorship of the Minor

**DAVID AREVALO**, is necessary and in the Minor's best interest, and that the Court finds by clear and convincing evidence that the Minor has or may have funds requiring management or protection that otherwise cannot be provided and/or has or may have financial affairs that may be put at substantial risk or hindered because of the Minor's age.

IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner, **ANNA HERNANDEZ AREVALO**, is hereby appointed conservator of the Minor, for the purpose of settling the Minor's claims from the subject incident and subject injuries and receiving and accounting for the funds that the Minor stands to receive from the proposed settlement of said claims, that the Clerk shall issue Letters of Conservatorship to the Petitioner upon her taking the Oath prescribed by law, and that the Court hereby waives the requirements of bond, conservatorship plans, and conservators' reports, including inventories and accountings, since the conservatorship is established for the purpose stated above.

IT IS FURTHER ORDERED AND ADJUDGED that the proposed settlement of the Minor's claims arising from the subject incident and subject injuries is approved, and the Petitioner is hereby authorized, on behalf of the Minor, to sign any and all necessary Releases, pursuant to Miss. Code Ann. § 93-20-431, to effectuate said settlement.

IT IS FURTHER ORDERED AND ADJUDGED that Big Level Trucking, Inc. is hereby authorized to pay the outstanding treatment bills in the amount of $4,500.00 directly to HMR Servicing, LLC and to file proof of said payments into the court record in this matter. This payment for the outstanding treatment bills is to be paid separately by Big Level Trucking, Inc. and is not to come out of the Minor's total settlement amount of $25,000.00.

IT IS FURTHER ORDERED AND ADJUDGED that Big Level Trucking, Inc. is hereby authorized to pay the total gross settlement funds of $25,000.00 to the Petitioner, on the Minor's

behalf, that the Petitioner is hereby authorized to receive said funds on the Minor's behalf, and that all said funds shall be placed in the client trust account of 'Maggio Law Group, PLLC from which the dissemination authorized hereinbelow shall be accomplished.

IT IS FURTHER ORDERED AND ADJUDGED that the agreement between the Petitioner and 'Maggio Law Group, PLLC and Hunt Law Firm, PLLC to pursue the Minor's claims from the subject incident and subject injuries, is hereby approved, and that said attorneys are hereby authorized to retain their contracted fees of $6,250.00 plus their actual expenses of $173.39 from the Minor's funds on deposit in their client trust account.

IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner, on behalf of the Minor, shall receive the balance of the settlement funds of **$18,576.61**, and that Petitioner shall deposit said funds in a court-restricted account federally insured institution in the State of Mississippi, there to be held on deposit until further order of this Court, and for said bank to sign the proper receipt and acknowledgment, pursuant to Miss. Code Ann. § 93-20-416.

SO ORDERED AND ADJUDGED this, the 18 day of August, 2026.

**CHANCELLOR**

Presented by:

**JOHN B. HUNT, IV** (MSB #103847)
Hunt Law Firm, PLLC
1640 Leila Drive, Suite 105
Jackson, MS 39216
jack@jbhlegal.com

**MIKE SALTAFORMAGGIO** (MSB #104000)
'Maggio Law
1227 East Fortification Street

Jackson, MS 39202
mike@mtlawms.com
*Attorneys for Petitioner and the Minor*