**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: BIG LEVEL TRUCKING, INC.**
**Debtor**

**CHAPTER 11**
**CASE NO. 25-51204-KMS**

# NOTICE

NOTICE IS HEREBY GIVEN that the Debtor herein has filed its *Rule 9019 Motion to Settle and Compromise Disputed Claims* (the "Motion"), a copy of which is attached, incorporated by reference and marked as Exhibit "A."

PLEASE TAKE FURTHER NOTICE that all creditors and parties-in-interest wishing to object to the Motion must file a written objection or other responsive pleading within **twenty-one (21) days** from and after the date of this Notice, with the Clerk of the Court, Mr. Danny L. Miller, the Clerk of the U. S. Bankruptcy Court, Southern District of Mississippi, Dan M. Russell, Jr. U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, and a copy of any objection must be served upon Craig M. Geno, Esq., and Christopher J. Steiskal, Sr., Esq., Law Offices of Geno and Steiskal, PLLC, counsel for the Debtor, at 601 Renaissance Way, Suite A, Ridgeland, MS 39157. Attorneys and other registered users of the Case Management/Electronic Case Filing (CM/ECF) system shall file any such objection electronically. In the event an objection to the Motion is filed, it will be scheduled for hearing in due course.

DATED, this the 27th day of August, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: Craig M. Geno
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Notice - 9019 Mot to Settle with Arevalo 8-27-26.wpd

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: BIG LEVEL TRUCKING, INC.** **CHAPTER 11**

**DEBTOR(S)** **CASE NO. 25-51204-KMS**

---

**RULE 9019 MOTION TO SETTLE AND COMPROMISE DISPUTED CLAIMS**

---

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor"), by and through undersinged counsel, and files this its *Rule 9019 Motion to Settle and Compromise Disputed Claims* (the "Motion"), and in support thereof, would respectfully show unto this Honorable Court as follows, to-wit:

1. On August 18, 2025, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 1107, 1109, related statutes, related rules, and various orders of reference. This is a core proceeding.

3. Prior to the filing of the Petition herein, one of the Debtor's vehicles was involved in a motor vehicle accident that involved injuries to a minor child who was a passenger in another vehicle involved in the accident. The minor child received medical care for injuries sustained in the accident. At the time of motor vehicle accident, the minor child was not covered by any health insurance policy.

4. On June 6, 2024, the minor's parent, on behalf of the minor child, filed a lawsuit against the Debtor and the Debtor's vehicle driver for the minor's claims arising from the motor vehicle accident. The lawsuit was filed in the Circuit Court of Stone County, Mississippi, and is

**EXHIBIT "A"**

styled as *Edwin Arevalo, et al. v. Jackie Ray Knight and Big Level Trucking, Inc.*, Cause Number 66CI1:24-cv-00137.

5. In Mississippi chancery court, the minor child's natural parent was appointed as conservator of the minor. The conservatorship was filed in the Chancery Court of Covington County, Mississippi, (the "Arevalo Conservatorship"), and styled *In the Matter of David Arevalo, a Minor by and through Anna Hernandez Arevalo, Natural Parent and Adult Next Friend*, Cause No. 25-cv-00069-DS.

6. After the filing of the Petition herein, the Debtor and the other litigation parties entered into a series of extensive negotiations that produced a settlement and compromise of numerous issues along with related relief (the "Settlement").

7. The Debtor's portion of the Settlement will be paid by the Debtor's insurer, so there will be no impact on the Debtor's creditors.

8. The Settlement is pervasive and obviously speaks for itself. A copy of the *Order Appointing Conservator of Minor and Authorizing Settlement of Contingent Unliquidated Claim of Minor* is attached, incorporated by reference, and marked hereto as **Exhibit "A"**. As a summary, the Debtor submits that the Settlement resolves difficult and unsettled issues with respect to the minor child's injuries sustained in the motor vehicle accident against the Debtor and the Debtor's driver. In exchange for the payment to the minor of $25,000.00, and the payment of $4,500.00 to HMR Servicing, LLC, for outstanding medical bills, the Conservator for the minor child agrees to grant the Debtor and the Debtor's driver a full and final release and discharge from all claims, demands, and civil actions for all the minor's claims from the injuries sustained in the subject motor vehicle accident.

9. The Settlement provides finality to the Debtor regarding this matter, avoids a lengthy, expensive, and time-consuming trial in this wrongful death dispute, ends any possibility of appeals and resolves difficult issues without the necessity of a trial.

10. Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") authorizes the Court to approve the compromise and settlement of claims and causes of action in a bankruptcy case after appropriate notice and an opportunity for a hearing.

11. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow* (*In re Fishell*), 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019 to resolve disputes. See, e.g., *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Patel*, 43 B.R. 500, 504 (Bankr. N.D. Ill. 1984); see also, *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug 21, 1996); *In re Check Reporting Servs., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).

12. A compromise or proposed settlement should be approved where such settlement is in the best interests of the bankruptcy estate and is fair and reasonable under the circumstances. *In re Griffin Trading Co.*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). More specifically, "[t]his determination requires a comparison of the settlement's terms with the litigation's probably costs and probable benefits." *In re Miller*, 148 B.R. at 516 (citing *In re American Reserve*

*Corp.*, 841 F.2d at 161). Furthermore, "[i]n making this comparison the bankruptcy judge should consider the litigation's probable costs and probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay." *Id.*

13. Settlements in bankruptcy cases are, of course, encouraged and favored.

14. A basic policy in bankruptcy cases is that settlement is favored. 10 *Collier on Bankruptcy* ¶ 9019.01 at 9019-2 (15th ed. rev. 1997). Courts have built on this policy by adopting the standards set forth in the United States Supreme Court decision *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that:

> A compromise would be approved by the bankruptcy court only after it apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

15. The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

> (1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>
> (3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997). These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT,* 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

16. In this case, the Settlement is reasonable, fair, and equitable.

17. The Debtor is of the opinion that litigation of the issues in this action would not produce a better result than has been agreed to already.

18. The costs, expenses, and delay of litigation would not justify litigating any of the issues in this matter, and the Debtor is of the opinion that the Settlement is reasonable, justified, and fair.

19. Accordingly, the Debtor respectfully requests that the Court and the creditors approve the Settlement that has been reached. The Debtor requests that it be authorized to execute such release, or settlement and compromise agreements and any other commercially reasonable documents necessary to implement the terms of the Settlement to the extent any are necessary in addition to an order of the Court granting the Motion.

20. Other grounds to be assigned upon a hearing hereof if necessary.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its order granting the Motion. Debtor prays for general relief.

THIS, the 27th day of August, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: ______________________
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\9019 Mot to Settle and Compromise Disputed Claims - Arevalo Minor Settlement - 2026-08-21.wpd

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.
Assistant U.S. Trustee
abigail.m.marbury@usdoj.gov

THIS, the 27th day of August, 2026.

______________________
Craig M. Geno

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: BIG LEVEL TRUCKING, INC.**
**Debtor**

**CHAPTER 11**
**CASE NO. 25-51204-KMS**

# EXHIBIT "A"

**EXHIBIT "A" IS VOLUMINOUS AND IS NOT DUPLICATED HERE.**
**HOWEVER, IF A COPY IS NEEDED, IT CAN BE OBTAINED**
**VIA PACER OR BY CONTACTING KATIE CARTER**
**kcarter@cmgenolaw.com**