**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: BIG LEVEL TRUCKING, INC.**
**Debtor**

**CHAPTER 11**
**CASE NO. 25-51204-KMS**

**CERTIFICATE OF SERVICE**

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or U.S. Mail, postage prepaid, a true and correct copy of the *Rule 9019 Motion to Approve Settlement with Bank of Wiggins* and the *Notice* in connection therewith (copies of which are attached hereto as Exhibit "A"), to all creditors and parties-in-interest as listed on the matrix on file with the Clerk of the Court (a copy of which is attached hereto as Exhibit "B").

THIS, the 8th day of October, 2026.

Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\COS - 9019 Mot to Settle with bank of Wiggins 10-6-26.wpd

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | **BIG LEVEL TRUCKING, INC.**<br>**Debtor** | **CHAPTER 11**<br>**CASE NO. 25-51204-KMS** |

**NOTICE**

NOTICE IS HEREBY GIVEN that the Debtor herein has filed its *Rule 9019 Motion to Approve Settlement with Bank of Wiggins* (the "Motion"), a copy of which is attached, incorporated by reference and marked as Exhibit "A."

PLEASE TAKE FURTHER NOTICE that all creditors and parties-in-interest wishing to object to the Motion must file a written objection or other responsive pleading within **fourteen (14) days** from and after the date of this Notice, with the Clerk of the Court, Mr. Danny L. Miller, the Clerk of the U. S. Bankruptcy Court, Southern District of Mississippi, Dan M. Russell, Jr. U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, and a copy of any objection must be served upon Craig M. Geno, Esq., and Christopher J. Steiskal, Sr., Esq., Law Offices of Geno and Steiskal, PLLC, counsel for the Debtor, at 601 Renaissance Way, Suite A, Ridgeland, MS 39157. Attorneys and other registered users of the Case Management/Electronic Case Filing (CM/ECF) system shall file any such objection electronically. In the event an objection to the Motion is filed, it will be scheduled for hearing in due course.

DATED, this the 8th day of October, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: ______________________
Craig M. Geno

**EXHIBIT "A"**

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Notice - 9019 Mot to Settle with Bank of Wiggins 10-6-26.wpd

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: BIG LEVEL TRUCKING, INC. CHAPTER 11**

**DEBTOR(S) CASE NO. 25-51204-KMS**

---

**RULE 9019 MOTION TO APPROVE SETTLEMENT WITH BANK OF WIGGINS**

---

COMES NOW Debtor Big Level Trucking, Inc. (the "Debtor"), by and through undersigned counsel, and files this its *Rule 9019 Motion to Approve Settlement with Bank of Wiggins* (the "Motion"), and in support thereof, would respectfully show as follows, to-wit:

1. On August 18, 2025, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 1107, 1109, related statutes, related rules, and various orders of reference. This is a core proceeding.

3. On March 13, 2026, the Debtor filed its *Disclosure Statement* **[DK #420]** and *Plan of Reorganization* **[DK #421]**. On April 30, 2026, Bank of Wiggins ("BOW") filed its *Objection to Debtor's Disclosure Statement* **[DK #485]**.

4. After a hearing on the Debtor's *Disclosure Statement*, on June 8, 2026, the Debtor filed its *First Addendum to Disclosure Statement* **[DK #525]**. BOW filed its *Objection to Debtor's First Addendum to Disclosure Statement* **[DK #543]** on July 2, 2026. In its *Objection*, BOW argued, among other things, that the Debtor's *Disclosure Statement* and its *First Addendum* did not provide adequate information for BOW to determine if the Debtor's *Plan* is feasible given the Debtor's proposed budget projections.

**EXHIBIT "A"**

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 2 of 31

5. After a hearing on the Debtor's *First Addendum to Disclosure Statement*, the Court intended to set *Objection to Debtor's First Addendum to Disclosure Statement* for a separate evidentiary hearing.

6. Thereafter, the parties engaged in settlement discussions in an attempt to resolve BOW's *Objection to Debtor's First Addendum to Disclosure Statement.*

7. The parties, having informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, desire to compromise and settle BOW's claims of indebtedness against the Debtor in their entirety in order to avoid the expenses and risks of litigation and so the Debtor can move forward toward confirmation of its *Plan*. The parties also desire to compromise and settle BOW's claims against the individual guarantors of the Debtor. The parties entered into a series of extensive negotiations that produced a settlement and compromise of numerous issues along with related relief (the "Settlement").

8. The Settlement is pervasive and obviously speaks for itself. A copy of the *Settlement and Forbearance Agreement* is attached, incorporated by reference, and marked hereto as **Exhibit "A"**. As a summary, the Debtor submits that the Settlement resolves difficult and unsettled issues with respect to BOW's claims of indebtedness against the Debtor, resolves the Plan treatment of BOW, and resolves the liability of the individual guarantors:

(a) The principal amount subject to the agreed secured Plan treatment shall be $1,667,115.40.

(b) Beginning on the Plan Effective Date, the unpaid balance of the Plan Secured Amount shall bear interest at a fixed rate of six percent (6.00%) per annum.

(c) The Plan Secured Amount shall be amortized over fifteen (15) years.

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 3 of 31

(d) Debtor shall make consecutive weekly payments of principal and interest in the amount of $3,242.64 per week, commencing on the Plan Effective Date, and continuing on the same day of each succeeding week thereafter.

(e) Notwithstanding the fifteen-year amortization schedule, on the date that is five (5) years after the first weekly payment due date, Debtor shall pay to Bank in immediately available funds the entire remaining unpaid principal balance of the Plan Secured Amount.

(f) BOW shall be entitled to an Allowed Unsecured Claim in the amount determined or allowed pursuant to the Plan, the Confirmation Order, and order of the Bankruptcy Court, or written agreement BOW and the Debtor.

(g) The compromise and treatment of BOW's claims under the Plan does not affect the obligations of the individual guarantors.

(h) The individual guarantors shall execute consent judgments arising from the Debtor's indebtedness to BOW.

(i) BOW agrees to a forbearance period in which BOW will forbear from executing and collecting on the individual guarantor consent judgments as long as the parties comply with the Settlement.

9. The Settlement provides finality to the Debtor regarding this matter, avoids a lengthy, expensive, and time-consuming trial in the dispute between the Debtor and BOW, and resolves difficult issues without the necessity of a trial on these matters. The Debtor can also move forward toward confirmation of its *Plan*.

10. The Debtor has considered the settlement possibilities when compared to litigation possibilities. The Debtor is of the opinion that, because of the additional costs and expenses of litigating these matters through trial, combined with the ultimate outcome possibilities, the settlement is fair and reasonable and provides benefit to the estate.

11. Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019") authorizes the Court to approve the compromise and settlement of claims and causes of action in a bankruptcy case after appropriate notice and an opportunity for a hearing. Fed. R. Bankr. P. 9019.

12. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow* (*In re Fishell*), 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019 to resolve disputes. See, e.g., *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Patel*, 43 B.R. 500, 504 (Bankr. N.D. Ill. 1984); see also, *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug 21, 1996); *In re Check Reporting Servs., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).

13. A compromise or proposed settlement should be approved where such settlement is in the best interests of the bankruptcy estate and is fair and reasonable under the circumstances. *In re Griffin Trading Co.*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). More specifically, "[t]his determination requires a comparison of the settlement's terms with the litigation's probably costs and probable benefits." *In re Miller*, 148 B.R. at 516 (citing *In re American Reserve Corp.*, 841 F.2d at 161). Furthermore, "[i]n making this comparison the bankruptcy judge should consider the litigation's probable costs and probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay." *Id.*

14. Settlements in bankruptcy cases are, of course, encouraged and favored.

15. A basic policy in bankruptcy cases is that settlement is favored. 10 *Collier on Bankruptcy* ¶ 9019.01 at 9019-2 (15th Ed. Revised 1997). Courts have built on this policy by

adopting the standards set forth in the U.S. Supreme Court decision *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that:

> A compromise would be approved by the bankruptcy court only after it apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

16. The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

> (1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>
> (3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997). These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

17. In this case, the Settlement is reasonable, fair and equitable.

18. The Debtor is of the opinion that litigation of the issues in this action would not produce a better result than has been agreed to already.

19. The costs, expenses, and delay of litigation would not justify litigating any of the issues in this matter, and the Debtor is of the opinion that the Settlement is reasonable, justified

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 6 of 31

and fair.

20. Accordingly, the Debtor respectfully requests that the Court and the creditors approve the Settlement that has been reached. The Debtor requests that it be authorized to execute such release, or settlement and compromise agreements and any other commercially reasonable documents necessary to implement the terms of the Settlement to the extent any are necessary in addition to an order of the Court granting the Motion.

21. Other grounds to be assigned upon a hearing hereof if necessary.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its order granting the Motion. The Debtor also prays for all general relief.

THIS, the 6th day of October, 2026.

Respectfully submitted,

BIG LEVEL TRUCKING, INC.

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: Craig M. Geno
Craig M. Geno

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 7 of 31

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\9019 Mot to Approve Settlement with Bank of Wigginst 9-30-26.wpd

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served this date, via electronic filing transmission and/or United States Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Steven D. Usry, Esq.
Office of the United States Trustee
steven.usry@usdoj.gov

Matt Miller, Esq.
mmiller@cctb.com

Seth Hunter, Esq.
shunter@jdukeslaw.com

Paul Murphy, Esq.
paul.murphy@butlersnow.com

THIS, the 6th day of October, 2026.

Craig M. Geno

# SETTLEMENT AND FORBEARANCE AGREEMENT

This **Settlement and Forbearance Agreement** (this **"Agreement"**) is made and entered into effective as of October __, 2026 (the **"Agreement Date"**), by and among **BANK OF WIGGINS ("Bank")**; **BIG LEVEL TRUCKING, INC.**, a debtor and debtor-in-possession in a case pending under Chapter 11 of the United States Bankruptcy Code (**"Borrower"** or **"Debtor"**); **DON L. MATTOCKS ("Mattocks")**; and **STEVEN H. EVANS ("Evans")**. Mattocks and Evans are referred to collectively herein as the **"Guarantors."** Borrower and the Guarantors are sometimes referred to collectively as the **"Borrower Parties."** Bank, Borrower, and the Guarantors are sometimes referred to individually as a **"Party"** and collectively as the **"Parties."**

## 1. RECITALS

WHEREAS, Bank extended certain loans, advances, and other financial accommodations to Borrower pursuant to certain promissory notes, loan agreements, security agreements, deeds of trust, mortgages, assignments, financing statements, guaranties, amendments, renewals, modifications, and other agreements and instruments executed in connection therewith including, but not limited to, those documents identified on **Exhibit A** attached hereto and incorporated herein by reference (collectively, as amended, renewed, extended, supplemented, or otherwise modified from time to time, the **"Loan Documents"**).

