United States Bankruptcy Court
Southern District of Mississippi

In re: Case No. 25-51204-KMS
Big Level Trucking, Inc. Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-6 User: mssbad Page 1 of 3
Date Rcvd: Oct 27, 2026 Form ID: pdf012 Total Noticed: 1

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 29, 2026:**

| **Recip ID** | | **Recipient Name and Address** |
|---|---|---|
| dbpos | + | Big Level Trucking, Inc., P.O. Box 306, Wiggins, MS 39577-0306 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 27, 2026 at the address(es) listed below:**

| **Name** | **Email Address** |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov |
| Alan Lee Smith | on behalf of Creditor Wells Fargo Equipment Finance Inc. asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Navistar Financial Corporation asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Banc of America Leasing & Capital LLC asmith@bakerdonelson.com |
| Alan Lee Smith | on behalf of Creditor Navistar Leasing Company asmith@bakerdonelson.com |
| Andrew R. Wilson | on behalf of Creditor VanPete LLC awilson@blswlaw.com, blsw@ecf.courtdrive.com |

| | |
|---|---|
| Andrew R. Wilson | on behalf of Creditor M&T Equipment Finance Corporation awilson@blswlaw.com blsw@ecf.courtdrive.com |
| Chad J. Hammons | on behalf of Creditor Mitsubishi HC Capital America Inc. chammons@joneswalker.com, mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com |
| Christopher J. Steiskal, Sr. | on behalf of Debtor In Possession Big Level Trucking Inc. csteiskal@cmgenolaw.com, kcarter@cmgenolaw.com;csteiskal@ecf.courtdrive.com |
| Craig M. Geno | on behalf of Debtor In Possession Big Level Trucking Inc. cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com,cmgeno@ecf.courtdrive.com,amolpus@cmgenolaw.com |
| Eric T. Ray | on behalf of Creditor Corporate Billing a Division of SouthState Bank etray@hklaw.com, brooke.freeman@hklaw.com;hapi@hklaw.com |
| Erin McManus Best | on behalf of Creditor Trustmark Bank successor in interest to Trustmark National Bank ebest@watkinseager.com, ldeford@watkinseager.com |
| James Haney | on behalf of Creditor Crossroads Equipment Lease and Finance jhaney@wongfleming.com sfiorentino@wongfleming.com |
| James A. McCullough, II | on behalf of Creditor Webster Capital Finance jmccullough@brunini.com jfarmer@brunini.com |
| Jim F. Spencer, Jr. | on behalf of Creditor Trustmark Bank successor in interest to Trustmark National Bank jspencer@watkinseager.com, mryan@watkinseager.com |
| Joe Stevens | on behalf of Creditor Renasant Bank jds@wisecarter.com |
| John S. Simpson | on behalf of Creditor H&P Leasing Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net |
| John S. Simpson | on behalf of Creditor Southern States Utility Trailer Sales Inc. jsimpson@simpsonlawfirm.net, rboone@simpsonlawfirm.net |
| Justin B. Little | on behalf of Creditor BMO Bank N.A. jlittle@rrllaw.com, jbrown@rrllaw.com;rdavis@rrllaw.com |
| Matthew Ward McDade | on behalf of Creditor Chuck Evans mmcdade@balch.com bmarshall@balch.com;smhollis@balch.com;dguericke@balch.com;ehansen@balch.com |
| Nicholas T Grillo | on behalf of Creditor Lloyd Justin Anderson grillolawms@gmail.com GrilloLawFirm@jubileebk.net |
| Nicholas T Grillo | on behalf of Creditor Keisha Jackson Anderson grillolawms@gmail.com GrilloLawFirm@jubileebk.net |
| Paul S. Murphy | on behalf of Creditor Bank of Wiggins paul.murphy@butlersnow.com kitty.logan@butlersnow.com;ecf.notices@butlersnow.com |
| Paul S. Murphy | on behalf of Creditor XTRA Lease LLC paul.murphy@butlersnow.com kitty.logan@butlersnow.com;ecf.notices@butlersnow.com |
| Robert Alan Byrd | on behalf of Creditor Midland States Bank rab@byrd-wiser.com wrs@byrd-wiser.com;WandaRitaStanovich@gmail.com |
| Robert Alan Byrd | on behalf of Creditor Keesler Federal Credit Union rab@byrd-wiser.com wrs@byrd-wiser.com;WandaRitaStanovich@gmail.com |
| Scot P. Goldsholl | on behalf of Creditor Simmons Bank scot.goldsholl@padgettlawgroup.com MLGBK@ecf.courtdrive.com |
| Steven Usry | on behalf of U.S. Trustee United States Trustee steven.usry@usdoj.gov |
| Sylvie Derdeyn Robinson | on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov |
| Thomas Carl Rollins, Jr | on behalf of Creditor Aloysius Davis trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| Thomas Jackson Schultz | |