WHEREAS, the obligations owing to Bank under the Loan Documents are secured by liens and security interests in certain property of Borrower and/or other collateral described in the Loan Documents (collectively, the **"Collateral"**).

WHEREAS, the Guarantors executed certain guaranties pursuant to which each Guarantor guaranteed the payment and performance of Borrower's obligations to Bank under the Loan Documents (collectively, the **"Guaranties"**).

WHEREAS, defaults have occurred and are continuing under the Loan Documents.

WHEREAS, as of **July 31, 2026**, the aggregate indebtedness owing to Bank under the Loan Documents was **One Million Six Hundred Ninety-Nine Thousand Eight Hundred Twenty-Nine and 82/100 Dollars ($1,699,829.82)**, and interest, attorneys' fees, expenses, and other amounts continue to accrue or become owing after July 31, 2026 to the extent chargeable under the Loan Documents and applicable law.

WHEREAS, the indebtedness described above, together with all interest, fees, costs, expenses, attorneys' fees, and other amounts accruing or becoming owing after July 31, 2026 under the Loan Documents or applicable law, less all payments and credits properly applied thereto, is referred to herein as the **"Indebtedness."**

WHEREAS, Bank commenced that certain civil action styled *Bank of Wiggins v. Don L. Mattocks and Steven H. Evans*, Civil Action No. A6601-2025-159, pending in the Circuit Court

# EXHIBIT "A"

of Stone County, Mississippi (the **"Guarantor Lawsuit"**), seeking recovery from the Guarantors with respect to the Indebtedness and the Guaranties.

WHEREAS, Borrower commenced a voluntary case under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Mississippi, styled *In re Big Level Trucking, Inc.*, Case No. 6:25-BK-51204-KMS (the **"Bankruptcy Case"**), and Borrower continues to operate its business and manage its property as a debtor-in-possession.

WHEREAS, Bank has asserted secured and unsecured claims in the Bankruptcy Case arising from the Indebtedness, the Loan Documents, and Bank's interests in the Collateral.

WHEREAS, Borrower intends to file a **First Amended Chapter 11 Plan of Reorganization** (as it may thereafter be modified solely in a manner consistent with this Agreement or otherwise approved in writing by Bank, the **"Plan"**), which will provide treatment of Bank's secured and unsecured claims consistent with the terms of this Agreement.

WHEREAS, the Parties desire to resolve the Guarantor Lawsuit, establish the agreed treatment of Bank's claims in the Bankruptcy Case, provide for the execution and enrollment of consent judgments against the Guarantors, and provide for Bank's conditional forbearance from exercising certain rights and remedies, all subject to the terms and conditions set forth herein.

WHEREAS, the Parties acknowledge that Bank and Guarantors would not enter into this Agreement or agree to the forbearance provided herein absent the agreements, acknowledgments, releases, Consent Judgments, and other consideration provided by the Borrower Parties herein.

NOW, THEREFORE, in consideration of the foregoing recitals, the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## 2. INCORPORATION OF RECITALS; DEFINITIONS

**Incorporation.**

The foregoing Recitals are incorporated into and made a part of this Agreement as though fully set forth herein.

**Additional Definitions.**

For purposes of this Agreement:

**"Allowed Unsecured Claim"** means the amount of Bank's general unsecured claim that is allowed in the Bankruptcy Case pursuant to the Plan, the Confirmation Order, an order of the Bankruptcy Court, or other written agreement between Bank and Borrower.

**"Bankruptcy Approval"** means approval of this Agreement and the transactions contemplated hereby by the Bankruptcy Court, whether through confirmation of the Plan, entry of a separate order approving this Agreement pursuant to Bankruptcy Rule 9019 or other applicable law, or both, to the extent such approval is required.

**"Confirmation Date"** means the date on which the Bankruptcy Court enters the Confirmation Order.

**"Confirmation Order"** means a final or otherwise effective order of the Bankruptcy Court confirming the Plan in form and substance consistent with this Agreement.

**"Consent Judgments"** means the agreed or consent judgments executed by Mattocks and Evans substantially in the forms attached hereto as **Exhibits B-1 and B-2**, respectively.

**"Existing Defaults"** means all defaults, events of default, breaches, and other conditions existing under the Loan Documents on or before the Agreement Date that would, absent this Agreement, permit Bank to accelerate the Indebtedness or exercise any right or remedy.

**"Forbearance Period"** means the period commencing on the Agreement Date and continuing until the earliest of: (a) the Release Effective Date; or (b) the occurrence of a Forbearance Termination Event following expiration of any applicable notice and cure period expressly provided herein.

**"Plan Effective Date"** means the effective date of the Plan as provided therein.

**"Plan Secured Amount"** means **$1,667,115.40**, which amount constitutes the agreed compromised principal amount upon which the Plan treatment of Bank's secured claim shall be based.

**"Plan Treatment"** means, collectively, the treatment afforded to Bank's secured and unsecured claims under Section 6 of this Agreement and the Plan.

**"Release Effective Date"** has the meaning assigned in Section 13.

**"Settlement Obligations"** means all obligations of Borrower and the Guarantors under this Agreement, the Consent Judgments, and the Plan that are required to be performed as a condition to the Bank Release, including the complete and indefeasible satisfaction of the Plan Treatment.

## 4. ACKNOWLEDGMENT OF INDEBTEDNESS

### Acknowledgment of Amount Owing.

Each Borrower Party acknowledges, stipulates, and agrees that, as of July 31, 2026, the Indebtedness owing to Bank under the Loan Documents totaled **$1,699,829.82**, and that interest, fees, expenses, attorneys' fees, and other amounts continue to accrue after that date.

The Indebtedness shall continue to accrue interest and other charges, fees, costs, and expenses during the Forbearance Period in accordance with the Loan Documents and applicable law, subject to any limitation by this Agreement with respect to the Guarantors, and the Confirmed Plan with respect to the Debtor.

**No Payment by Implication.**

The Parties acknowledge that the Plan Secured Amount of $1,667,115.40 is a negotiated and compromised amount solely for purposes of the treatment of Bank's secured claim under the Plan. Except to the extent expressly provided herein, or in a confirmed Plan and Confirmation Order with respect to the Debtor, the Plan Secured Amount shall not constitute a payment, satisfaction, novation, forgiveness, discharge, release, or reduction of the Indebtedness, the Guaranties, or the Consent Judgments.

**Credits; No Double Recovery.**

All amounts actually and indefeasibly received by Bank from Debtor, either Guarantor, proceeds of Collateral, or any other source on account of the Indebtedness shall be credited against the Indebtedness and, to the extent applicable, the Consent Judgments. Nothing in this Agreement authorizes Bank to obtain a double recovery.

## 5. RATIFICATION OF LOAN DOCUMENTS AND LIENS

**Ratification.**

Each Borrower Party acknowledges and ratifies the Loan Documents to which such Borrower Party is a party and acknowledges that, except as expressly modified by this Agreement, the Plan, or the Confirmation Order, the Loan Documents remain valid, binding, and enforceable according to their terms.

**No Novation.**

This Agreement does not constitute a novation, refinancing, extinguishment, or replacement of the Loan Documents or the Indebtedness. Except to the extent expressly modified herein or by the Plan and Confirmation Order with respect to Debtor, the Loan Documents shall remain in full force and effect.

**Liens and Security Interests.**

Debtor acknowledges that Bank holds valid liens and security interests in the Collateral to the extent provided by the Loan Documents and applicable law. Nothing contained herein or in the Plan shall release, terminate, subordinate, or otherwise impair such liens or security interests except as expressly provided in the Plan, the Confirmation Order, or a written instrument executed by Bank.

Bank shall retain its liens and security interests securing its allowed secured claim until the secured portion of the Plan Treatment has been indefeasibly paid and performed in full or until such earlier time as expressly required by the Plan or Confirmation Order.

## 6. AGREED CHAPTER 11 PLAN TREATMENT

**Plan Consistency.**

Debtor shall file, prosecute, and seek confirmation of the First Amended Chapter 11 Plan of Reorganization containing treatment of Bank's claims that is consistent in all material respects with this Agreement. Debtor shall not file, support, consent to, or seek confirmation of any amendment or modification to the Plan that materially and adversely alters Bank's rights or treatment from those provided herein without Bank's prior written consent.

**Treatment of Bank's Secured Claim.**

For purposes of the Plan, Bank's secured claim shall receive the following agreed treatment:

(a) **Compromised Secured Amount.** The principal amount subject to the agreed secured Plan treatment shall be **$1,667,115.40.**

(b) **Interest Rate.** Beginning on the Plan Effective Date, the unpaid balance of the Plan Secured Amount shall bear interest at a fixed rate of **six percent (6.00%) per annum.**

(c) **Amortization.** The Plan Secured Amount shall be amortized over **fifteen (15) years.**

(d) **Weekly Payments.** Debtor shall make consecutive weekly payments of principal and interest in the amount of **$3,242.64 per week**, commencing on the Plan Effective Date, and continuing on the same day of each succeeding week thereafter. Prior to the commencement of weekly Plan payments, the Debtor shall continue to make weekly Adequate Protection payments to Bank as set forth in the relevant Order Granting Adequate Protection.

(e) **Five-Year Balloon.** Notwithstanding the fifteen-year amortization schedule, on the date that is **five (5) years after the first weekly payment due date**, Debtor shall pay to Bank in immediately available funds the entire remaining unpaid principal balance of the Plan Secured Amount, together with all accrued and unpaid interest and any other amounts then due under the Plan Treatment.

(f) **Prepayment.** Unless otherwise provided in the Loan Documents or Plan, Debtor may prepay all or any portion of the Plan Secured Amount without premium or penalty, with such payment applied in accordance with the Plan and applicable Loan Documents.

(g) **Retention of Liens.** Bank shall retain its existing liens and security interests in the Collateral to secure payment and performance of its allowed secured claim and the secured Plan Treatment until such secured Plan Treatment is indefeasibly paid and performed in full, except as otherwise expressly agreed by Bank in writing.

**Treatment of Bank's Unsecured Claim.**

Bank shall be entitled to an Allowed Unsecured Claim in the amount determined or allowed pursuant to the Plan, the Confirmation Order, an order of the Bankruptcy Court, or written agreement of Bank and Debtor.