| | |
|---|---|
| | on behalf of Creditor PNC Equipment Finance jschultz@burr.com cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com |
| Thomas Jackson Schultz | on behalf of Creditor PNC Bank National Association jschultz@burr.com, cmccann@burr.com;sberry@burr.com;kpitts@burr.com;cbankston@burr.com |
| Thomas M Hewitt | on behalf of Creditor XTRA Lease LLC thomas.hewitt@butlersnow.com ecf.notices@butlersnow.com,cindy.grantham@butlersnow.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |
| William B. Palmertree | on behalf of Creditor Tennessee Farmers Mutual Insurance Companies bpalmertree@gpfirm.com paralegal@gpfirm.com;reception@gpfirm.com |
| William P. Wessler | on behalf of Creditor Crossroads Equipment Lease and Finance william@wesslerbankruptcy.com |
| Winston Lee | on behalf of Creditor PNC Equipment Finance wlee@burr.com sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com |
| Winston Lee | on behalf of Creditor PNC Bank National Association wlee@burr.com, sberry@burr.com;cbankston@burr.com;cmccann@burr.com;vmcqueen@burr.com;kpitts@burr.com |

TOTAL: 38

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: October 27, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | **BIG LEVEL TRUCKING, INC.**<br>**Debtor** | **CHAPTER 11**<br>**CASE NO. 25-51204-KMS** |

**ORDER**

THIS CAUSE having come on for consideration of the *Rule 9019 Motion to Approve Settlement with Bank of Wiggins* (the "Motion") **[DK #596]** filed herein by Big Level Trucking, Inc. (the "Debtor"), and the Court having considered the Motion, does hereby find as follows, to-wit:

1. Notice and a hearing were adequate and appropriate under the circumstances.

2. On August 18, 2025, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

3. This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 1107, 1109, related statutes, related rules, and various orders of reference. This is a core proceeding.

4. On March 13, 2026, the Debtor filed its *Disclosure Statement* **[DK #420]** and *Plan of Reorganization* **[DK #421]**. On April 30, 2026, Bank of Wiggins ("BOW") filed its *Objection to Debtor's Disclosure Statement* **[DK #485]**.

5. After a hearing on the Debtor's *Disclosure Statement*, on June 8, 2026, the Debtor filed its *First Addendum to Disclosure Statement* **[DK #525]**. BOW filed its *Objection to Debtor's*

*First Addendum to Disclosure Statement* **[DK #543]** on July 2, 2026. In its *Objection*, BOW argued, among other things, that the Debtor's *Disclosure Statement* and its *First Addendum* did not provide adequate information for BOW to determine if the Debtor's *Plan* is feasible given the Debtor's proposed budget projections.

6. After a hearing on the Debtor's *First Addendum to Disclosure Statement*, the Court intended to set *Objection to Debtor's First Addendum to Disclosure Statement* for a separate evidentiary hearing.

7. Thereafter, the parties engaged in settlement discussions in an attempt to resolve BOW's *Objection to Debtor's First Addendum to Disclosure Statement*.

8. The parties, having informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, desire to compromise and settle BOW's claims of indebtedness against the Debtor in their entirety in order to avoid the expenses and risks of litigation and so the Debtor can move forward toward confirmation of its *Plan*. The parties also desire to compromise and settle BOW's claims against the individual guarantors of the Debtor. The parties entered into a series of extensive negotiations that produced a settlement and compromise of numerous issues along with related relief (the "Settlement").