Debtor shall pay Bank its pro rata share of distributions to holders of allowed general unsecured claims in the applicable class under the Plan, on the same terms, at the same times, and subject to the same distribution provisions applicable to the other holders of allowed claims in that class, except to the extent the Plan expressly provides otherwise with Bank's written consent.

**Preservation of Guarantor Liability.**

The compromise and treatment of Bank's claims under the Plan shall not, standing alone, reduce, release, discharge, impair, or otherwise affect the obligations of either Guarantor under the Guaranties or the Consent Judgments, except to the extent of actual payments and credits received by Bank and except upon the occurrence of the Release Effective Date.

Any discharge, injunction, modification, or restructuring afforded to Debtor under the Bankruptcy Code or the Plan shall not be construed as a release of either Guarantor except to the extent expressly provided in this Agreement following full performance of the Settlement Obligations.

**Default Notice and Cure Under Plan.**

The Plan and Confirmation Order shall provide that, before Bank exercises remedies based upon a monetary default or other curable default by Debtor under the Plan Treatment, Bank shall deliver written notice describing the default (a **"Default Notice"**) to Debtor and Guarantors, and Debtor shall have **fifteen (15) calendar days** following delivery of the Default Notice to Debtor and Guarantors to cure the specified default in full. A default that is timely and fully cured during such fifteen-day period shall not, by itself, terminate the Forbearance Period.

No cure period shall be required for an event that is incapable of cure or for any event for which this Agreement expressly provides immediate termination.

**Bankruptcy Claim Treatment.**

To the extent necessary to implement this Agreement, Debtor shall cause the Plan and Confirmation Order to recognize the treatment provided herein and shall not object to Bank's claims, liens, or security interests in a manner inconsistent with this Agreement.

Nothing herein prevents the Parties from memorializing by stipulation the precise allowed amount or classification of Bank's secured or unsecured claims, provided such stipulation is consistent with this Agreement.

## 7. CONSENT JUDGMENTS AGAINST GUARANTORS

**Execution.**

Concurrently with execution of this Agreement, Mattocks and Evans shall each execute a Consent Judgment substantially in the form attached as **Exhibit B-1** and **Exhibit B-2**, respectively.

**Judgment Amount.**

Each Consent Judgment shall acknowledge judgment liability arising from the Indebtedness in the amount of **$1,699,829.82 as of July 31, 2026**, together with such post-July 31, 2026 interest, post-judgment interest, costs, attorneys' fees, and other amounts as are properly recoverable under the applicable Consent Judgment, Loan Documents, and applicable law, subject in all events to credits for amounts actually and indefeasibly received by Bank on account of the Indebtedness.

**Entry and Enrollment.**

The Guarantors expressly authorize Bank to submit the Consent Judgments to the court in the Guarantor Lawsuit for entry and thereafter to enroll, record, index, or otherwise perfect the judgments and resulting judgment liens as permitted by applicable law. Entry and enrollment of the Consent Judgments shall not constitute execution or enforcement prohibited by the forbearance provisions of this Agreement.

**No Challenge.**

During the Forbearance Period, neither Guarantor shall seek to vacate, set aside, modify, appeal, collaterally attack, enjoin, impair, subordinate, or otherwise challenge the validity, enforceability, enrollment, or priority of his Consent Judgment.

**Credits.**

All payments received by Bank and applied to the Indebtedness shall be credited against amounts collectible under the Consent Judgments as applicable. The Consent Judgments provide security for and an additional means of enforcing the same underlying Indebtedness and do not entitle Bank to more than one satisfaction of the amounts owing.

## 8. BANK'S FORBEARANCE

**Conditional Forbearance.**

Subject strictly to the terms of this Agreement, Bank agrees that during the Forbearance Period it will forbear from:

(a) executing, levying, garnishing, attaching, or otherwise enforcing the Consent Judgments against the Guarantors;

(b) foreclosing upon or otherwise exercising remedies against the Collateral based solely upon the Existing Defaults;

(c) exercising other collection and enforcement remedies under the Loan Documents based solely upon the Existing Defaults; and

(d) taking any other action to collect the Compromised Settlement and any subsequent interest from the Guarantors.

**Scope of Forbearance.**

Bank's agreement to forbear is temporary, conditional, and limited. It is not a waiver of any Existing Default, any future default, any right to accelerate the Indebtedness, or any right or remedy under the Loan Documents, the Consent Judgments, the Plan, the Confirmation Order, or applicable law.

**Actions Not Prohibited.**

Nothing in this Agreement prohibits Bank from:

(a) receiving and applying payments;

(b) maintaining, renewing, continuing, recording, or perfecting its liens, security interests, and judgments;

(c) filing proofs of claim, amendments thereto, objections, responses, pleadings, or other papers necessary to protect its interests in the Bankruptcy Case;

(d) monitoring the Collateral and Borrower's compliance with the Loan Documents and Plan;

(e) requiring insurance, taxes, reporting, inspection rights, or other protective covenants to be maintained as provided in the Loan Documents or Plan;

(f) taking actions reasonably necessary to prevent expiration, loss, avoidance, impairment, or diminution of Bank's liens, security interests, judgment liens, claims, or rights; or

(g) exercising any right or remedy after termination of the Forbearance Period.

## 9. DISPOSITION OF GUARANTOR LAWSUIT

**Dismissal Following Confirmation.**

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 16 of 31

Promptly following entry of the Confirmation Order, and provided no Forbearance Termination Event then exists, Bank and the Guarantors shall take such action as is reasonably necessary to dismiss the remaining claims in the Guarantor Lawsuit and close the case.

**Consent Judgments Survive Dismissal.**

Any dismissal or closure of the Guarantor Lawsuit shall expressly provide, or shall be understood by the Parties, that such dismissal does **not** vacate, satisfy, release, impair, or affect the validity or enforceability of either Consent Judgment or any lien resulting from enrollment thereof. The Consent Judgments shall remain in full force and effect until released, satisfied, canceled, or vacated following the Release Effective Date as provided in Section 13.

**Failure of Plan Confirmation.**

If the Plan is not confirmed in accordance with this Agreement, the Bank shall have no obligation to dismiss the Guarantor Lawsuit or release or refrain from enforcing the Consent Judgments.

## 10. CONTINUING COVENANTS DURING FORBEARANCE PERIOD

During the Forbearance Period, Debtor shall:

(a) timely make every payment and distribution required by the Plan Treatment;

(b) timely perform all material nonmonetary obligations owing to Bank under the Plan, Confirmation Order, this Agreement, and those provisions of the Loan Documents that remain applicable after confirmation;

(c) maintain the Collateral, insurance coverage, taxes, licenses, and other matters required under the Loan Documents and Plan;

(d) not sell, transfer, encumber, abandon, or materially impair the Collateral except as expressly permitted by the Plan, the Loan Documents, or Bank in writing;

(e) promptly notify Bank of any event that would constitute a Forbearance Termination Event;

(f) diligently pursue confirmation and effectiveness of the Plan; and

(g) take all actions reasonably necessary to implement the treatment of Bank provided in this Agreement.

During the Forbearance Period, each Guarantor shall comply with this Agreement and shall not take any action intended to defeat, impair, or avoid the Consent Judgments or Bank's rights thereunder.

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 17 of 31

## 11. FORBEARANCE TERMINATION EVENTS

Each of the following shall constitute a **"Forbearance Termination Event"**:

**Plan Payment Default.**

Debtor fails to make any payment or distribution required under the Plan Treatment and fails to cure such default within fifteen (15) calendar days following delivery of a Default Notice.

**Other Curable Plan Default.**

Debtor fails to perform any material nonmonetary obligation under the Plan Treatment, this Agreement, or the Confirmation Order and fails to cure such default within fifteen (15) calendar days following delivery of a Default Notice; provided that if the nature of a nonmonetary default cannot reasonably be cured within fifteen days, the default shall not result in termination if Borrower commences cure within the fifteen-day period and thereafter diligently completes the cure within any additional period expressly agreed to in writing by Bank.

**Breach by Guarantor.**

Either Guarantor materially breaches this Agreement, including by challenging or attempting to impair his Consent Judgment.

**Material Misrepresentation.**

Any material representation or warranty made by a Borrower Party in this Agreement proves to have been materially false or misleading when made.

**Failure to Obtain Confirmation; Dismissal or Conversion.**

The Plan is not confirmed or the Bankruptcy Case is dismissed or converted to another chapter of the Bankruptcy Code.

**Inconsistent Plan Modification.**

Debtor files, supports, or obtains confirmation of a Plan or Plan modification that materially and adversely alters Bank's agreed treatment under this Agreement without Bank's prior written consent.

**Revocation or Vacation of Confirmation.**

The Confirmation Order is revoked, vacated, stayed for a material period, or reversed and is not reinstated or replaced by an order providing Bank substantially the treatment contemplated by this Agreement.

**Appointment of Trustee or Examiner.**

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 16:30:17 Page 18 of 34

A Chapter 11 trustee is appointed for Borrower, or an examiner with expanded powers materially affecting Debtor's operations or Bank's rights is appointed, unless Bank otherwise agrees in writing.

**Challenge to Bank's Rights.**

Debtor, either Guarantor, or any person acting at the direction or with the material assistance of a Borrower Party commences or supports an action or proceeding seeking to avoid, invalidate, disallow, subordinate, recharacterize, surcharge, or materially impair Bank's claims, liens, security interests, Loan Documents, Guaranties, or Consent Judgments in a manner inconsistent with this Agreement.

**Unauthorized Disposition or Material Impairment of Collateral.**

Debtor sells, transfers, encumbers, abandons, conceals, or materially impairs any material portion of the Collateral other than as expressly permitted by the Plan, Confirmation Order, Loan Documents, or a writing signed by Bank.

**Failure to Maintain Collateral Protections.**

Borrower materially fails to maintain required insurance, pay taxes that could prime or materially impair Bank's liens, or otherwise preserve material Collateral.

**Death or Insolvency Proceeding by Guarantor.**

Either Guarantor dies or commences a bankruptcy or insolvency proceeding, makes an assignment for the benefit of creditors, or becomes subject to an involuntary insolvency proceeding.

**Consent Judgment Impaired.**

Either Consent Judgment is vacated, set aside, materially modified, stayed, subordinated, or declared unenforceable as a result of action taken or supported by the applicable Guarantor, except pursuant to Section 13 following full performance.

**Other Material Breach.**

A Borrower Party materially breaches any other obligation under this Agreement.