9. The Settlement is pervasive and obviously speaks for itself. A copy of the *Settlement and Forbearance Agreement* was attached to the Motion as Exhibit "A" and is incorporated herein by reference. As a summary, the Debtor submits that the Settlement resolves difficult and unsettled issues with respect to BOW's claims of indebtedness against the Debtor, resolves the Plan treatment of BOW, and resolves the liability of the individual guarantors:

(a) The principal amount subject to the agreed secured Plan treatment shall be

$1,667,115.40.

(b) Beginning on the Plan Effective Date, the unpaid balance of the Plan Secured Amount shall bear interest at a fixed rate of six percent (6.00%) per annum.

(c) The Plan Secured Amount shall be amortized over fifteen (15) years.

(d) Debtor shall make consecutive weekly payments of principal and interest in the amount of $3,242.64 per week, commencing on the Plan Effective Date, and continuing on the same day of each succeeding week thereafter.

(e) Notwithstanding the fifteen-year amortization schedule, on the date that is five (5) years after the first weekly payment due date, Debtor shall pay to Bank in immediately available funds the entire remaining unpaid principal balance of the Plan Secured Amount.

(f) BOW shall be entitled to an Allowed Unsecured Claim in the amount determined or allowed pursuant to the Plan, the Confirmation Order, and order of the Bankruptcy Court, or written agreement BOW and the Debtor.

(g) The compromise and treatment of BOW's claims under the Plan does not affect the obligations of the individual guarantors.

(h) The individual guarantors shall execute consent judgments arising from the Debtor's indebtedness to BOW.

(i) BOW agrees to a forbearance period in which BOW will forbear from executing and collecting on the individual guarantor consent judgments as long as the parties comply with the Settlement.

10. The Settlement provides finality to the Debtor regarding this matter, avoids a lengthy, expensive, and time-consuming trial in the dispute between the Debtor and BOW, and resolves difficult issues without the necessity of a trial on these matters. The Debtor can also move forward toward confirmation of its *Plan*.

11. The Debtor has considered the settlement possibilities when compared to litigation possibilities. The Debtor is of the opinion that, because of the additional costs and expenses of litigating these matters through trial, combined with the ultimate outcome possibilities, the settlement is fair and reasonable and provides benefit to the estate.

12. Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019") authorizes the Court to approve the compromise and settlement of claims and causes of action in a bankruptcy

case after appropriate notice and an opportunity for a hearing. Fed. R. Bankr. P. 9019.

13. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow* (*In re Fishell*), 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019 to resolve disputes. See, e.g., *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Patel*, 43 B.R. 500, 504 (Bankr. N.D. Ill. 1984); see also, *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug 21, 1996); *In re Check Reporting Servs., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).

14. A compromise or proposed settlement should be approved where such settlement is in the best interests of the bankruptcy estate and is fair and reasonable under the circumstances. *In re Griffin Trading Co.*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). More specifically, "[t]his determination requires a comparison of the settlement's terms with the litigation's probably costs and probable benefits." *In re Miller*, 148 B.R. at 516 (citing *In re American Reserve Corp.*, 841 F.2d at 161). Furthermore, "[i]n making this comparison the bankruptcy judge should consider the litigation's probable costs and probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay." *Id.*

15. Settlements in bankruptcy cases are, of course, encouraged and favored.

16. A basic policy in bankruptcy cases is that settlement is favored. 10 *Collier on*

*Bankruptcy* ¶ 9019.01 at 9019-2 (15th Ed. Revised 1997). Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that:

> A compromise would be approved by the bankruptcy court only after it apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

17. The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

> (1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>
> (3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997). These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT,* 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

18. In this case, the Settlement is reasonable, fair and equitable.

19. Litigation of the issues in this action would not produce a better result than has been agreed to already.

20. The costs, expenses, and delay of litigation would not justify litigating any of the

issues in this matter, and the Settlement is reasonable, justified and fair.

21. Accordingly, the Court hereby grants the Motion and approves the Settlement that has been reached. The Debtor is authorized to execute such release, or settlement and compromise agreements and any other commercially reasonable documents necessary to implement the terms of the Settlement to the extent any are necessary.

22. This is a final judgment as contemplated by the applicable Bankruptcy Rules.

**# # END OF ORDER # #**

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Big Level Trucking, Inc\Pleadings\Order - 9019 Mot to Settle with Bank of Wiggins 10-6-26.wpd