**Noncurable Events.**

No notice or cure period shall apply to a Forbearance Termination Event that by its nature is incapable of cure, including a completed unauthorized transfer of material Collateral that cannot be unwound, fraud upon Bank, an intentional attack upon a Consent Judgment, or other event that has irreversibly and materially impaired Bank's rights.

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 19 of 31

## 12. EFFECT OF TERMINATION; BANK'S REMEDIES

**Termination of Forbearance.**

Upon occurrence of a Forbearance Termination Event after expiration of any applicable cure period, Bank's obligation to forbear shall automatically terminate without further notice, agreement or order.

Bank may deliver written notice confirming termination, but such notice shall not be a condition to termination except where a Default Notice and cure period are expressly required by this Agreement or the Plan.

**Remedies Against Guarantors.**

Upon termination of the Forbearance Period, Bank may, without further notice or consent from either Guarantor and subject to applicable law:

(a) execute upon and enforce either or both Consent Judgments;

(b) conduct discovery in aid of execution;

(c) obtain writs of execution, garnishment, attachment, or other process;

(d) levy upon property subject to execution;

(e) enforce any judgment liens;

(f) pursue any rights under the Guaranties and Loan Documents that have not been merged into the Consent Judgments; and

(g) exercise any other right or remedy available under the Consent Judgments or applicable law.

**Remedies Against Borrower.**

Upon termination of the Forbearance Period, Bank may exercise against Borrower and the Collateral all rights and remedies then available to it under the **Plan, Confirmation Order, Loan Documents, and applicable bankruptcy and nonbankruptcy law**, including, as applicable:

(a) seeking relief from any applicable automatic stay, injunction, or other bankruptcy restraint;

(b) foreclosing upon, repossessing, collecting, or otherwise enforcing its liens and security interests in the Collateral;

(c) seeking appointment of a receiver or other available provisional remedy;

(d) enforcing rights with respect to the Collateral;

(e) seeking dismissal or conversion of the Bankruptcy Case where legally available; and

(f) pursuing any other remedy expressly preserved to Bank by the Plan, Confirmation Order, Loan Documents, or applicable law.

**Indebtedness Preserved as to Guarantors.**

Unless and until the Release Effective Date occurs, the compromise reflected in the Plan Treatment shall not constitute a release of either Guarantor from the Indebtedness. Following a Forbearance Termination Event, Bank may enforce the Consent Judgments for the amounts then owing thereunder, after application of all required credits, notwithstanding the compromised treatment afforded to Borrower under the Plan, to the fullest extent permitted by applicable law.

**Cumulative Remedies.**

All rights and remedies of Bank are cumulative except to the extent expressly limited by the Plan, Confirmation Order, this Agreement, or applicable law. Exercise of one remedy shall not preclude exercise of any other remedy.

**No Waiver by Delay or Acceptance.**

Bank's delay in exercising any remedy, acceptance of any late or partial payment, or decision to allow additional time to cure on any occasion shall not waive any default or require Bank to provide the same accommodation in the future unless Bank expressly agrees otherwise in a signed writing.

## 13. CONDITIONAL RELEASE BY BANK

**Condition Precedent to Bank Release.**

Notwithstanding anything in this Agreement to the contrary, the releases to be provided by Bank are expressly conditioned upon, and shall not become effective unless and until, the full, complete, timely, faithful, and indefeasible performance and satisfaction of all Settlement Obligations.

Without limitation, the required performance shall include:

(a) payment in full of all amounts required to be paid to Bank under the secured Plan Treatment, including the five-year balloon payment;

(b) payment to Bank of all distributions to which Bank is entitled on account of its Allowed Unsecured Claim under the Plan;

(c) complete performance by Borrower of all other obligations comprising Bank's Plan Treatment;

(d) complete performance by the Guarantors of their obligations under this Agreement; and

(e) expiration or satisfaction of any remaining obligation whose nonperformance could result in Bank receiving less than the full benefit of the settlement contemplated hereby.

The date on which all such conditions have been satisfied is the **"Release Effective Date."**

**Bank Release.**

Effective only upon occurrence of the Release Effective Date, Bank, for itself and its predecessors, successors, assigns, affiliates, representatives, agents, attorneys, officers, directors, employees, and all persons or entities claiming by, through, or under any of them (collectively, the **"Bank Releasing Parties"**), fully, finally, and forever releases and discharges Borrower, Mattocks, Evans, and their respective successors, assigns, heirs, and personal representatives (collectively, the **"Borrower Released Parties"**) from any and all claims, demands, causes of action, liabilities, obligations, debts, damages, costs, expenses, rights, remedies, and claims for relief, whether known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, matured or unmatured, at law or in equity, arising out of or relating to:

(a) the Loan Documents;

(b) the Indebtedness;

(c) the Guaranties;

(d) the Collateral;

(e) the Guarantor Lawsuit;

(f) Bank's claims in the Bankruptcy Case; and

(g) the transactions, acts, omissions, events, or circumstances giving rise to the foregoing,

in each case through the Release Effective Date.

Nothing in the Bank Release shall release any obligation under this Agreement that expressly survives the Release Effective Date.

**No Present Release by Bank.**

For the avoidance of doubt, Bank is not granting a present release upon execution of this Agreement, entry of the Consent Judgments, dismissal of the Guarantor Lawsuit, approval of this Agreement, confirmation of the Plan, occurrence of the Plan Effective Date, receipt of partial

payment, or substantial performance. Prior to the Release Effective Date, Bank's obligation to provide the Bank Release is solely an executory and conditional promise dependent upon complete satisfaction of the conditions stated herein.

**Failure of Condition.**

If the Settlement Obligations are not completely performed, after expiration of any applicable notice and cure period, the condition precedent to the Bank Release shall not occur and the Bank Release shall not become effective.

**Avoided or Recovered Payments.**

Any payment or transfer shall be considered indefeasible only to the extent it is not subsequently avoided, disgorged, recovered, or required to be returned by Bank. If, after the Release Effective Date, Bank is required to return or disgorge any material payment upon which satisfaction of the Settlement Obligations depended, the obligations satisfied by that payment, together with the Bank Release to the corresponding extent, shall be reinstated to the fullest extent permitted by law as though the returned payment had not been made.

## 14. SATISFACTION AND RELEASE OF CONSENT JUDGMENTS

**Release Following Complete Performance.**

Promptly following the Release Effective Date, Bank shall execute and file such documents as are reasonably necessary and legally appropriate to reflect that the Consent Judgments have been fully satisfied and released. At Bank's election, and depending upon applicable state-court procedure, such documentation may include a satisfaction of judgment, cancellation or release of judgment lien, agreed order of satisfaction, or agreed motion or order vacating the Consent Judgments.

**Release of Liens.**

Following the Release Effective Date, Bank shall execute such customary releases, satisfactions, or termination statements as are reasonably necessary to release liens and security interests securing obligations that have then been fully and indefeasibly satisfied, subject to any continuing obligation that survives this Agreement.

## 15. RELEASE OF BANK BY BORROWER PARTIES

**Guarantor Release Effective Upon Agreement Date.**

Effective upon the Agreement Date, each Guarantor, for himself and for his heirs, representatives, successors, and assigns, irrevocably, unconditionally, fully, finally, and forever releases, acquits, and discharges Bank and its past, present, and future parents, affiliates, predecessors, successors, assigns, participants, agents, servicers, representatives, attorneys, accountants, consultants, insurers, officers, directors, employees, shareholders, and each person

or entity acting on behalf of Bank (collectively, the **"Bank Released Parties"**) from all claims described in this Section.

**Debtor and Estate Release.**

Subject to Bankruptcy Approval, Debtor, for itself and, to the fullest extent authorized by the Bankruptcy Court and applicable law, its bankruptcy estate, successors, assigns, representatives, officers, directors, employees, agents, and persons claiming by, through, or under Debtor or its estate, irrevocably, unconditionally, fully, finally, and forever releases and discharges the Bank Released Parties from all claims described in this Section. The release by Debtor and its estate shall become effective upon Bankruptcy Approval but shall relate to claims based upon acts, omissions, events, transactions, or circumstances occurring on or before the Agreement Date.

**Scope of Debtor Party Release.**

The release provided in this Section includes any and all claims, demands, actions, causes of action, avoidance actions, preferences, suits, liabilities, obligations, debts, damages, losses, costs, expenses, attorneys' fees, defenses, offsets, setoffs, recoupment rights, counterclaims, rights, remedies, and claims for relief of every kind whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, liquidated or unliquidated, matured or unmatured, at law, in equity, or otherwise, arising out of or relating in any way to:

(a) the negotiation, execution, delivery, performance, administration, modification, renewal, extension, restructuring, collection, or enforcement of the Loan Documents;

(b) any loan, advance, extension of credit, or financial accommodation by Bank;

(c) the Collateral, Guaranties, liens, security interests, or other security for the Indebtedness;

(d) any acceleration, demand, collection activity, setoff, application of funds, disposition of Collateral, or exercise or alleged failure to exercise any right or remedy;

(e) the Guarantor Lawsuit;

(f) the Bankruptcy Case;

(g) any claim relating to the allowance, characterization, classification, priority, secured status, or enforceability of Bank's claims or liens; and

(h) any alleged breach of contract, breach of duty, lender liability, negligence, bad faith, economic duress, coercion, interference, misrepresentation, fraud, equitable subordination, recharacterization, avoidance, preference, fraudulent transfer, or other statutory, common-law, equitable, or bankruptcy-related theory arising from conduct occurring on or before the Agreement Date.

**Covenant Not to Sue.**

Each Borrower Party covenants not to commence, prosecute, assist in, or voluntarily participate in any action or proceeding against a Bank Released Party concerning a claim released under this Section.

**Bank's Future Obligations Not Released.**

Nothing in this Section releases Bank from an express obligation first required to be performed by Bank after the Agreement Date under this Agreement, the Plan, or Confirmation Order.

**Independent and Continuing Release.**

The release of Bank by the Borrower Parties is a material inducement to Bank's entry into this Agreement. Once effective, such release is not conditioned upon the subsequent effectiveness of the Bank Release and shall survive termination of the Forbearance Period.

## 16. REPRESENTATIONS AND WARRANTIES OF BORROWER PARTIES

Each Borrower Party represents and warrants, as applicable, that:

(a) it or he has full power and authority to execute, deliver, and perform this Agreement;

(b) execution of this Agreement has been duly authorized, subject in Borrower's case to Bankruptcy Approval to the extent required;

(c) it or he has had the opportunity to consult independent legal counsel regarding this Agreement;

(d) it or he has read and understands this Agreement and enters into it voluntarily;

(e) no promise, representation, or inducement not expressly contained in this Agreement has been relied upon in entering into this Agreement;

(f) except as disclosed in writing to Bank, no claim released under Section 15 has been assigned, transferred, or conveyed to any third party;

(g) the acknowledgments concerning the Indebtedness are true and correct to the best of such Party's knowledge after reasonable inquiry;

(h) execution of this Agreement is intended as a settlement of disputed matters and not as an admission by Bank of liability or wrongdoing; and

(i) it or he understands that Bank is relying upon these representations in entering into this Agreement and agreeing to forbear.

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 25 of 31

## 17. BANKRUPTCY APPROVAL AND PLAN DOCUMENTS

**Bankruptcy Approval.**

Debtor shall seek Bankruptcy Approval of this Agreement to the extent required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Court. Such approval may be sought through confirmation of the Plan, a motion under Bankruptcy Rule 9019, or such other procedure as Debtor and Bank deem appropriate.

**Confirmation Order.**

Debtor shall verify that the Confirmation Order:

(a) approve the settlement embodied in this Agreement to the extent required;

(b) provide treatment of Bank consistent with this Agreement;

(c) preserve Bank's liens as provided herein;

(d) recognize the fifteen-day notice and cure provision;

(e) preserve Bank's remedies following an uncured default to the extent agreed herein and permitted by applicable law; and

(f) contain no provision releasing or enjoining claims against the Guarantors in a manner inconsistent with the Consent Judgments or this Agreement.

**Inconsistency.**

As between Debtor and Bank, the Plan and Confirmation Order shall govern bankruptcy-specific treatment following confirmation to the extent required by applicable law. Debtor shall not knowingly seek entry of a Confirmation Order inconsistent with this Agreement without Bank's prior written consent.

As between Bank and the Guarantors, this Agreement and the Consent Judgments shall govern unless expressly modified by a later written agreement signed by Bank and the affected Guarantor.

## 18. APPLICATION OF PAYMENTS

Bank may apply payments received on account of the Indebtedness in the manner provided by the Plan, Confirmation Order, Loan Documents, and applicable law. All payments received shall be appropriately credited so that Bank receives no more than the amounts to which it is legally entitled.

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 21:53:07 Page 26 of 31

## 19. NO ADMISSION OF LIABILITY

This Agreement constitutes a compromise and settlement of disputed matters. Neither this Agreement nor the performance hereof constitutes an admission by Bank of any wrongdoing, liability, defense, claim, or deficiency in the Loan Documents or Bank's conduct.

## 20. NOTICES

All notices required under this Agreement, including any Default Notice, shall be in writing and shall be delivered by personal delivery, nationally recognized overnight courier, certified United States mail, return receipt requested, or electronic mail, to the addresses set forth below.

If to Bank:

Bank of Wiggins
ATTN: Ron Stanley
1115 Frontage Drive East
Wiggins, MS 39577
Ron_Stanley@bankofwiggins.com
Phone: (601) 928-2415

With a required copy to counsel:

Paul S. Murphy
Butler Snow LLP
1300 25th Avenue, Suite 204
Gulfport, MS 39501
paul.murphy@butlersnow.com
Phone: (228) 575-3033
Facsimile: (228) 868-1531

If to Borrower:

Big Level Trucking, Inc.
ATTN: Don L. Mattocks
1727 Dummy Line Road
Wiggins, MS 39577
donm@biglevel.net
Phone: (601) 928-3770
Facsimile: (601) 000-0000

With a required copy to counsel:

Craig M. Geno
Law Offices of Geno and Steiskal, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
cmgeno@cmgenolaw.com
Phone: (601) 427-0048

Facsimile: (601) 000-0000

If to Guarantor Don L. Mattocks:
Don L. Mattocks
1727 Dummy Line Road
Wiggins, MS 39577
donm@biglevel.net
Phone: (601) 928-3770
Facsimile: (601) 000-0000

With a required copy to counsel:
Matthew D. Miller
Copeland, Cook, Taylor & Bush
110 Sheffield Loop
Hattiesburg, MS 39402
mmiller@cctb.com
Phone: (601) 264-6670
Facsimile: (601) 264-5660

If to Guarantor Steven H. Evans:
Steven H. Evans
1727 Dummy Line Road
Wiggins, MS 39577
stevene@biglevel.net
Phone: (601) 928-3770
Facsimile: (601) 000-0000

With a required copy to counsel:
Seth M. Hunter
Dukes, Dukes & Hunter
226 W. Pine Street
Hattiesburg, MS 39401
shunter@jdukeslaw.com
Phone: (601) 544-4121
Facsimile: (601) 544-4425

Notices shall be deemed delivered upon actual delivery if personally delivered; on the next business day after deposit with a nationally recognized overnight courier; three business days after deposit in certified United States mail; and, for email copies, when transmitted without a delivery-failure notice.

## 21. FURTHER ASSURANCES

Each Party shall execute and deliver such additional documents and take such further actions as may be reasonably necessary to effectuate the purposes of this Agreement, including implementation of the Plan Treatment, entry and enrollment of the Consent Judgments, dismissal of the Guarantor Lawsuit, and satisfaction or release of the Consent Judgments following the Release Effective Date.

## 22. ENTIRE AGREEMENT; AMENDMENT

This Agreement, together with the Loan Documents, Consent Judgments, Plan, Confirmation Order, and exhibits referenced herein, constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all prior oral or written negotiations and agreements concerning the settlement and forbearance described herein.

No amendment, modification, or waiver of this Agreement shall be effective unless in writing and signed by Bank and each other Party materially affected thereby, together with Bankruptcy Court approval if legally required.

## 23. NO IMPLIED WAIVER

No failure or delay by Bank in exercising any right shall operate as a waiver. A waiver on one occasion shall not constitute a waiver on any other occasion.

## 24. SUCCESSORS AND ASSIGNS

This Agreement shall bind and benefit the Parties and their respective permitted successors and assigns. Bank may assign or transfer its rights under this Agreement together with the related Indebtedness, Loan Documents, or Consent Judgments to the extent permitted by applicable law. No Borrower Party may assign its rights or obligations under this Agreement without Bank's prior written consent.

## 25. GOVERNING LAW

Except to the extent governed by the Bankruptcy Code or other applicable federal law, this Agreement shall be governed by and construed in accordance with the laws of the **State of Mississippi**, without regard to conflicts-of-law principles.

## 26. JURISDICTION

The Bankruptcy Court shall retain jurisdiction over matters concerning interpretation and enforcement of this Agreement as to Borrower and the Plan to the extent provided by the Confirmation Order and applicable law. The Circuit Court of Stone County shall retain jurisdiction over the Bank and the Guarantors with respect to this Agreement and the Consent Judgments. Nothing herein limits Bank's right to enforce the Consent Judgments in the state courts of Mississippi or in any other court having jurisdiction over a Guarantor or his property.

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 29 of 31

## 27. WAIVER OF JURY TRIAL

TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE LOAN DOCUMENTS, THE CONSENT JUDGMENTS, OR THE TRANSACTIONS CONTEMPLATED HEREBY.

Each Party acknowledges that this waiver is a material inducement to the other Parties' entry into this Agreement.

## 28. SEVERABILITY

If any provision of this Agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and effect to the maximum extent permitted by law, and the invalid provision shall be modified to the minimum extent necessary to make it enforceable while preserving the Parties' intent.

## 29. INTERPRETATION

The Parties acknowledge that each has participated through counsel in the negotiation and preparation of this Agreement. No presumption or rule requiring construction against the drafting Party shall apply. The words "including" and "include" mean "including without limitation." References to Sections and Exhibits are to sections and exhibits of this Agreement unless otherwise indicated.

## 30. COUNTERPARTS; ELECTRONIC SIGNATURES

This Agreement may be executed in counterparts, each of which shall constitute an original and all of which together constitute one instrument. Signatures transmitted electronically or by PDF shall be effective as originals to the fullest extent permitted by applicable law.

## 31. SURVIVAL

The provisions concerning acknowledgments of indebtedness, ratification of Loan Documents, releases, Consent Judgments, application of payments, remedies, attorneys' fees, governing law, jurisdiction, and all provisions that by their nature are intended to survive shall survive termination of the Forbearance Period.

## 32. BANKRUPTCY AND AVOIDANCE SAVINGS CLAUSE

Nothing in this Agreement is intended to authorize any Party to exercise a remedy in violation of an applicable automatic stay, discharge injunction, or other order of the Bankruptcy Court. Where Bankruptcy Court authorization is required before Bank may exercise a remedy against Borrower or estate property, Bank shall be entitled to seek such authorization, and the Borrower

Parties agree that this Agreement may be offered as evidence of the Parties' contractual rights and agreements.

## 33. MATERIAL INDUCEMENT

The Borrower Parties acknowledge that the Consent Judgments, releases, acknowledgments of the Indebtedness, ratification of the Loan Documents, and continuing performance of the Plan Treatment are material and indivisible components of the consideration inducing Bank to enter into this Agreement and agree to the Forbearance Period.

## 34. EFFECT OF COMPLETE PERFORMANCE

Upon occurrence of the Release Effective Date:

(a) the Bank Release in Section 13 shall automatically become effective;

(b) Bank shall take the actions required by Section 14 to evidence satisfaction and release of the Consent Judgments;

(c) Bank shall execute appropriate releases of liens securing obligations that have been fully satisfied, subject to applicable law; and

(d) the Parties shall have no further obligation relating to the settled Indebtedness except for obligations that expressly survive under this Agreement.

---

## 35. SIGNATURES

**BANK OF WIGGINS**

By: ______________________________
Name: ____________________________
Title: _____________________________
Date: _____________________________

**BIG LEVEL TRUCKING, INC.,**
**Debtor and Debtor-in-Possession**

By: ______________________________
Name: ____________________________
Title: _____________________________
Date: _____________________________

25-51204-KMS Dkt 596 Filed 10/06/26 Entered 10/06/26 12:53:57 Page 31 of 31

**DON L. MATTOCKS**

Don L. Mattocks ______________________________
Date: ___________________________________

**STEVEN H. EVANS**

Steven H. Evans ______________________________
Date: ___________________________________

**36. EXHIBITS**

**Exhibit A** – Schedule of Loan Documents

**Exhibit B-1** – Consent Judgment of Don L. Mattocks

**Exhibit B-2** – Consent Judgment of Steven H. Evans

102980306.v1

Label Matrix for local noticing
0538-6
Case 25-51204-KMS
Southern District of Mississippi
Gulfport-6 Divisional Office
Wed Oct 7 11:25:23 CDT 2026

90 Degree Benefits
P.O. Box 1688
Pascagoula, MS 39568-1688

Alabama Media Group
P.O. Box 2168
Grand Rapids, MI 49501-2168

Alan L. Smith, Esq.
Baker, Donelson, Bearman, Caldwell & Ber
For Banc of America Leasing & Capital, L
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-7009

Alan L. Smith, Esq.
Baker, Donelson, Bearman, Caldwell & Ber
For Navistar Leasing Company
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-7009

Alexander Hardware
206 N Magnolia Drive
P.O. Box 276
Wiggins, MS 39577-0276

American Express
P.O. Box 981535
El Paso, TX 79998-1535

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

American Trucking Associations
P.O. Box 201068
Dallas, TX 75320-1068

Keisha Jackson Anderson
c/o Eric Landry, Esq.
1100 POYDRAS STREET
Ste. 3900
New Orleans, LA 70163-2802

Lloyd Justin Anderson
c/o Eric Landry, Esq.
1100 POYDRAS STREET
SUITE 3900
New Orleans, LA 70163-2802

Andrew R. Wilson
BENNETT LOTTERHOS SULSER & WILSON, P.A.
For M&T Equipment Finance Corporation
P.O. Box 1488
Madison, Mississippi 39130-1488

Automotive Glass Spec., Inc.
607 Adeline Street
Hattiesburg, MS 39401-3843

BCT, Inc.
P.O. Box 95741
Chicago, IL 60694-5741

BMO Bank N.A.
P.O. Box 3040
Cedar Rapids IA 52406-3040

BMO Harris Bank, N.A.
P.O. Box 71951
Chicago, IL 60694-1951

BMSS
1020 Highland Colony Parkway
Suite 600
Ridgeland, MS 39157-2150

Ballman's Auto Repair
1725 S Azalea Drive
Wiggins, MS 39577-8107

Banc of America
P.O. Box 25916
Overland Park, KS 66225-5916

Banc of America Leasing & Capital, LLC
c/o Alan L. Smith, Esq.
Baker Donelson, PC
100 Vision Drive - Suite 400
Jackson, MS 39211-7009

Banc of America Leasing & Capital, LLC
c/o Alan L. Smith, Esq.
100 Vision Drive - Suite 400
Jackson, MS 39211-7009

Bank of NY Trust Co.
c/o Navistar
2701 Navistar Drive
Lisle, IL 60532-3637

Bank of NY Trust Co., Agent
c/o Navistar
2701 Navistar Drive
Lisle, IL 60532-3637

Bank of Wiggins
c/o Paul S. Murphy, Esq.
Butler Snow LLP
P.O. Drawer 4248
Gulfport, MS 39502-4248

Bank of Wiggins
109 W Pine Avenue
Wiggins, MS 39577-2654

Bank of Wiggins
c/o Paul S. Murphy
Butler Snow LLP
P.O. Drawer 4248
Gulfport, MS 39502-4248

Bean Co.
802 Hwy 12 W
Starkville, MS 39759-3580

BeanCo
802 Hwy 12 W
Starkville, MS 39759-3580

Erin McManus Best
Watkins and Eager PLLC
P.O. Box 650
Jackson, MS 39205-0650

Bestone Tire & Service
1702 N Collins Blvd
Suite 100
Richardson, TX 75080-3662

**EXHIBIT "B"**

Big Level Trucking, Inc.
P.O. Box 306
Wiggins, MS 39577-0306

Blossman Gas, Inc.
1316 S Magnolia
Wiggins, MS 39577-2705

Bo Bennett
P.O. Box 215
Counce, TN 38326-0215

Bob Matus
17940 Gulf Blvd
Unit 16D
Redington Shores, FL 33708-1156

Brent Tice
319 First Street S
Wiggins, MS 39577-2737

Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
Attn: Katie Spewak
St. Louis, MO 63102-2726

Burkes Auto Parts
429 East Central Avenue
Wiggins, MS 39577-2717

Robert Alan Byrd
P.O. Box 1939
Biloxi, MS 39533-1939

C-Spire Wireless
P.O. Box 519
Meadville, MS 39653-0519

CET Logistics
P.O. Box 306
Wiggins, MS 39577-0306

Calvin Barnes
14986 Hw. 57 S
McLain, MS 39456

Calvin Barnes
14986 Hwy 57 S
McLain, MS 39456-6502

Chad J. Hammons, Esq.
Jones Walker LLP
For Mitsubishi HC Capital America, Inc
P.O. Box 427
Jackson, MS 39205-0427

Chase Auto Finance
P.O. Box 9001801
Louisville, KY 40290-1801

Chuck Evans
32 Madewood Court
Hattiesburg, MS 39402-7948

Cintas Corporation
P.O. Box 630921
Cincinnati, OH 45263-0921

Colonial Life
Processing Center
P.O. Box 903
Columbia, SC 29202-0903

Copeland Cook Taylor & Bush
P.O. Box 17619
Hattiesburg, MS 39404-7619

Copeland, Cook, Taylor and Bush
Attn: Accounting Department
P.O. Box 6020
Ridgeland, MS 39158-6020

Corporate Billing, LLC
Dept 100
P.O. Box 830604
Birmingham, AL 35283-0604

Corporate Billing, a Division of SouthState
c/o Eric T. Ray
Holland & Knight LLP
1901 Sixth Ave N, Suite 1400
Birmingham, AL 35203-4605

(p)QUALIA COLLECTION SERVICES
P O BOX 4699
PETALUMA CA 94955-4699

Crossroads Equipment Lease & Finance, LLC
9385 Haven Avenue
Rancho Cucamonga, CA 91730-5338

Crossroads Equipment Lease and Finance
400 Alexander Park Dr.
Ste. 201
Princeton, NJ 08540-5313

Daimler Truck Financial
14372 Heritage Parkway
Fort Worth, TX 76177-3300

David Johns
168 Woodlands Glen Circle
Brandon, MS 39047-7107

Demetric Ratcliff
100 Ginger Drive
Hattiesburg, MS 39402-9658

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Department of the Treasury
Internal Revenue Service
c/o U.S. Attorney
501 E. Court St., Suite 4.430
Jackson, MS 39201-5025

Don Mattocks
253 Tidewater Road
Hattiesburg, MS 39402-7920

Endom Welding and Trailer Repair
P.O. Drawer 10
Ellisville, MS 39437-0010

(p)MITSUBISHI HC CAPITAL AMERICA INC
1 PIERCE PLACE SUITE 1100 WEST
ITASCA IL 60143-3149

Eric T. Ray, Esq.
HOLLAND & KNIGHT LLP for
Corporate Billing, Division of SouthStat
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203-4605

Erin McManus
Watkins and Eager PLLC
For Trustmark Bank, successor in
P.O. Box 650
Jackson, MS 39205-0650

FIT Logistical Service
319 First Street S
Wiggins, MS 39577-2737

FIT Logistical Services
319 First Street S
Wiggins, MS 39577-2737

FIT Logistical Services
P.O. Box 1071
Hattiesburg, MS 39403-1071

Fast Pace Mississippi, PLLC
P.O. Box 306415
Nashville, TN 37230-6415

Ferguson Trucking, LLC
P.O Box 307
Houston, MS 38851-0307

Ferguson Trucking, LLC
1538 Hwy 15 N
Houston, MS 38851-7463

Ferguson Trucking, LLC
159 County Road 43
Houston, MS 38851-7668

Flagstar/GAF
Great Atlantic Financial
41 Hackensack Avenue
Hackensack, NJ 07601

Fleet Charge Select
3500 Lacey Road
Suite 220
Downers Grove, IL 60515-2481

FleetPride
P.O. Box 847118
Dallas, TX 75284-7118

Gas and Supply
2905 Industrial Blvd
Laurel, MS 39440-5953

Craig M. Geno
Law Offices of Geno and Steiskal, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157-6038

Scot P. Goldsholl
Padgett Law Group
415 North McKinley,
Suite 1177
Little Rock, AR 72205-3177

Grantham Heavy Equipment Machine Shop
P.O. Box 444
Monticello, MS 39654-0444

Nicholas T Grillo
Grillo Law Firm
607 Corinne Street, Suite A3
Hattiesburg, MS 39401-3827

Gulf Coast Tire Supply
P.O. Box 1161
Lucedale, MS 39452-1161

H & P Leasing
P.O. Box 6257
Jackson, MS 39288-6257

Hamblin & Hamblin
837 N Eason Blvd
Tupelo, MS 38804-6903

Chad J. Hammons
Jones Walker
P.O. Box 427
Jackson, MS 39205-0427

James Haney
Wong Fleming
400 Alexander Park Drive
Suite 201
Princeton, NJ 08540-5313

James K. Haney
WONG FLEMING, P.C.
400 Alexander Park Dr., Ste. 201
Princeton, NJ 08540-5313

Hankook Tire America Corp.
333 Commerce Street
Suite 600
Nashville, TN 37201-1836

Thomas M Hewitt
Butler Snow LLP
1020 Highland Colony Pkwy Ste 1400
Ridgeland, MS 39157-2139

Idle Smart
P.O. Box 1922
Lenox, MA 01240-4922

Impact Training Solutions, Inc.
2355 Lusk Drive
Neosho, MO 64850-8833

Independent Furniture Supply
Wanda Bell
P.O. Box 2186
Tupelo, MS 38803-2186

Infinite Wisdom
P.O. Box 7935
Missoula, MT 59807-7935

J.W. Sledge
212 Reservoir Road
Columbia, MS 39429-8543

Jack's Home Improvement Center
747 Hall Street
Wiggins, MS 39577-2105

Jackson Trailer and Equipment, LLC
P.O. Box 6366
Pearl, MS 39288-6366

James Haney
Wong Fleming
For Crossroads Equipment Lease and Finan
400 Alexander Park Drive Suite 201
Princeton, NJ 08540-5313

Jeff Martin Auctioneer
P.O. Box 16809
Hattiesburg, MS 39404-6809

Jeff Martin Auctioneers, Inc.
P.O. Box 16809
Hattiesburg, MS 39404-6809

Jim F. Spencer, Jr.
Watkins & Eager PLLC
For Trustmark Bank, successor in
Post Office Box 650
Jackson, MS 39205-0650

Joe Stevens, Esq.
Wise Carter Child & Caraway, P.A.
For Renasant Bank
601 Adeline St.
Hattiesburg, MS 39401-3843

Joey Ferguson
159 CR 43
Houston, MS 38851-7668

John S. Simpson, Esq.
Simpson Law Firm PA
for H&P Leasing, Inc.
P.O. Box 2058
Madison, MS 39130-2058

John S. Simpson, Esq.
Simpson Law Firm PA
for Southern States Utility Trailer Sale
P.O. Box 2058
Madison, MS 39130-2058

John Tucker
Tower Loan of MS
P.O. Box 320001
Flowood, MS 39232-0001

Johnny's Wrecker Service
5484 Hwy 42
Hattiesburg, MS 39401-1413

Johnson & Johnson
P.O. Box 899
Charleston, SC 29402-0899

Roy Jones
997 Hwy. 49, Lot 63
Perkinston, MS 39573-6603

Justin B. Little, Esq.
Reynolds, Reynolds & Little, LLC
For BMO Bank, N.A.
Post Office Box 2863
Tuscaloosa, Alabama 35403-2863

KFCU VISA Card
Credit Card Center
P.O. Box 71050
Charlotte, NC 28272-1050

Kacy Burnsed
1007 Clifton Road, NE
Atlanta, GA 30307-1227

Keesler Federal Credit Union
c/o Robert Alan Byrd
P.O. Box 1939
Biloxi, MS 39533-1939

Keesler Federal Credit Union
Atten: Bankruptcy
P.O. Box 7001
Biloxi, MS 39534-7001

Keesler Federal Credit Union
PO Box 7001
Biloxi, MS 39534-7001

Winston Lee
Burr & Forman LLP
190 E. Capitol St.
Ste M-100
Jackson, MS 39201-2149

LesJam
P.O. Box 808
McComb, MS 39649-0808

Justin B. Little
REYNOLDS, REYNOLDS & LITTLE, LLC
Post Office Box 2863
Tuscaloosa, AL 35403-2863

Long Drive Investments
122 Bellewood Road
Hattiesburg, MS 39402-8811

Love's Travel Stops
10601 N Pennsylvania Ave
Oklahoma City OK 73120-4108

Love's Travel Stops & Country Stores, I
Andrew R. Turner, esq
4100 First Place Tower
15 East Fifth Street, Ste. 4100
Tulsa, Ok 74103-4305

Love's Travel Stops and Country Stores
P.O. Box 842568
Kansas City, MO 64184-2568

Loves Travel Stops & Country Stores, Inc.
CONNER & WINTERS, LLP
15 East Fifth Street, Ste. 4100
Tulsa, Oklahoma 74103-4305

Loves Travel Stops & Country Stores, Inc.
CONNER & WINTERS, LLP
4100 First Place Tower
Tulsa, Oklahoma 74112-1312

Lytx, Inc.
P.O. Box 849972
Los Angeles, CA 90084-9972

M&T Equipment Finance Corporation
f/k/a Peoples United Equipment Finance
c/o Bennett Lotterhos Sulser & Wilson PA
P.O. Box 1488
Madison, MS 39130-1488

M&T Equipment Finance Corporation f/k/a Peop
United Equipment Finance Corp.
Michael D. Bloom
300 Frank W. Burr Blvd, Suite 50
Teaneck, NJ 07666-6703

MISSISSIPPI DEPARTMENT OF REVENUE
Legal Department
P. O. BOX 22828
JACKSON, MS 39225-2828

(p)MISSISSIPPI STATE TAX COMMISSION
P O BOX 22808
JACKSON MS 39225-2808

Abigail M. Marbury
Office of the U.S. Trustee
501 E Court Street Suite 6-430
Jackson, MS 39201-5022

Matthew W. McDade
for Charles Evans, Jr. a/k/a Chuck Evans
BALCH & BINGHAM LLP
1310 25th Avenue
Gulfport, MS 39501-1931

James A. McCullough II
Brunini, Grantham, Grower & Hewes, PLLC
P, O. Drawer 119
Jackson, MS 39205-0119

Matthew Ward McDade
Balch & Bingham
1310 25th Avenue
Gulfport, MS 39501-1931

McLeod Software
Dept 3500
P.O. Box 830539
Birmingham, AL 35283-0539

Memorial Hospital at Gulfport
4500 Thirteenth Street
Gulfport, MS 39501-2569

Michelin North America, Inc.
P.O. Box 100860
Atlanta, GA 30384-0860

Midland States Bank
c/o Byrd & Wiser
PO Drawer 1939
Biloxi, MS 39533-1939

Midland States Bank
1801 Park 270 Drive
Suite 200
Saint Louis, MO 63146-4022

Midland States Bank
PO Box 2149
Gig Harbor, WA 98335-4149

Miller Rental & Investment
1047 First Street S
Wiggins, MS 39577-8213

Miller Rental & Investments
1047 First Street S
Wiggins, MS 39577-8213

Miller Transportation
P.O. Box 366
Wiggins, MS 39577-0366

Mississippi Department of Revenue
Bankruptcy Section
P.O. Box 22808
Jackson, MS 39225-2808

Mississippi State Port Authority
P.O. Box 40
Gulfport, MS 39502-0040

Mississippi Trucking Association
825 North President Street
Jackson, MS 39202-2561

Mitsubishi HC Capital America, Inc.
c/o Chad J. Hammons, Esq.
Jones Walker LLP
3100 N. State St., Ste. 300
Jackson, MS 39216-4013

Mitsubishi HC Capital America/Webster
P.O. Box 71347
Chicago, IL 60694-1347

(c)MUNN DIESEL REPAIR & SALES
17 J C MUNN RD
SUMRALL MS 39482-4634

Paul S. Murphy
Butler Snow O'Mara Stevens &Cannada
1300-25th Avenue, Suite 204
Gulfport, MS 39501-1994

Nationwide Testing Association, Inc.
P.O. Box 508
772 North Broad Street
Mooresville, NC 28115-9551

Navistar Financial Corporation
c/o Alan L. Smith, Esq.
Baker Donelson, PC
100 Vision Drive - Suite 400
Jackson, MS 39211-7009

Navistar Financial Corporation
P.O. Box 96070
Chicago, IL 60693-6070

Navistar Leasing Company
c/o Alan L. Smith, Esq.
Baker Donelson, PC
100 Vision Drive - Suite 400
Jackson, MS 39211-7009

Navistar Leasing Company
P.O. Box 98454
Chicago, IL 60693-8454

Navitas Credit Corporation
201 Executive Center Drive
Suite 100
Columbia, SC 29210-8410

New Orleans Terminal
50 Napoleon Avenue
New Orleans, LA 70115-7758

Onsite Auto Glass
21313 Saucier Lizano Road
Saucier, MS 39574-9671

Orkin
P.O. Box 2010
Gulfport, MS 39505-2010

(p)PNC BANK RETAIL LENDING
P O BOX 94982
CLEVELAND OH 44101-4982

PNC Bank, National Association
c/o Winston Lee
190 E. Capitol Street, Suite M-100
Jackson, MS 39201-2152

PNC Equipment Finance
655 Business Center Drive
Horsham, PA 19044-3409

William B. Palmertree
Palmertree, Neyman & Jolly, PLLC
P.O. Box 969
Hernando, MS 38632-0969

Parker's Service Center, LLC
419 East Central Avenue
Wiggins, MS 39577-2717

Paul S. Murphy
BUTLER SNOW LLP
For XTRA Lease LLC.
1300 25th Avenue, Suite 204
Gulfport, MS 39501-1994

Paul S. Murphy
Butler Snow O'Mara Stevens &Cannada
For Bank of Wiggins
1300-25th Avenue, Suite 204
Gulfport, MS 39501-1994

Pearl River Valley
422 E Pine Street
Wiggins, MS 39577-2800

Penske Truck Leasing Co.
P.O. Box 827380
Philadelphia, PA 19182-7380

(p)PENSKE TRUCK LEASING CO L P
PO BOX 563
READING PA 19603-0563

Pine Belt Fleet Services
5102 US Hwy 49
Hattiesburg, MS 39401

Timothy Pitts
341 Earl Lane, Lot B
Picayune, MS 39466

Rand McNally
1100 W Idaho Street
Suite 330
Boise, ID 83702-5655

Eric T. Ray
Holland & Knight LLP
1901 Sixth Ave N, Suite 1400
Birmingham, AL 35203-4605

Renasant Bank
2001 Park Place North
Birmingham, Al 35203-2735

Renasant Bank
2001 Park Place
Suite 315
Birmingham, AL 35203-2735

Robbie Rollin
19572 Brighton Drive
Saucier, MS 39574-6207

Robert Alan Byrd
Byrd & Wiser Attorneys at Law
For Midland States Bank
P.O. Box 1939
Biloxi, MS 39533-1939

Robert Alan Byrd
For Keesler Federal Credit Union
P.O. Box 1939
Biloxi, MS 39533-1939

Sylvie Derdeyn Robinson
MS Dept of Revenue
P O Box 22828
Jackson, MS 39225-2828

Rocking C Truck and Trailer
P.O. Box 3327
Gulfport, MS 39505-3327

Thomas Carl Rollins Jr
The Rollins Law Firm, PLLC
PO BOX 13767
Jackson, MS 39236-3767

Rushing Enterprises, Inc.
P.O. Box 220
Headland, AL 36345-0220

STM-Pilot-Flying J
Dept 6412
P.O. Box 11407
Birmingham, AL 35246-6412

Sam McClendon
1310 Oloh Road
Sumrall, MS 39482-4490

Thomas Jackson Schultz
Burr & Forman LLP
190 E Capitol St
Suite M-100
Jackson, MS 39201-2149

Scot P. Goldsholl
Padgett Law Group
For Simmons Bank
415 North McKinley, Suite 1177
Little Rock, AR 72205-3177

(p)SIEMENS FINANCIAL SERVICES INC
ATTN ATTN - STEPHANIE MITCHELL
4800 NORTH POINT PARKWAY
ALPHARETTA GA 30022-3732

Signature Finance
P.O. Box 5524
Hicksville, NY 11802-5524

(p)SIMMONS BANK
POST OFFICE BOX 733
UNION CITY TN 38281-0733

John S. Simpson
Simpson Law Firm, P.A.
P.O. Box 2058
Madison, MS 39130-2058

SkyBitz
P.O. Box 74007409
Chicago, IL 60674-7409

Alan Lee Smith
Baker Donelson
100 Vision Drive
Suite 400
Jackson, MS 39211-7009

South MS Business Machine
P.O. Box 697
Gulfport, MS 39502-0697

South Mississippi Business Machines of
Gulfport, Inc.- South Miss. Business
Machines of Gulfport, Inc
P O Box 697
Gulfport, MS 39502-0697

(p)SOUTHERN FINANCIAL SYSTEMS
2603 OAK GROVE ROAD
HATTIESBURG MS 39402-8928

Southern Gas and Supply of Mississippi, Inc.
Lisa Gintz
4709 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70809-9655

Southern Pipe and Supply
710 West Frontage Road
Wiggins, MS 39577-8133

Southern States Utility Trailer Sales
P.O. Box 6257
Jackson, MS 39288-6257

Southern Tire Mart
Dept 143
P.O. Box 1000
Memphis, TN 38148-0143

Southern Tire Mart, LLC
800 Highway 98
Columbia, MS 39429-8255

Jim F. Spencer Jr.
Watkins & Eager PLLC
Post Office Box 650
Jackson, MS 39205-0650

Christopher J. Steiskal Sr.
601 Renaissance Way
Suite A
Ridgeland, MS 39157-6038

Steven Evans
117 Wildwood Trace
Hattiesburg, MS 39402-2353

Joe Stevens
Wise Carter Child & Caraway, P.A.
601 Adeline St.
Hattiesburg, MS 39401-3843

Stone Printing
2919 Hwy 26
Wiggins, MS 39577-9585

Sumitomo Mitsui Finance & Leasing Co.
P.O. Box 530023
Atlanta, GA 30353-0023

Sumitomo Mitsui Finance and Leasing Company
Limited
Kye Law Group, P.C.
201 Old Country Road, Suite 120
Melville, NY 11747-2725

Supervision
P.O. Box 203489
Dallas, TX 75320-3489

Systems 9 Business Solutions
237 Tidewater Road
Hattiesburg, MS 39402-7920

T. Jack Schultz
BURR & FORMAN LLP
For PNC Equipment Finance
190 E. Capitol Street, Suite M-100
Jackson, MS 39201-2149

Tennessee Farmers Mutual Insurance Companies
147 Bear Creek Pike
Columbia, TN 38401-2266

Tenstreet, LLC
120 W 3rd Street
Suite 101
Tulsa, OK 74103-3406

Thomas M Hewitt
Butler Snow LLP
For XTRA Lease LLC
1020 Highland Colony Pkwy Ste 1400
Ridgeland, MS 39157-2139

Tice and Associates
P.O. Box 458
Wiggins, MS 39577-0458

Tim's Body Shop
145 John Willis Road
Wiggins, MS 39577-9346

Timothy Pitts
34 Earl Lane
Lot B
Picayune, MS 39466-6635

Transportation Safety Services
P.O. Box 1290
Daphne, AL 36526-1290

Trewolla Sweatman
317 East Capital Street
Lamar Life Bldg, Suite 505
Jackson, MS 39201-3405

Tri County Air Services
25 Pump Branch Road
Wiggins, MS 39577-8755

Tri-State Truck Center, Inc.
P.O. Box 5858
Jackson, MS 39288-5858

Trimble Maps
P.O. Box 204769
Dallas, TX 75320-4769

Triple E Farms
P.O. Box 306
Wiggins, MS 39577-0306

Trustmark Bank f/k/a Trustmark National Bank
Jim F. Spencer, Jr.
P.O. Box 650
Jackson, MS 39205-0650

Trustmark Bank, successor in interest to Tru
c/o Jim F. Spencer, Jr.
Watkins & Eager PLLC
Post Office Box 650
Jackson, MS 39205-0650

(p)TRUSTMARK NATIONAL BANK
P O BOX 291
JACKSON MS 39205-0291

U.S. Attorney S.D. Mississippi
c/o Internal Revenue Service
1575 20th Avenue, 2nd Floor
Gulfport, MS 39501-2040

U.S. Attorney S.D. Mississippi
c/o U.S. Securities and Exchange Commiss
1575 20th Avenue, 2nd Floor
Gulfport, MS 39501-2040

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, Suite 900
Atlanta, GA 30326-1382

U.S. Small Business Administration
1835 Assembly Street, Suite 1425
Columbia, SC 29201-2453

U.S. Small Business Administration
c/o U.S. Attorney
Southern District of Mississippi
501 E. Court St., Suite 4.430
Jackson, MS 39201-5025

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201-5022

Steven Usry
DOJ-Ust
501 E. Court Street
Suite 6-430
Jackson, MS 39201-5022

VFI ABS 2025-1, LLC
c/o Troy Aramburu
15 W South Temple Ste 1200
Salt Lake City, UT 84101-1547

VFI Corporate Finance
2800 East Cottonwood Parkway
2nd Floor
Salt Lake City, UT 84121-7295

VTFNA
P.O. Box 26131
Greensboro, NC 27402-6131

VanPete, LLC
1018 N Flowood Dr
Flowood, MS 39232-9532

Waring Oil Company
P.O. Box 66
Vicksburg, MS 39181-0066

Waters International Trucks, Inc.
P.O. Box 831
Hattiesburg, MS 39403-0831

Webster Capital Finance
c/o Evan S. Goldstein, Esq.
Updike, Kelly & Spellacy, P.C.
225 Asylum Street, 20th Floor
Hartford, CT 06103-1532

Webster/Sterling
Dept E19
707 Texas Avenue, Suite 200D
College Station, TX 77840-1980

Webster/Sterling
Webster Capital Finance
P.O. Box 330
Hartford, CT 06141-0330

Wells Fargo Equipment Finance
P.O. Box 858178
Minneapolis, MN 55485-8178

Wells Fargo Equipment Finance, Inc.
c/o Alan L. Smith, Esq.
Baker Donelson, PC
100 Vision Drive - Suite 400
Jackson, MS 39211-7009

Wells Fargo Equipment Finance, Inc.
Attn: La Neice Brown
801 Walnut Street, MAC F0006-052
Des Moines, IA 50309-3606

William P. Wessler
William P. Wessler
1624 24th Avenue
PO Box 175
Gulfport, MS 39502-0175

(p)COMMUNITY MEDICAL CENTER
PO BOX 1007
LUCEDALE MS 39452-1007

Andrew R. Wilson
Bennett Lotterhos Sulser & Wilson, P.A.
P.O. Box 1488
Madison, MS 39130-1488

Winston Lee
Burr & Forman LLP
For PNC Equipment Finance
190 E. Capitol St. Ste M-100
Jackson, MS 39201-2149

Workforce QA, LLC
2200 South Main Street
Suite 475
Salt Lake City, UT 84115-2601

XTRA Lease LLC
Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
Attn: Katie Spewak
St. Louis, MO 63102-2726

Xtra LLC
7911 Forsyth Blvd
Suite 600
Saint Louis, MO 63105-3877

Yokohama Tire Corporation
P.O. Box 677087
Dallas, TX 75267-7087

Yokohama Tire Corporation
Wagner, Falconer & Judd, Ltd.
300 North Corporate Drive, Suite 200
Brookfield WI 53045-5833

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CrossCheck, Inc.
1440 North McDowell Blvd.
Petaluma, CA 94954

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0039

Engs Commercial Finance Co.
One Pierce Place
Suite 1100 W
Itasca, IL 60143

(d)Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

MS State Tax Commission
Bankruptcy Section
P.O. Box 23338
Jackson, MS 39225

PNC Bank, National Association
655 Business Center Drive
Horsham, PA 19044

Penske Truck Leasing Co., LP
PO Box 563
Reading, PA 19606

Siemens Financial Services
P.O. Box 2083
Carol Stream, IL 60132

Simmons Bank
P.O. Box 7009
Pine Bluff, AR 71611-7009

(d)Simmons Bank
P.O. Box 733
Union City, TN 38281

Southern Financial Systems
P.O. Box 15203
Hattiesburg, MS 39404

Trustmark National Bank
248 East Capital Street
Jackson, MS 39201

Wiggins Primary Care
P.O. Box 1007
Lucedale, MS 39452

Addresses marked (c) above for the following entity/entities were corrected as required by the USPS Locatable Address Conversion System (LACS).

Munn Diesel Repair & Sales
398 Munn Road
Sumrall, MS 39482

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BMO Bank, N.A.

(d)Bank of Wiggins
c/o Paul S. Murphy
Butler Snow LLP
P.O. Drawer 4248
Gulfport. MS 39502-4248

(d)CET Logistics
P.O. Box 306
Wiggins, MS 39577-0306

(u)CREDITOR ADDED IN ERROR

(u)Aloysius Davis

(d)Demetric Ratcliff
100 Ginger Drive
Hattiesburg, MS 39402-9658

(d)Chuck Evans
32 Madewood Court
Hattiesburg, MS 39402-7948

(d)Ferguson Trucking, LLC
P.O. Box 307
Houston, MS 38851-0307

(d)H&P Leasing
P.O. Box 6257
Jackson, MS 39288-6257

(u)H&P Leasing, Inc.

(d)J.W. Sledge
212 Reservoir Road
Columbia, MS 39429-8543

(d)LesJam
P.O. Box 808
McComb, MS 39649-0808

(d)Long Drive Investments
122 Bellewood Road
Hattiesburg, MS 39402-8811

(d)Love's Travel Stops & Country Stores, I
Andrew R. Turner, esq
4100 First Place Tower
15 East Fifth Street, Ste. 4100
Tulsa, Ok 74103-4305

(d)Memorial Hospital at Gulfport
4500 Thirteenth Street
Gulfport, MS 39501-2569

(d)Miller Transportation
P.O. Box 366
Wiggins, MS 39577-0366

(d)Mitsubishi HC Capital America, Inc.
c/o Chad J. Hammons, Esq.
Jones Walker LLP
3100 N. State St., Ste. 300
Jackson, MS 39216-4013

(d)PNC Equipment Finance
655 Business Center Drive
Horsham, PA 19044-3409

(d)Penske Truck Leasing Co.
P.O. Box 827380
Philadelphia, PA 19182-7380

(d)Robbie Rollin
19572 Brighton Drive
Saucier, MS 39574-6207

(d)Roy Jones
997 Hwy 49
Lot 63
Perkinston, MS 39573-6603

(u)Simmons Bank

(u)Southern States Utility Trailer Sales, Inc

(d)Systems 9 Business Solutions
237 Tidewater Road
Hattiesburg, MS 39402-7920

(d)Triple E Farms
P.O. Box 306
Wiggins, MS 39577-0306

(u)U.S. Small Business Administration

(d)Vanpete, LLC
1018 N Flowood Drive
Flowood, MS 39232-9532

(u)Webster Capital Finance

(u)XTRA Lease LLC

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 248 |
| Bypassed recipients | 29 |
| Total | 277 |